# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

Darwin Columna

_____

_____

Write the full name of each plaintiff.

**19 CV 3801**

(Include case number if one has been assigned)

-against-

NYPD Officer Genner Gomez, in his personal and official capacity, NYPD Officer Pedro Romero, in his personal and official capacity, NYPD Officers John Does 1-3, in their personal and professional capacities, NYPD Sergeant John Doe, in his personal and official capacity, and the City of New York

**COMPLAINT**

Do you want a jury trial?
☑ Yes   ☐ No

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 1/9/17

## I. BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☑ **Federal Question**

☐ **Diversity of Citizenship**

### A. If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

Violation of rights under 42 U.S.Code 1983, 1st amendment, 14th Amendment, 4th Amendment, 5th Amendment,

false arrest/imprisonment, excessive force, unreasonable search and seizure, malicious prosecution,

destruction of property, free exercise of religion/speech, and other pendent state law claims

### B. If you checked Diversity of Citizenship

#### 1. Citizenship of the parties

Of what State is each party a citizen?

The plaintiff, _____, is a citizen of the State of
                    (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____.

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

Page 2

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                    (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II. PARTIES

### A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

| **Darwin** | | **Columna** |
|---|---|---|
| First Name | Middle Initial | Last Name |

**2276 Sedgwick Avenue , Apt #2**
Street Address

| **New York** | **New York** | |
|---|---|---|
| County, City | State | Zip Code |

**917-736-3464**         **darwincolumna@gmail.com**
Telephone Number         Email Address (if available)

## B. Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

| Genner | Gomez |
|---|---|
| First Name | Last Name |

NYC police officer (shield #27651)

Current Job Title (or other identifying information)

1 Police Plaza

Current Work Address (or other address where defendant may be served)

| New York | New York | |
|---|---|---|
| County, City | State | Zip Code |

Defendant 2:

| Pedro | Romero |
|---|---|
| First Name | Last Name |

NYC police officer (shield #4669)

Current Job Title (or other identifying information)

1 Police Plaza

Current Work Address (or other address where defendant may be served)

| New York | New York | |
|---|---|---|
| County, City | State | Zip Code |

Defendant 3:

| John | Doe 1 |
|---|---|
| First Name | Last Name |

NYC police officer (present at arrest)

Current Job Title (or other identifying information)

1 Police Plaza

Current Work Address (or other address where defendant may be served)

| New York | New York | |
|---|---|---|
| County, City | State | Zip Code |

*See additional*

Defendant 4: John  Doe 2
First Name       Last Name

NYC police officer (present at arrest)
Current Job Title (or other identifying information)

1 Police Plaza
Current Work Address (or other address where defendant may be served)

New York                    New York
County, City                State              Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: 615 West 172nd Street, New York, N.Y.

Date(s) of occurrence: April 26, 2016

### FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

See attached with factual details of claim.

## INJURIES:

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

physical pain from excessive use of force, pain from handcuffs, pain and suffering from being tazed without cause, dehydration, pain and suffering from the violation of his rights including the illegal seizure and searches.

Received medical attention at New York Presbyterian Hospital at 168th and Broadway. X-rays were taken and Plaintiff was give pain reliever.

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

$3 million in compensatory and punitive damages and for the violation of his rights.

## V. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| April 26, 2019 | D. Columna |
|---|---|
| Dated | Plaintiff's Signature |

| Darwin | | Cloumna |
|---|---|---|
| First Name | Middle Initial | Last Name |

2276 Sedgwick Avenue, Apt #2
Street Address

| New York | New York | |
|---|---|---|
| County, City | State | Zip Code |

| 917-736-3464 | darwincolumna@gmail.com |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:
☑ Yes   ☑ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

I Don't want Electronical Service.

Additional Named Defendants

1. Sergeant John Doe, 1 Police Plaza, NY, NY
2. City of New York

Case 1:19-cv-03801-PGG   Document 2   Filed 04/26/19   Page 8 of 15

1.   Plaintiff, Darwin Columna, is a 32 year old Hispanic male resident of the State of New York, County of Bronx.[1]

2.   Plaintiff has a previous drug-related conviction from an incident in 2011. Plaintiff was released to parole in 2012. Plaintiff completed the requirements of his parole in January 2019. Prior to the unwarranted arrest detailed below, Plaintiff was in full compliance with the requirements of his parole.

3.   During Plaintiff's parole, Plaintiff was participating in a drug rehabilitation program, the Arms Acres Recovery program. During his participation in that program, Plaintiff was subjected to random drug testing. With the exception of one incident involving marijuana use, the random testing found no use of illegal substances.

