```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/19/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
DARWIN COLUMNA,

                               Plaintiff,

              -against-

THE CITY OF NEW YORK ET AL.,

                               Defendants.
------------------------------------------------------------x

**STIPULATION OF CONFIDENTIALITY AND PROTECTIVE ORDER**

19-CV-3801 (MKV) (SDA)

       **WHEREAS,** defendants deem certain documents and information confidential, private, and subject to law enforcement, official information, or other applicable privileges;

       **WHEREAS,** good cause exists for the entry of an order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

       **WHEREAS,** defendants object to the production of those documents unless appropriate protection for their confidentiality is assured;

       **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between plaintiff and defendants as follows:

       1.     As used herein, "Confidential Materials" means:

(A) NYPD personnel and employment history and records;

(B) Disciplinary information, including Civil Complaint Review Board history, NYPD Internal Affairs Bureau Resume and NYPD Central Personnel Index; and

(C) Documents from IAB Log Nos. 2016-18063 and 2017-37239.

1

2. Other documents and information may in good faith, during the pendency of this litigation, be designated "Confidential Materials" by defendants, and/or by designating such documents or materials by page number in a writing directed to plaintiff.

3. Any documents produced by a non-party pursuant to a subpoena in this action and that are designated as Confidential Materials by defendants shall be governed by the terms of this Stipulation of Confidentiality and Protective Order.

4. Defendants reserve the right to designate any document confidential pursuant to this agreement if necessary after production of such documents to plaintiff.

5. Inadvertent production of any document or information which is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or of another ground for objecting to discovery with respect to that document, its subject matter, the information contained therein, or of the disclosing party's right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

6. Plaintiff shall not use the Confidential Materials for any purpose other than for the preparation, settlement or presentation of plaintiff's case in this action.

7. If plaintiff objects to the designation of any particular document as Confidential Materials, plaintiff shall state such objection in writing to defendants, and the parties shall in good faith attempt to resolve such objection. If the objection cannot be resolved among the parties, plaintiff, within 15 days of the initial objection, may request that the Court remove the designation. Any such materials or information shall remain Confidential until the parties resolve the objection or there is a resolution of the designation by the Court.

8. Plaintiff shall not disclose the Confidential Materials to any person not a

member of the staff of a law office representing him in this case, except under the following conditions:

9.

   a. Disclosure may be made only if necessary to the preparation or presentation of plaintiff's case in this action, to those individuals described in subparagraphs (b) below.

   b. Disclosure before trial may be made only to plaintiff, to an expert who has been retained or specially employed by plaintiff in anticipation of litigation or preparation for this action, to a witness at deposition, or to the Court.

   c. Before any disclosure is made to a person listed in subparagraphs (a) and (b) above (other than to the Court), plaintiff shall provide each such person with a copy of this Stipulation and Protective Order for review, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution or settlement of this action and not to further disclose the Confidential Materials except in testimony taken in this action. Plaintiff shall retain the signed consent and furnish a copy to defendants' attorney upon request at a deposition or immediately before trial, although the name of an expert that plaintiff does not intend to call as a trial witness may be redacted from such consent before it is produced.

   10. Deposition testimony concerning any Confidential Materials which reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall be separately bound, with a cover

page prominently marked "CONFIDENTIAL." Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation of Confidentiality and Protective Order.

11. If any paper which incorporates any Confidential Materials or reveals the contents thereof is filed in this Court, those portions of the papers shall be filed under seal, in accordance with the rules of the district court in which the action is filed and/or the Individual Rules of the judge to whom the papers are directed.

12. However, where the confidential information is not material to issues addressed in court submissions and the parties agree in writing that the redaction of personal, confidential and/or identifying information would be sufficient to protect the interests of parties or non-parties, plaintiff may file redacted documents without further order of the Court.

13. In addition, where reasonable advance notice is given by plaintiff and the parties agree in writing to the use of the confidential information in support of a motion for summary judgment or any other dispositive motion by plaintiff or at a trial on the merits in this matter, such information will not be subjected to the instant protective order. In the event that the Confidential Materials may be disclosed at a hearing or at trial, the Court may impose appropriate safeguards for the presentation of such Confidential Materials.

14. Within 30 days after the termination of this case, including any appeals, the "Confidential Materials," including all copies, notes, and other materials containing or referring to information derived therefrom (other than the Court's copies of such materials), shall be returned to defendants' attorneys or, upon defendants' attorneys' consent, destroyed (except as to privilege material which shall be destroyed), and all persons who possessed such materials shall verify their return or destruction by affidavit furnished to defendants' attorney.

15. This Stipulation of Confidentiality and Protective Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Materials are produced or disclosed. All documents or information that have been deemed confidential pursuant to this order, including all copies and non-conforming copies thereof, shall remain confidential for all time. Once the action has been resolved, including all appeals, the Confidential Materials, including all copies and non-conforming copies thereof, shall not be used by plaintiff, or anyone receiving confidential documents pursuant to paragraph 9(b) herein, for any purpose without prior Court approval.

16. Nothing in this Stipulation of Confidentiality and Protective Order shall be construed to limit defendants' use of the Confidential Materials in any manner.

17. The Court may modify this Stipulation of Confidentiality and Protective Order at any time in the interest of justice.

18. This Stipulation of Confidentiality and Protective Order may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Stipulation of Confidentiality and Protective Order, which shall be binding upon and effective as to all Parties.

Dated: New York, New York
February 7, 2020

DARWIN COLUMNA
*Plaintiff pro se*
2276 Sedgwick Ave., Apt. 2
Bronx, New York 10468

By: *Darwin Columna*
    Darwin Columna

JAMES E. JOHNSON
Corporation Counsel of the
  City of New York
*Attorney for Defendants*
100 Church Street, 3rd Floor
New York, New York 10007

By: *[signature]*
    Katherine J. Weall
    *Senior Counsel*

SO ORDERED: *[signature]*

HON. STEWART D. AARON
UNITED STATES MAGISTRATE JUDGE

Dated: February 19, 2020

## EXHIBIT A

The undersigned hereby acknowledges that s/he has read the Stipulation of Confidentiality and Protective Order dated February 7, 2020, entered into the action <u>Darwin Columna v. City of New York, et al.</u>, 19-CV-3801 (MKV) (SDA), and understands the terms thereof. The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution of this case, and will not further disclose the Confidential Materials except in testimony taken in this case.

Date: _____          Signature: _____

                                                      Print Name: _____

                                                      Occupation: _____