```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/31/2020
```



**JAMES E. JOHNSON**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, N.Y. 10007

**Katherine J. Weall**
*Senior Counsel*
phone: (212) 356-5055
fax: (212) 356-3509
kweall@law.nyc.gov

March 31, 2020

<u>**VIA ECF**</u>
Honorable Stewart D. Aaron
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

    Re:  <u>Darwin Columna v. City of New York, et al.</u>
      19-cv-3801 (PGG)(SDA)

Your Honor:

    I am the Senior Counsel in the Office of the Corporation Counsel assigned to defend this case. I write with the consent of my adversary and of the counsel representing him for the limited purpose of depositions to respectfully request a ninety-day stay of discovery in this case, given the current COVID-19 emergency in New York City. This is the parties' second request for an extension of time for discovery, and it is not expected to conflict with any other dates currently on the calendar.

    The current fact discovery deadline in this case is May 18, 2020. Defendants' document production to plaintiff is substantially complete; plaintiff still owes defendants his responses to our document requests and interrogatories. While it is the parties' sincere intention to strictly comply with the Court's orders and deadlines, as Your Honor knows, there has recently been a drastic change in circumstances in that the coronavirus outbreak has triggered a state of emergency in both New York City and New York State. Further, the Mayor has issued an Executive Order directing all non-essential City employees to work remotely. In addition, many private offices are shuttered as well.

    The parties' chief concern at this time is moving forward with depositions. Given current public health advice limiting movement in New York City and requiring people to maintain a certain distance from one another, in-person depositions are not feasible, or even safe, at present. And although taking depositions by video or telephonic means is theoretically possible, in practice, preparing our clients for deposition without being able to meet with them and review documents with them would be a substantial hardship. By way of background, defendants recently produced almost 2,000 pages of documents, filling three boxes, to Mr. Columna. Both

he and defendants will need to review those documents with counsel in order to prepare for their depositions. Given the current state of emergency, as a part of which "social distancing" and work from home have been mandated, doing so would be inadvisable, from a public health standpoint, at this time. Because of this, and the fact that limitations on personal interaction are only likely to get more restrictive in the near future, the parties respectfully request a ninety-day stay of discovery at this time.

The parties assure the Court that we remain committed to moving this case forward as expeditiously as possible, but ask that Your Honor grant us leeway in these trying times.

Respectfully submitted,

/s/ *Katherine J. Weall*

Katherine J. Weall
*Senior Counsel*
Special Federal Litigation Division

cc:   James Breen, Esq. (Via ECF)
      Jacqueline Genovese Bova, Esq. (Via ECF)

      Darwin Columna (Via email)
      *Plaintiff Pro Se*
      darwincolumna@gmail.com

Application GRANTED IN PART. The deadline for the completion of fact discovery is extended until July 20, 2020. Nonetheless, the parties are strongly encouraged to engage in discovery through remote means at every available opportunity. Accordingly, it is hereby Ordered, pursuant to Rules 30(b)(3) and 30(b)(4) of the Federal Rules of Civil Procedure, that all depositions in this action may be taken via telephone, videoconference, or other remote means.  It is further Ordered, pursuant to Rule 30(b)(5), that a deposition will be deemed to have taken place "before an officer appointed or designated under Rule 28" if such officer attends the deposition using the same remote means used to connect all other participants, so long as all participants (including the officer) can clearly hear and be heard by all other participants. SO ORDERED.

Dated: March 31, 2020