UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/25/2020

DARWIN COLUMNA,

    Plaintiff,

-against-

CITY OF NEW YORK, et al.,

    Defendants.

1:19-cv-03801 (MKV)

**MEMORANDUM OPINION
AND ORDER GRANTING
MOTION TO DISMISS**

MARY KAY VYSKOCIL, United States District Judge:

    Pro Se Plaintiff Darwin Columna brings this action for violations of his civil rights in connection with an arrest and prosecution (which was ultimately dismissed) for drug possession. Defendants move to dismiss the claims against two individual Defendants—Josue Perez and Pedro Roche—on the ground that they were not timely sued. *See* ECF #39. Specifically, Perez and Roche assert that they were only added as defendants when Plaintiff filed his Amended Complaint and after the statute of limitations had expired. For the reasons stated below, the Court agrees and the Motion to Dismiss Plaintiff's claims against Perez and Roche is GRANTED.

**BACKGROUND**

    The facts as stated herein are based on Plaintiff's allegations in his Amended Complaint[1] [ECF #19], which are accepted as true for the purposes of this Motion.

    On April 26, 2016, Plaintiff was standing with two friends on West 172nd Street in Manhattan when, at around 4:15PM, they were approached by an unmarked police car driven by Defendants Genner Gomez and Pedro Romero. Statement of Facts ¶ 7. The officers got out of

---

[1] Plaintiff's Amended Complaint [ECF #19], which is written on the generic form provided by the District, appends a Statement of Facts which contains the factual allegations for this case. While both are "the Complaint" for the purposes of the case, for citation purposes, the Court will cite to Statement of Facts ¶ ___ where applicable. Citations to the whole document will otherwise appear as "Amended Complaint at ___."

the car, walked toward Plaintiff and the other men, and shouted at them to raise their hands in the air. Statement of Facts ¶ 7, 9. One of the men standing with Plaintiff, Mr. Batista, took a small bag out of his pocket and threw it on the ground. Plaintiff would later find out the bag contained Phencyclidine ("PCP"), a Schedule II depressant, which is illegal to possess in almost all circumstances. Statement of Facts ¶ 8; *see* 21 C.F.R. § 1308.12(e)(4) (classifying PCP as a Schedule II drug).

When Officers Gomez and Romero reached Plaintiff, he asked why he was being detained, to which Gomez replied, "You know the deal, you got me, I got to get you." Statement of Facts ¶ 11. At some point, two additional officers, including Defendant Pedro Roche and another unknown officer, arrived on the scene. Statement of Facts ¶ 14. Plaintiff was searched and arrested for drug possession (specifically possessing the PCP found on the ground), while at least one of the other men with whom he was standing was allowed to leave. Statement of Facts ¶ 15, 18.

Plaintiff was taken to the police precinct and placed in a holding cell. Statement of Facts ¶ 20. While at the precinct, Plaintiff was told he must submit to a cavity search and fingerprinting. Statement of Facts ¶ 22. The officers told him he would need to remove his rosary, which he had around his neck, before being fingerprinted. Statement of Facts ¶ 23. Plaintiff refused on religious grounds. Statement of Facts ¶ 23. When he refused, Defendant Josue Perez entered the holding cell and forcibly grabbed and shook Plaintiff after he again refused a cavity search and to remove his rosary. Statement of Facts ¶ 24. Perez then ordered another unnamed officer to cut off the rosary, which he did. Statement of Facts ¶ 25. Then, Plaintiff was tased for again refusing a cavity search. Statement of Facts ¶ 26. Some time later, Plaintiff was taken to the hospital for treatment of injuries resulting from the taser. Statement of Facts ¶ 29.

2

Following this incident, Plaintiff was returned to the holding cell, and it was the next day before he was arraigned and released on conditions. Statement of Facts ¶ 30. Defendant Gomez signed a statement in support of the criminal complaint filed against Plaintiff, but the charge was ultimately dismissed in October 2017. Statement of Facts ¶ 31, 33.

Plaintiff claims that his arrest, Defendants' use of force against him, and his aborted prosecution were all a result of a previous lawsuit he and his family had filed against officers in the 33rd Police Precinct. Specifically, in 2007, Plaintiff filed a false arrest claim, which was settled after some litigation. Statement of Facts ¶ 4. Plaintiff claims that the officers from the 33rd Precinct since then have demonstrated hostility toward him and his family as a result, and that the officers seek some form of revenge for the semi-successful lawsuit. *See* Statement of Facts ¶ 4, 11, 27. Plaintiff points to Defendant Gomez's statement to him upon his detention ("you know the deal, you got me, I got to get you") and another statement made by Gomez sometime later: "every time I see you I will be arresting you." Statement of Facts ¶ 11, 35.