4.   In 2007, certain family members and Plaintiff were wrongly arrested by officers working out of the 33rd Precinct in Manhattan. Those charges were ultimately dropped. Subsequently, my family members and Plaintiff brought a suit for wrongful arrest against the arresting officers and the City of New York. That case was ultimately settled, but some of the officers from the same precinct have continued to demonstrate open hostility and resentment to Plaintiff because of my assertion of my rights. The incident described below was part of the harassment that Plaintiff experienced.

5.   On April 26, 2016, Officers Genner Gomez and Pedro Romero and officers unknown to Plaintiff at about 4:00 p.m. in the County of New York, City and State of New York, with other agents, servants and employees of Defendant the City of New York, wrongfully

---

[1] This document was prepared with assistance from the New York Legal Assistance Group's Legal Clinic for Pro Se Litigants in the Southern District of New York.

and falsely detained, searched, arrested, and accused Plaintiff, Darwin Columna, of possessing illegal substances.

6. Plaintiff was out walking along 172nd Street New York City. He stopped under a scaffolding when he was two acquaintances came up to him, Mr. Batista and Mr. Ramos, in front of 615 West 172nd Street, New York, NY 10033. They spoke under the scaffolding. Neither Plaintiff nor Mr. Ramos or Mr. Batista were engaged in any illegal or suspicious behavior and gave no cause for attention by law enforcement. Plaintiff also did not have any warrants out for his arrest.

7. At approximately at 4:14pm, an unmarked police car occupied by Police Officer Genner Gomez (shield # 27651) and Officer Pedro Romero (shield# 4669) pulled up in front of the 615 West 172nd Street address. The officers got out of the car, and directly moved towards Plaintiff and the other men. They focused their attention on Plaintiff, Batista, and Ramos. The officers pointed at the three men as they approached. From prior experience, Plaintiff knows that if he had tried to walk away, the police officers would have chased him down, and likely hurt Plaintiff. Plaintiff was not free to leave from the moment he was seized by the Police.

8. Then Mr. Batista pulled a small bag from his person and threw it to the ground before he could be searched. Plaintiff found out later that the bag contained Phencyclidine, but at the time, Plaintiff had no knowledge of Mr. Batista's possession of the Phencyclidine. The officers clearly saw the bag came from Mr. Batista. Mr. Batista told the officers that the drugs were his.

9. Officer Gomez yelled, in sum and substance, "put your hands up. Put them where I can see them." Officer Gomez then told Plaintiff to face the wall with his hands up and asked for Plaintiff's ID. Plaintiff complied and told the officer that Plaintiff's ID was in his pocket.

10. Without Plaintiff's consent, Officer Gomez pulled Plaintiff's wallet out of his pocket, took out his ID and then placed Plaintiff's ID in his pocket and returned Plaintiff's wallet to his pocket.

11. Plaintiff asked Officer Gomez why he was being stopped and Officer Gomez responded "you know the routine." Plaintiff asked again why he was being stopped. Officer Gomez responded "you know the deal, you got me, I got to get you." Plaintiff believes that Office Gomez was referring to his previous legal action against certain officers in his precinct for which they were now retaliating.

12. Without Plaintiff's consent, Officer Gomez began searching Plaintiff's person and the jacket Plaintiff had been holding. Among other things, Officer Gomez went into Plaintiff's jacket and pants pockets and pulled them inside out. At that time, the officer did not claim to have found any drugs or illegal substances on Plaintiff's person. Meanwhile, Officer Romero searched Mr. Ramos and Mr. Batista. At no point did they have reason to suspect that Plaintiff was carrying drugs or that Plaintiff was armed, and in fact, Plaintiff was not carrying drugs or any weapons.

13. While Mr. Ramos and Plaintiff were being searched, Mr. Batista told officers the drugs were his and asked why Plaintiff was being stopped. They did not respond.

14. Two more police officers, John Doe 1 and John Doe 2, arrived on the scene.

15. Mr. Ramos was told he was free to go. Mr. Ramos walked about halfway down the block and turned to watch the scene unfold.

16. Officer John Doe 1 stood behind Plaintiff with his arm against Plaintiff's back while Officer Gomez walked over to pick Mr. Batista's bag of Phencyclidine.

17. Officer John Doe 1 then searched Plaintiff and again found no illegal substance on his person.

18. Officer Gomez then walked back towards Plaintiff with the PCP and gestured to search Plaintiff again. Officer Gomez then announced that he was arresting Plaintiff for drug possession alleging the PCP belonged to Plaintiff.