This lawsuit first was filed on April 26, 2019, exactly three years to the day after Plaintiff's arrest. *See* ECF #2. The original complaint included several "John Doe" defendants. Following the filing of the Complaint, in June 2019, Judge Gardephe, to whom this case was previously assigned, issued an Order of Service which, in part, requested that the Corporation Counsel of the City of New York identify the unknown John Doe defendants pursuant to *Valentin v. Dinkins*, 121 F.3d 72, 76 (2d Cir. 1996). *See* ECF #6 at 2-3. The City responded in August 2019 and Plaintiff filed an Amended Complaint the next month, naming, for the first time, Officers Josue Perez and Pedro Roche *See* ECF #12, 19 (Amended Complaint).

Plaintiff's Amended Complaint, read liberally, raises claims under 28 U.S.C. § 1983 for false arrest, excessive use of force (during Plaintiff's detention in the holding cell after his arrest), and malicious prosecution. *See* Amended Complaint at 2; Statement of Facts ¶ 5-13, 18-

3

19, 22-33.  Additionally, Plaintiff alleges that the officers in the 33rd Police Precinct conspired to retaliate against him for protected actions (*i.e.* the previous lawsuit), and that the arrest, detention, excessive force, and prosecution were all such retaliatory efforts.  *See* Amended Complaint at 2; Statement of Facts ¶ 4, 11, 19, 22, 27, 35.  This constitutes a claim for First Amendment retaliation.

Defendants Gomez, Romero and the City filed an Answer to the Amended Complaint.  *See* ECF #30.  The two defendants newly added in the Amended Complaint, Perez and Roche filed the present motion to dismiss in February 2020.  *See* ECF #39.  To date, Plaintiff has not filed an opposition to the motion or indicated any intention to respond, notwithstanding that discovery is ongoing and Plaintiff is now represented by counsel for the limited purpose of discovery.  *See* ECF #42-44 (Notices of Limited Appearance of Pro Bono Counsel).

## DISCUSSION

*A.     Standard of Review*

Where, as here, a motion to dismiss a complaint is unopposed, lack of an opposition is not, on its own, sufficient to dismiss the case.  "[T]he sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law." *McCall v. Pataki*, 232 F.3d 321, 322–23 (2d Cir. 2000).  Accordingly, a court must determine whether dismissal is appropriate on the merits, as "the plaintiff's failure to respond . . . does not warrant dismissal." *Id.* at 323.  Because Plaintiff is proceeding pro se, his complaint "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation omitted).  Applying the pleading rules permissively is particularly appropriate when, as here, a pro se Plaintiff alleges civil rights violations. See *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Well-pleaded factual allegations in the complaint are accepted as true, and all reasonable inferences must be drawn in Plaintiff's favor. *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007).  The Court's cannot "weigh the evidence that might be presented at a trial", but instead must only "determine whether the complaint itself is *legally sufficient.*" *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985) (emphasis added).

B.     *The Claims Against Defendants Perez and Roche are Untimely*

Defendants' sole argument in favor of dismissing the claims against Defendants Perez and Roche is that the claims asserted against them are untimely.  Specifically, Defendants argue that because the claims asserted against them accrued on April 26, 2016 (*i.e.* the date of Plaintiff's arrest and detention), the three-year statute of limitations applicable to Plaintiff's claims ran in April 2019.  *See* Memorandum of Law in Support, ECF #40 ("Pl. Br.") at 2-3.  Perez and Roche were not added as Defendants until September 2019 when Plaintiff filed his Amended Complaint.  *See* ECF #19 (Amended Complaint).  Because Perez and Roche were not on notice of the claims against them before they were named, Defendants assert that the claims are untimely.  *See* Pl. Br. at 4-5.

As noted previously, read liberally, Plaintiff's Amended Complaint raises non-frivolous claims under 28 U.S.C. § 1983 for excessive use of force, false arrest, malicious prosecution, and First Amendment retaliation.  This motion, however, only concerns excessive force, false arrest, and retaliation, as the Court cannot construe the Amended Complaint to assert a malicious

prosecution claim against Perez or Roche.[2]  The statute of limitations for these Section 1983 claims is three years under New York law.  *See Smith v. Campbell*, 782 F.3d 93, 100 (2d Cir. 2015) ("The statute of limitations for claims brought under Section 1983 is governed by state law, and in this case is the three-year period for personal injury actions under New York State law." (citing *Shomo v. City of New York*, 579 F.3d 176, 181 (2d Cir. 2009))); *Ormiston v. Nelson*, 117 F.3d 69, 71 (2d Cir. 1997) ("In section 1983 actions, the applicable limitations period is found in the 'general or residual [state] statute [of limitations] for personal injury actions.'" (quoting *Owens v. Okure*, 488 U.S. 235, 249–50 (1989)) (alteration in original).  Thus, to be timely asserted, Plaintiff's claims against Perez and Roche must have been filed by April 26, 2019, three years after Plaintiff's arrest and detention.  Those officers, however, were not named as Defendants until September 2019.  Simply, because claims were not asserted against either Perez or Roche until Plaintiff filed the Amended Complaint in September 2019, they are untimely.