19. Officer Gomez handcuffed Plaintiff and Officer John Doe 1 escorted Plaintiff to the precinct in his police car. Plaintiff asked multiple times why he was being arrested and Officer John Doe 1 told Plaintiff the arresting officer would inform him at the precinct.

20. Once at the precinct, still handcuffed, Plaintiff was put in a holding cell.

21. After about 20 minutes Plaintiff asked for some water, but no water was ever provided.

22. Officer Romero informed Plaintiff that because Plaintiff had been arrested for allegedly possessing drugs, he would have to be fingerprinted and subjected to a cavity search—Plaintiff would have to remove his clothing, squat while naked, and expose his anal cavity to the officers. Plaintiff informed the officers Plaintiff would not consent to the search. Again Plaintiff asked why he was being arrested; Officer Romero falsely informed Plaintiff that Officer Gomez had found drugs in his possession. Plaintiff refused to comply with any search because Plaintiff was never in possession of any drugs and there was no basis for the arrest. There was no basis to believe that Plaintiff had any drugs or other contraband on or inside of Plaintiff's person.

23. Officer John Doe 3 escorted Plaintiff to be finger printed and told Plaintiff he would have to remove his rosary necklace before his handcuffs could be removed for fingerprinting. Plaintiff did not believe removing his rosary necklace was necessary and he refused to remove the rosary because he wore the rosary as an exercise of religious expression.

24. Officer John Doe 3 escorted Plaintiff back to the holding cell. The Sergeant John Doe entered the cell and tried to convince Plaintiff to allow him to cut off Plaintiff's rosary and submit to the search. The Sergeant told Plaintiff that he would only be released with a Desk Appearance Ticket if he removed his rosary and consented to a cavity search. Plaintiff continued to refuse to consent to a strip or cavity search or have his rosary necklace removed. The sergeant grabbed Plaintiff's cuffed hands and pulled him back and forth trying to incite a reaction.

25. Officer John Doe 3 was ordered by the Sergeant John Doe to cut off Plaintiff's rosary necklace which he did using a gravity knife.

26. Sergeant Joe Doe told Plaintiff if he continued to refuse to a cavity search, he would have to taze Plaintiff. Plaintiff refused to cooperate with any search so Sergeant John Doe then attempted to taze Plaintiff's torso but as Plaintiff turned away, the electrical wires from the taze became embedded in his forearm causing immediate pain. Plaintiff immediately felt a tremor from being stunned and lost consciousness before coming to.

27. Prior to being tased, Plaintiff was not yelling, shouting or threatening anyone. Plaintiff was not physically aggressive to anyone. There was no justification for the tasing. Plaintiff believes the officers were retaliating against Plaintiff for previously suing the certain officers in the same precinct.

28. Plaintiff asked for medical attention because of irritation, dizziness and pain from the taser, shoulder pain from being shoved by the sergeant, wrist pain from the tightened handcuffs, and dehydration.

29. Plaintiff was fingerprinted at the precinct but no strip or cavity search was ever done. Approximately and hour later, the paramedics arrived and took Plaintiff to New York Presbyterian Hospital on 168th and Broadway. There, Plaintiff was treated by the medical staff.

The medical staff took x-rays of Plaintiff's wrist, gave him ibuprofen for the pain, and told Plaintiff to follow up after he was released if the pain persisted.

30. After the hospital visit, Plaintiff was transferred to central booking. Plaintiff spent the night in a holding cell and was arraigned on April 27, 2016. He was falsely accused of criminal possession of a controlled substance by Officer Romero and released on his own recognizance.

31. Not long after, Officer Gomez signed a supporting deposition to the criminal complaint falsely alleging that Plaintiff had committed criminal possession of a controlled substance.

32. Mr. Batista, who had received a Desk Appearance Ticket, later pled guilty to possession of the PCP and was sentenced to time served on June 7, 2016.

33. On October 19, 2017, the case against the Plaintiff on the drug possession charge was dismissed pursuant to a speedy trial provision.

34. Plaintiff was required to attend court seven times because at each occasion the prosecution was not prepared to move forward with his case. Each time Plaintiff appeared in court, he was told to come back on another day or given the option to enter into plea deal. Plaintiff was determined not to plea guilty to something he did not do. During this time, Plaintiff was enrolled at Lehman College and Arms Acres Recovery program. The court appearances conflicted with Plaintiff's recovery meetings and individual counseling, which interfered with his recovery program progress mandated by parole. The court dates forced Plaintiff to miss class and, subsequently, he was removed from the school program due to absences.

35. The next time Plaintiff saw Officer Gomez on the street, Officer Gomez gave Plaintiff a warning saying to Plaintiff sum and substance, "every time I see you, I will be arresting you."