Untimely claims asserted in an Amended Complaint are subject to dismissal unless they "relate back" to a an earlier timely-filed claim.  *See* Fed. R. Civ. P. 15(c).  The federal rules provide that a Plaintiff may, for example, add a new party to a case in an otherwise untimely amendment when the added party "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity."  Fed. R. Civ. P. 15(c)(1)(C)(ii).  However, the Second Circuit is clear that this carve-out does not apply to amendments that replace a "John Doe" defendant with a properly named party.  *See Barrow v.*

---

[2] To plead a claim for malicious prosecution, a plaintiff must plead that a defendant "commenced or continued a criminal proceeding against him."  *See Quiller v. Nunez*, No. 16-cv-3202 (ER), 2020 WL 4475267, at *9 (S.D.N.Y. Aug. 3, 2020) (internal citations omitted).  As applied to a police officer, that often means that only the officer who signed a complaint or affidavit used in the context of a prosecution or otherwise appeared in or aided a prosecution directly is liable.  *See id.*  Here, Plaintiff pleads that only Defendant Gomez signed such a document and does not plead that any other Defendant was involved in the prosecution itself.  Statement of Fact ¶ 31.  Thus, the Court determines that the malicious prosecution claim can only apply to Officer Gomez.

*Wethersfield Police Dep't*, 66 F.3d 466, 470 (2d Cir. 1995) ("Rule 15(c) does not allow an amended complaint adding new defendants to relate back if the newly-added defendants were not named originally because the plaintiff did not know their identities."); *see also Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019) (confirming that *Barrow* remains the law in this Circuit). Instead, to the extent a plaintiff seeks to use litigation to identify otherwise unknown defendants, the lawsuit must be initiated with enough time to discover the identities and then amend the complaint. *See Barrow*, 66 F.3d at 470; *see also Talbert v. Kelly*, 799 F.2d 62, 66 n.1 (3d Cir. 1986) ("The fact that plaintiffs named "John Doe and Jane Doe" as defendants would not extend the statute of limitations."). Here, Plaintiff did not initiate this lawsuit until the last day of the limitations period. As a result, he did not provide himself any time in which to amend his complaint to add defendants. For the same reason, the relatively limited time it took for the Court to enter the *Valentin* order [ECF #6] and the time for the City's response [ECF #12], do not alter the limitations analysis.

Because Plaintiff added Defendants Perez and Roche to the case in place of "John Doe" defendants, his claims against them do not relate back to the filing of the original complaint. As a result, the Plaintiff's claims against Perez and Roche are untimely and must be dismissed.

C.      *Leave to Amend*

The Second Circuit has instructed that "a pro se plaintiff . . . should be afforded the [] opportunity . . . to amend his complaint prior to its dismissal for failure to state a claim, unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Gomez v. USAA Fed. Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1990). While the dismissal of Plaintiff's claims against Perez and Roche here is not due to Plaintiff's failure to state a claim, and although Plaintiff has not requested leave to amend, out of

7

an abundance of caution, the Court will grant Plaintiff thirty days in which to amend his complaint again.

Plaintiff may not use this opportunity to add new Defendants or new claims arising out of his April 2016 detention and arrest. That time has passed. Moreover, new factual allegations will not cure the majority of the deficiencies identified in this opinion. However, it is conceivable that Plaintiff may be able to amend his complaint to include further details, if any exist, about Perez's and Roche's involvement in Plaintiff's prosecution or about Perez's, Roche's, or any other officer's continued harassment of Plaintiff, either of which might bear on the statute of limitations analysis. The Court does not consider the merits of any such amendments here.

## CONCLUSION

For the foregoing reasons, Defendant's motion [ECF #39] to dismiss the claims against Defendants Perez and Roche is GRANTED. Those defendants were sued outside the statute of limitations and the Amended Complaint cannot relate back to the original complaint for the purposes of Plaintiff's claims against them. Plaintiff is granted a period of thirty days from the date of this Opinion to amend his complaint to add any additional facts about Perez and Roche's involvement in the case that might alter the statute of limitations analysis. If Plaintiff fails to amend his complaint in that time, the dismissal of Perez and Roche will be with prejudice.

The Clerk is respectfully requested to close the motion at ECF #39.

**SO ORDERED.**

Date: **August 25, 2020**
New York, NY

_____
**MARY KAY VYSKOCIL**
**United States District Judge**