UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X
                                              :
DARWIN COLUMNA,                               :
                                              :
                          Plaintiff,          :          19 Civ. 03801 (JLR) (SDA)
              -v-                             :
                                              :
                                              :
NYPD OFFICER GENNER GOMEZ and NYPD            :
DETECTIVE PEDRO ROMERO,                       :
                                              :
                          Defendants.         :
------------------------------------------------------------- X

**JOINT PROPOSED REQUESTS TO CHARGE**

## GENERAL INSTRUCTIONS

*These general instructions represent the joint proposal of the parties.*

### Role of the Court

You have now heard all of the evidence in the case as well as the final arguments of the lawyers for the parties. My duty at this point is to instruct you as to the law. It is your duty to accept these instructions of law and apply them to the facts as you determine them.

On these legal matters, you must take the law as I give it to you. Regardless of any opinion you may have about what the law may be or ought to be, it would be a violation of your oath to base your verdict on any view of the law other than that which I give you. If an attorney has stated a legal principle different from any that I state to you in my instructions, you must follow my instructions.

You are to consider these instructions together as a whole. You are not to single out any certain sentence or any individual point or instruction and ignore the others.

You will notice that I am reading these instructions from a prepared text. Because my instructions are lengthy, I have provided each of you with a copy of them, not only so that you can follow them as I read them now, but also so that you can have them with you for reference as you deliberate.

### Role of the Jury

Your role is to pass upon and decide the facts in the case. You, the members of the jury, are the sole and exclusive judges of the facts. You pass upon the weight of the evidence; you determine the credibility of the witnesses; you resolve such conflicts as there may be in the testimony; and you draw whatever reasonable inferences you decide to draw from the facts as you have determined them. In determining the facts, you must rely upon your own recollection of the evidence.

**<u>Evidence</u>**

The evidence before you consists of the answers given by witnesses and the exhibits that were received into evidence.

You should bear in mind that a question that an attorney or I ask a witness is never evidence. It is only the answer which is evidence. Remember also that you are not to consider statements that I struck or told you to disregard. That stricken or excluded testimony is not evidence and may not be considered by you in rendering your verdict.

Statements and arguments by lawyers are not evidence because lawyers are not witnesses. What they have said to you in their opening statements and in their final arguments is intended to help you understand the evidence to reach your verdict. However, if your recollection of the facts differs from the lawyers' statements, it is your recollection that controls.

There are two types of evidence that you may properly use in reaching your verdict. One type of evidence is direct evidence. This kind of evidence can be a witness's testimony about something he or she knows by virtue of his or her own senses—something the witness has seen, felt, touched or heard. Direct evidence may also be in the form of an exhibit.

The other type of evidence is circumstantial evidence. Circumstantial evidence is evidence that tends to prove one fact by proof of other facts. For example, assume that when you came into the courthouse this morning, the sun was shining, and it was a nice day. Assume that the courtroom blinds were drawn, and you could not look outside. As you were sitting here, someone walked in with an umbrella which was dripping wet. Then a few minutes later, another person entered with a wet raincoat. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But on the combination of facts that I have asked you to assume it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence.  You infer on the basis of reason and experience and common sense from an established fact the existence or the nonexistence of some other fact.

Many facts, such as a person's state of mind, can only rarely be proved by direct evidence.  Circumstantial evidence is not any less valuable than direct evidence.  The law makes no distinction between direct and circumstantial evidence.  It simply requires that you, the jury, decide the facts by taking into account of and weighing all the evidence, both direct and circumstantial.

Here, you have heard testimony from a number of witnesses.  I will expand on this in a moment, but I want to stress that <u>you</u> are the sole judges of the credibility of these witnesses and <u>you</u> weigh the evidence.  You must look at the facts as objectively as you can—and it is within your role as jurors to draw reasonable inferences from these objective facts.

Finally, let me state a final point: when you are determining issues of fact, you are weighing the evidence.  You determine whether evidence should be given no weight, some weight or a lot of weight.  The weighing of evidence should be based on your judgment of all relevant facts and circumstances.

**<u>Credibility of Witnesses</u>**

Now for the important subject of evaluating testimony.  How do you evaluate the credibility or believability of the witnesses?  The answer is that you use your plain common sense.  Common sense is your greatest asset as a juror.  You should ask yourselves: Did the witness impress you as honest, open and candid?  Or did the witness appear evasive or as though the witness was trying to hide something?  How responsive was the witness to the questions asked on direct examination and on cross-examination?

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case. You should consider the opportunity the witness had to see, hear, and know the things about which he

testified.  You should consider the accuracy of his memory, his candor or lack of candor, his intelligence, the reasonableness and probability of his testimony, and its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony.

If you find that a witness is intentionally telling a falsehood, that is always a matter of importance that you should weigh carefully.  If you find that any witness has lied under oath at this trial, you should view the testimony of such a witness cautiously and weigh it with great care.  It is, however, for you to decide how much of the witness's testimony, if any, you wish to believe.  Few people recall every detail of every event precisely the same way.  A witness may be inaccurate, contradictory, or even untruthful in some respects and yet entirely believable and truthful in other respects.  It is for you to determine whether such inconsistencies are significant or inconsequential, and whether to accept or reject all or to accept some and reject the balance of the testimony of any witness.

Similarly, in deciding whether to believe a witness, you should specifically note any evidence of hostility or affection which the witness may have towards one of the parties.  It is your duty to consider whether the witness has permitted any such bias or interest to color his testimony.

You have heard the testimony of law enforcement officers. The fact that a party or witness may be or has been employed as a law enforcement officer does not mean his or her testimony is deserving of any more or less consideration or greater or lesser weight than that of any other witness.

You have also heard the testimony of one or more witnesses who were arrested. The fact that a party or witness has been arrested does not mean that his testimony is deserving of more or less consideration or greater or lesser weight than that of any other party or witness.

It is your decision after reviewing all of the evidence whether to accept or reject all or parts of the testimony of these witnesses as you would any other witness.

What you must try to do in deciding credibility is to size a witness up in light of his demeanor, the explanations given and all of the other evidence in the case. Always remember that you should use your common sense, your good judgment and your own life experience.

When you are considering the evidence presented to you, you are permitted to draw, from the facts that you find to be proven, such reasonable inference as would be justified in light of your experience and common sense. Please bear in mind, however, that an inference is not to be drawn by guesswork or speculation.

**Burden of Proof**

The standard under which you will decide whether a party has met its burden of proof on a particular issue is "preponderance of the evidence."

To establish a fact by a preponderance of the evidence means that the evidence of the party having the burden of proof must be more convincing and persuasive to you than that offered by the opposing party. The difference in persuasiveness need not be great: so long as you find that the scales tip, however slightly, in favor of the party with the burden of proof. When something is proven by a preponderance of the evidence, it means that what the party claims is more likely than not true.

The weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or non-existence of any fact. You may find that the testimony of one witness as to any fact is more probative or compelling than the testimony of a large number of witnesses to the contrary.

One final note on the burden of proof: some of you may have heard of proof beyond a reasonable doubt. Beyond a reasonable doubt is a standard of proof at a criminal trial. It does not apply to a civil case such as this, and you should put it out of your mind. In this case, the party carrying the burden of proof must prove it only by a preponderance of the evidence such that the scales tip to the side of that party.

**<u>Multiple Defendants</u>**

In considering whether any party has carried his burden of proof, remember that there are two defendants in this case. You should consider each of plaintiff's claims separately against each defendant, and your finding for or against one defendant on a claim does not dictate the finding you should make for or against the other defendant on that claim.

**SUBSTANTIVE INSTRUCTIONS**

*The parties have each drafted proposed instructions on liability.  As the Court will see, the parties maintain significantly different positions not only on the substantive content, but also the structure of the instructions the jury should be given.  As a result, it has proven impossible for the parties to reduce their disagreements to simple tracked changes, as with the preceding general instructions.  Accordingly, the parties are submitting their substantive instructions on liability as separate addenda attached to this document.  The parties would be receptive to any guidance the Court is willing to provide, and then would attempt to work to identify more specifically the remaining disagreements on wording and substance.*

## DAMAGES

*Ordinary black text represents the joint proposal of the parties. Blue text under the heading "Defendants' Proposal" represents Defendants' proposal, if any. Red text under the heading "Plaintiff's Proposal" represents Plaintiff's proposal, if any.*

### Introductory Remarks on Damages

I will now instruct you on damages. You should not take from my instructions that I am assuming that damages are appropriate or inappropriate in this case. I am simply instructing you on this issue so that if you reach it, you will have the legal standard to make an appropriate determination.

### Purpose of Damages

The purpose of the law of damages is to award just and fair compensation for the loss, if any, which resulted from a violation of one's legal rights. If you find the defendant liable, then you must award the plaintiff sufficient damages to compensate him for any injury caused by the conduct of the defendant.

The damages that you award must be fair and reasonable, that is, they should be neither inadequate nor excessive. You must be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require a party to prove the amount of its losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit. Although you should make every effort to calculate damages with reasonable certainty, absolute certainty as to amount is not required. In all instances, you are to use sound discretion in fixing an award of damages, drawing reasonable inferences where you deem appropriate from the facts and circumstances in evidence. In calculating damages, do not add any amount for interest. The Court will do that automatically.

### Compensatory Damages

*Defendants' Proposal on Compensatory Damages*

Your decision on whether to award damages and the amount must be unanimous. If the plaintiff has proved all of the required elements of his claim, then you must award him a sum of money that you

believe will fairly and justly compensate him for any injury you determine he actually sustained as a proximate result of the defendant's misconduct with regard to that claim. Such damages are called compensatory or actual damages. It is for you to determine the amount, if any, of money that would compensate plaintiff for any injury.

Compensatory damages may include not only out-of-pocket loss and other monetary harms, but also such injuries as impairment of reputation, personal humiliation, an unjustified loss of liberty. In addition, if you find the plaintiff has mental anguish and suffering as a proximate result of the injuries sustained, these are recoverable as compensatory damages.

Damages for false arrest accrue at the time of the arrest or confinement and end at the conclusion of such arrest or confinement. They may include, however, mental anguish or suffering that went beyond the time of the actual confinement. There is no claim in this case about the prosecution of plaintiff. Therefore, you are not to consider any damages for attending court appearances or any stress and anxiety related to the prosecution alone. However, if you find that plaintiff suffered damages proximately related to false arrest but that were also exacerbated by stress and anxiety relating to the prosecution, then you may award her those damages as well.

Finally, compensatory damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial.

*Plaintiff's Proposal on Compensatory Damages*[1]

If you find that one or both defendants are liable for any of plaintiff's claims, then you must award plaintiff sufficient damages to compensate him for any injury proximately caused by that

---

[1] For all of Plaintiff's various proposed instructions on damages, *see* Transcript of Trial Jury Instructions, at 991-93, *Small v. City of New York*, 09-cv-01912-RA-SDA (June 1, 2021) (S.D.N.Y.) (reading instructions on damages to jury); Transcript of Trial Jury Instructions, 2/22/2022, at 49-53, *Drayton v. Toribio, et al.*, 17-cv-7091-BMC (E.D.N.Y.) (reading instructions on damages to jury); *see also* FED. JURY PRAC. & INSTRUC., *supra* note 2, § 165.70 (providing sample jury instructions on damages for § 1983 claims).

defendant's conduct. These are known as compensatory damages.  The damages that you award must be fair compensation—no more and no less—for the loss, if any, which resulted from the particular defendant's wrongful conduct. The purpose of these damages is to make the plaintiff whole—to put him in the same position that he would have been in had there been no violation of his rights. The purpose is not to punish the defendants.

Compensatory damages may include compensation for the physical injury, pain and suffering, emotional distress, fear, personal humiliation, loss of liberty, indignation, and expenses, both past and future, that the plaintiff has suffered or will suffer because of the particular defendant's conduct.  I will discuss how you should consider some of these items.

If you find for Mr. Columna on any of his claims, he is entitled to be compensated for his pain and suffering.  In order to recover damages for pain and suffering, the plaintiff must present credible evidence with respect to his suffering and that a defendant's impermissible conduct caused this suffering.  To satisfy the requirement, the plaintiff does not need to prove or provide evidence from a medical expert. There is no exact standard for determining the precise amount of damages for pain and suffering. An award you make must be fair and reasonable in light of all the evidence at trial.

If you find for Mr. Columna on any of his claims, he is also entitled to be compensated for his emotional and mental distress.[2]  You should award him a sum which will compensate him reasonably for (i) any emotional pain, fear, humiliation, and mental anguish already suffered and which the wrongful conduct of the particular defendant was a substantial factor in bringing about; and (ii) any emotional pain, fear, humiliation, and mental anguish which you find that plaintiff is reasonably likely to suffer in the future as a result of the particular defendant's wrongful conduct. This is in addition to any

---

[2] *See* FED. JURY PRAC. & INSTRUC., *supra* note 2, § 165.70 (providing jury instructions on compensatory damages).

compensation you may award plaintiff for the other categories of injuries.  Emotional distress may be established through Mr. Columna's testimony. That is, you may conclude on the basis of the Mr. Columna's testimony alone, that he has experienced emotional distress and/or mental anguish.[3]

If you find for Mr. Columna on any of his claims, he is also entitled to be compensated for his loss of liberty during the time he spent wrongfully detained and defending against the wrongful criminal prosecution.[4] The damages that Mr. Columna is entitled to for loss of liberty are in addition to damages he is entitled to for any pain, fear, humiliation or other emotional suffering you may find that he suffered.

Ultimately, you should award an amount of compensatory damages sufficient to compensate plaintiff for each injury you find he sustained.

**<u>Nominal Damages</u>**

If you return a verdict for the plaintiff, but find that plaintiff has failed to prove by a preponderance of the credible evidence that he is entitled to any compensatory damages, then you must return an award of damages in the sum of one dollar.  This is to show that liability has been proved. This type of damages is called "nominal damages."

---

[3] *Patrolmen's Benevolent Ass'n of City of N.Y. v. City of N.Y.*, 310 F.3d 43, 56 (2d Cir. 2002*)* (describing U.S. District Court Judge's supplemental charge stating that "[i]f [jury] determine[s] that a plaintiff's evidence of emotional distress is corroborated by other testimony, then [jury] need not find a physical manifestation of such distress.").

[4] *See Swartz v. Insogna*, 704 F.3d 105, 112 (2d Cir. 2013) (" a post-arraignment defendant who is 'obligated to appear in court in connection with [criminal] charges whenever his attendance [i]s required' suffers a Fourth Amendment deprivation of liberty") (citations omitted); *Kerman v. City of N.Y.*, 374 F.3d 93, 125-26 (2d Cir. 2004) (describing how damages are also recoverable for loss of liberty for the period spent in a wrongful confinement, separate from damages recoverable for injuries like physical harm, embarrassment, or emotional suffering).

**<u>Punitive Damages[5]</u>**

*<u>Plaintiff's Proposal on Punitive Damages</u>*

If you award Mr. Columna compensatory damages in any amount, you may also make an award of punitive damages. You may award punitive damages if you find Mr. Columna has proven by a preponderance of the evidence that the defendants acted with an evil motive or intent, or acted with a callous or reckless indifference to Mr. Columna's rights.

In making this decision, you should consider the underlying purpose of punitive damages. Punitive damages are awarded in the jury's discretion to punish a defendant for malicious conduct against the plaintiff, or callous disregard or reckless indifference for a plaintiff's rights, and to deter such conduct of a defendant or others like the defendant. Thus, in deciding whether to award punitive damages, you should consider whether the award of punitive damages will accomplish this dual purpose of punishment and the deterrence of others.

If you decide to award punitive damages, these same purposes should be kept in mind as you determine the appropriate sum of money to be awarded as punitive damages. That is, in fixing a sum to be awarded, you should consider the degree to which the particular defendant should be punished for his wrongful conduct, and the degree to which an award of one sum or another will deter that defendant or persons like him from committing wrongful acts in the future.

---

[5] *See* Transcript of Trial Jury Instructions, 2/22/2022, at 49-53, *Drayton v. Toribio, et al.*, 17-cv-7091-BMC (E.D.N.Y.) (reading instructions on damages to jury); Transcript of Trial Jury Instructions, at 993-94, *Small v. City of New York*, (June 1, 2021) (reading instructions on punitive damages to jury); *see also* 3B FED. JURY PRAC. & INSTR. § 165:71 (6th ed.) (updated Aug. 2022) (providing sample jury instructions on punitive damages under § 1983 claims).

**CONCLUDING REMARKS**

*These concluding remarks represent the joint proposal of the parties.*

### Juror Note-Taking

For those of you who took notes during the course of the trial, you should not show your notes to or discuss your notes with any other juror during your deliberations. Any notes you have taken are to assist you and you alone. The fact that a particular juror has taken notes entitles that juror's views to no greater weight than those of any other juror.

Finally, your notes are not to substitute for your recollection of the evidence in this case. If you have any doubt as to any testimony, you may request that the official trial transcript that has been made of these proceedings be read or otherwise provided to you.

### Deliberations

The most important part of this case, members of the jury, is the part that you as jurors are now about to play as you deliberate on the issues of fact.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement. As you deliberate, please listen to the opinions of your fellow jurors, and ask for an opportunity to express your own views. Every juror should be heard. Each of you must decide the case for himself or herself, but you should do so only after a consideration of the case with your fellow jurors. Your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence simply to return a verdict or solely because of the opinions of other jurors. Adopt the conclusion that you honestly believe to be true.

During your deliberations, you will have the exhibits available to you. You may also ask for portions of the testimony, but please try to be as specific as you can in requesting testimony.

Under your oath as jurors, you are not to be swayed by sympathy. You should be guided solely by the evidence presented during the trial and the law as I gave it to you, without regard to the consequences of your decision. You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence or lack of evidence. If you let sympathy interfere with your clear thinking, there is a risk that you will not arrive at a just verdict. All parties stand equal before this court and are entitled to a fair trial. You should consider and decide this case as a dispute between parties of equal standing before the law, and of equal worth. You must make a fair and impartial decision so that you will arrive at a just verdict.

**Procedure**

Your first task will be to select a foreperson. The foreperson has no greater voice or authority than any other juror but is the person who will communicate with the Court when questions arise. The foreperson will also be the person who will fill in and sign and date the verdict form after you have reached a unanimous verdict.

If you have questions for the Court, just send me a note. As I said, you have a copy of this set of instructions to take with you into the jury room. You are not to reveal the standing of the jurors, that is, the split of the vote, to anyone, including the Court, at any time during your deliberations.

Your verdict will be recorded on this verdict form that I will give you, onto which the foreperson will write your answers to written questions. You should answer every question except where the verdict form indicates otherwise. You should also proceed through the questions in the order in which they are listed. After you have reached a verdict and your foreperson has filled out the form, you will all sign and date it, and your foreperson will advise the marshal outside your door that you are ready to return to the courtroom.

Finally, I say this, not because I think it is necessary, but because it is the custom in this courthouse to say this: you should treat each other with courtesy and respect during your deliberations.

Dated:  New York, New York
       January 5, 2023

**SIDLEY AUSTIN LLP**

By:

/s/ Michael A. Levy
Michael A. Levy
Jon Muenz
Nicholas Maggipinto
Victor M. Flores

*Attorneys for Plaintiff Darwin Columna*

**HON. SYLVIA O. HINDS-RADIX**
Corporation Counsel of the City of New York

By:

/s/ *Katherine J. Weall*

Katherine J. Weall
Senior Counsel

*Attorneys for Defendants NYPD Officer Genner Gomez and NYPD Detective Pedro Romero*

# ADDENDUM A—PLAINTIFF'S SUBSTANTIVE INSTRUCTIONS ON LIABILITY

The Plaintiff in this case—the party who brought the case—is Mr. Darwin Columna. The defendants are Genner Gomez and Pedro Romero, who were New York City police officers at the time of the events at issue. Each of the defendants has subsequently achieved the rank of detective, but to avoid confusion I will refer to them as Officer Gomez and Officer Romero, since it is their conduct as police officers that is the subject of Mr. Columna's claims.

Mr. Columna has asserted three different causes of action or "claims" against each of the two defendants. I am now going to instruct you on the substantive law to be applied to those claims.

## A.    Introduction to Section 1983[1]

Each of Mr. Columna's three claims are brought under the same federal statute: Section 1983 of Title 42 of the United States Code. This statute is commonly just called "Section 1983," and that is how I will refer to it.

Section 1983 provides a remedy for individuals who have been deprived of their federal constitutional rights under color of state law. Specifically, the statute says:

> Every person who, under color of [the laws] … of any State … subjects, or causes to be subjected, any … person within the jurisdiction thereof[,] … to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured[.]

There is no dispute between the parties here that Officer Gomez and Officer Romero were acting as police officers at all times relevant to this case, which qualifies as acting under color of state law.

---

[1] Based on the instructions, with modifications, given by The Honorable Analisa Torres in *Ekukpe v. Santiago et al*., 16-cv-05412-AT-KNF (S.D.N.Y. June 18, 2018); Kevin F. O'Malley, Jay E. Grenig, & Hon. William C. Lee, FED. JURY PRAC. & INSTRUC., PART VII: INSTRUC. FOR CIV. ACTIONS GOVERNED BY FED. L. § 165 (Aug. 2022) (providing sample jury instructions on general requirements to assert § 1983 claims) [hereinafter "FED. JURY PRAC. & INSTRUC."].

The plaintiff must prove two elements as to each defendant to prevail on a Section 1983 claim:

First, the plaintiff must prove that the defendant's conduct deprived him of a right secured by the United States Constitution; and

Second, the plaintiff must prove that the defendant's acts were the proximate cause of injuries suffered by the plaintiff.

I will now go through how these two elements apply to each of Mr. Columna's three claims; meaning the three different ways in which Mr. Columna alleges that Defendants violated his federal constitutional rights when they arrested and charged him. I want to emphasize here that you should consider each claim separately and each defendant separately. In other words, you should consider the evidence as to each claim and ask whether the plaintiff has proved the elements of the claim by a preponderance of the evidence as to the particular defendant you are considering.

### B.    False Arrest[2]

Mr. Columna's first claim is that Officer Gomez and Officer Romero had no basis to arrest and detain him. This is referred to as a "false arrest" claim and it has two elements. First, the plaintiff must prove that the conduct of the defendant you are considering deprived him of a right secured by the United States Constitution. Second, the plaintiff must prove that that defendant's acts were the proximate cause of damages and injuries suffered by the plaintiff.

### 1.    <u>False Arrest—First Element—Deprivation of Right</u>

Starting with the first element, Mr. Columna alleges that defendants arrested him without probable cause, which means that defendants arrested Mr. Columna even though they did not

---

[2] Based on the instructions, with modifications, given by The Honorable Analisa Torres in *Ekukpe v. Santiago et al.*, 16-cv-05412-AT-KNF (S.D.N.Y. June 18, 2018).

have a reasonable belief that Mr. Columna had committed or was in the process of committing a crime.

Under the United States Constitution, no person may be arrested or detained without probable cause. This means that an officer who makes an arrest must have information at the time of the arrest that would lead a reasonable person with the same official expertise as the officer to conclude that the person being arrested had committed or was in the process of committing a crime. You must keep in mind, however, that you are being asked only to decide whether the defendant you are considering, at the time he participated in arresting Mr. Columna, had probable cause to believe that Mr. Columna had committed or was in the process of committing a crime, but you are <u>not</u> being asked whether Mr. Columna was in fact guilty of a crime.

There is no dispute in this case that Mr. Columna was arrested. The questions for you, therefore, are whether (i) the defendant you are considering participated in arresting Mr. Columna, and (ii) if so, whether the arrest was justified, meaning the defendant you are considering had probable cause to make the arrest.

Up until this point, I have instructed you that Mr. Columna bears the burden to prove the basis for his claims by a preponderance of the evidence. That remains true when you are deciding whether the defendant you are considering participated in arresting Mr. Columna; that is something Mr. Columna must prove by a preponderance of the evidence. However, if you decide that Mr. Columna has proven that the defendant you are considering participated in arresting him, then the burden shifts to that defendant to prove by a preponderance of the evidence that there was probable cause to arrest Mr. Columna. That is because the existence of

probable cause is an affirmative defense to a false arrest and is something the defendant has the burden of proving.

Officer Gomez and Officer Romero each asserts that affirmative defense here. Specifically, they assert that they had probable cause to arrest Mr. Columna on suspicion of criminal possession of a controlled substance in the seventh degree in violation of N.Y. Penal Law § 220.03, which is a statute that makes it a crime to "knowingly and unlawfully possesses a controlled substance[.]"

When determining whether a defendant has carried his burden to prove that he had probable cause to make an arrest, you may consider the defendant's motives to lie about his observations leading up to the arrest, but that is the only way in which a defendant's intentions are relevant to your determination of whether there was probable cause; you may not otherwise consider the defendant's motives, such as whether the defendant you are considering had good intentions. Here, when you are determining whether either Officer Gomez or Officer Romero has proven that he had probable cause to arrest Mr. Columna, you may consider the defendants' motives to lie about what each of them observed immediately before arresting Mr. Columna but you may not consider their motives for any other reason nor may you consider whether they had good intentions in arresting Mr. Columna.

Officer Gomez and Officer Romero would have had probable cause to arrest Mr. Columna only if they had a reasonable basis, at the time they arrested him, to believe both that (1) Mr. Columna possessed a controlled substance; and, (2) Mr. Columna did so knowingly and unlawfully. So if the defendant you are considering fails to prove by a preponderance of the evidence that he had a reasonable basis to believe either of these things, you must find that that defendant did not have probable cause to arrest Mr. Columna and therefore that that defendant

falsely arrested Mr. Columna and violated a right secured to him by the United States Constitution. If you find that the defendant you are considering proved by a preponderance of the evidence that probable cause existed to arrest Mr. Columna, then you must find in favor of that defendant with respect to Mr. Columna's false arrest claim.

This concludes my instructions regarding the first element of Mr. Columna's false-arrest claim; namely, whether either or both of the defendants falsely arrested him.

## 2. **False Arrest—Second Element—Proximate Cause of Injury**

Second, the plaintiff must prove that the acts of the defendant you are considering were the proximate cause of injuries suffered by the plaintiff. Here, the plaintiff bears the burden to prove that the acts of the defendant you are considering were a proximate cause of the injuries that the plaintiff sustained.

For an injury sustained by the plaintiff to be proximately caused by a defendant means that there must be a sufficient causal connection between the acts or omissions of the defendant you are considering and the plaintiff's injury. An act or omission is a proximate cause if it was a substantial factor in bringing about or causing injury, that is, if the injury or damage was a reasonably foreseeable consequence of that defendant's act or omission. In other words, if a defendant's act or omission had such an effect in producing the injury that reasonable persons would regard it as being a cause of the injury, then the act or omission is a proximate cause.

In order to recover damages for any injury, the plaintiff must show by a preponderance of the evidence that such injury would not have occurred without the conduct of the defendant you are considering. If you find that the defendant you are considering has proved by a preponderance of the evidence that the plaintiff's injury would have occurred even in the absence of that defendant's unlawful conduct, you must find that the defendant did not proximately cause the plaintiff's injury.

A proximate cause need not always be the nearest cause either in time or in space. In addition, there may be more than one proximate cause of an injury or damage. Many factors or the conduct of two or more people may operate at the same time, either independently or together, to cause an injury.

That completes my instructions to you regarding Mr. Columna's claim for false arrest. I will now address Mr. Columna's second claim.

### C.    Malicious Prosecution[3]

For his second claim, Mr. Columna alleges that Officer Gomez and Officer Romero had no basis to cause criminal charges to be filed against him. This is referred to as a "malicious prosecution" claim.  Overall, this claim has the same two elements as the last one.  First, the plaintiff must prove that the conduct of the defendant you are considering deprived him of a right secured by the United States Constitution.  Second, the plaintiff must prove that the acts of the defendant you are considering were the proximate cause of damages and injuries suffered by the plaintiff.

#### 1.    <u>Malicious Prosecution—First Element—Deprivation of Right</u>

In order to prove that the defendant you are considering deprived Mr. Columna of his constitutional right not to be improperly and maliciously prosecuted, a plaintiff typically must show six things.  But two of them are not in dispute in this case.  Specifically, among the things a plaintiff must show are that a criminal proceeding was commenced against the plaintiff and that

---

[3] Based on the instructions, with modifications, given by The Honorable Analisa Torres in *Ekukpe v. Santiago et al.*, 16-cv-05412-AT-KNF (S.D.N.Y. June 18, 2018*)*; FED. JURY PRAC. & INSTRUC., *supra* note 1, § 121 (providing sample jury instructions on asserting a malicious prosecution claim);  *Lanning v. City of Glens Falls,* 908 F.3d 19, 25 (2d Cir. 2018) (describing how federal law defines a fourth amendment malicious prosecution claim under 42 U.S.C.§ 1983), *abrogated by Thompson v. Clark*, 142 S.Ct. 1332, 1334 (2022) (finding that plaintiff is not required to "demonstrate that the prosecution ended with some affirmative indication of his innocence").

the criminal proceeding terminated in plaintiff's favor. Those things are not disputed here. The parties agree that a criminal proceeding was commenced against Mr. Columna and that it was later dismissed in his favor.

That leaves four things that Mr. Columna most prove by a preponderance of the evidence in order to show that he was deprived of his constitutional right not to be maliciously prosecuted:

First, that the defendant you are considering initiated or continued the criminal proceeding against the plaintiff;

Second, that there was no probable cause for the criminal proceeding;

Third, that the defendant you are considering acted with malice; and,

Fourth, that the plaintiff suffered a post-arraignment deprivation of liberty that implicates his rights under the Fourth Amendment to the United States Constitution.

I will now explain each of these four things to you in greater detail.

### a.     Defendant Initiated or Continued the Criminal Proceeding

The first element is whether the defendant you are considering commenced or continued the criminal prosecution against Mr. Columna. To establish this element, Mr. Columna must show that the defendant you are considering played an active role in the prosecution. An officer is considered to have played an active role in a prosecution where he brought formal charges and had the person arraigned, or he filled out complaining or corroborating affidavits, or he swore to a signed complaint. That is enough to say that the officer participated in commencing or continuing the prosecution.

On the other hand, an officer who does no more than disclose to the prosecutor all material information within his knowledge is not deemed to be the initiator of a criminal proceeding. If you conclude that the defendant you are considering did no more than fairly and truthfully disclose to the prosecutor all matters within his knowledge that a reasonably prudent

person would believe important on the question of Mr. Columna's guilt or innocence, then that defendant is not responsible for initiating the prosecution.  In that event, your verdict must be for the defendant you are considering. If, however, you find that the defendant you are considering gave the prosecutor information that he knew to be false, or that he withheld information that a reasonable person would realize might affect the prosecutor's decision whether to prosecute, then that defendant is responsible for initiating the prosecution and you must proceed to the next element of this cause of action.

### b.    <u>Probable Cause for the Criminal Proceeding</u>

The next question you must decide is whether Mr. Columna has proven by a preponderance of the evidence that Officer Gomez and Officer Romero did not have probable cause for initiating a criminal case against Mr. Columna. I already instructed you about the meaning of probable cause when we discussed plaintiff's false-arrest claim, and the same basic meaning applies to this claim. The test for probable cause in this context asks whether, at the time the prosecution was initiated, a reasonably prudent officer, knowing what the defendant you are considering knew or reasonably should have known at that time, would have believed that Mr. Columna had committed the crime with which he was charged.  Again, the crime that Mr. Columna was charged with was criminal possession of a controlled substance in the seventh degree, which is the crime of knowingly and unlawfully possessing a controlled substance.

There is one important difference between the instructions on probable cause that I gave you for plaintiff's false-arrest claim and this claim for malicious prosecution.  For the false arrest claim, I said it was the defendants' burden to prove by a preponderance of the evidence that there was probable cause to arrest Mr. Columna.  For this malicious prosecution claim, it is Mr. Columna's burden to prove, by a preponderance of the evidence, that the defendants did <u>not</u> have probable cause to charge Mr. Columna with criminal possession of a controlled substance.

If you find that a reasonably prudent person in the shoes of the defendant you are considering would have believed that Mr. Columna had committed criminal possession of a controlled substance based on the facts known or reasonably believed by him at the time the prosecution was initiated, your finding will be that that defendant had probable cause and you must find for that defendant on plaintiff's malicious prosecution claim. If, however, you find that a reasonably prudent person in that defendant's shoes would not have believed that plaintiff had committed criminal possession of a controlled substance based on the facts known or reasonably believed by him at the time the prosecution was initiated, your finding will be that the defendant did not have probable cause to initiate or continue the criminal case against Mr. Columna.

If you find that the defendant you are considering did not have probable cause with respect to the crime with which Mr. Columna was charged, you should proceed to the next thing that Mr. Columna needs to show in order to prove he was deprived of his constitutional right not to be maliciously prosecuted.

### c.    Malice

The next thing Mr. Columna must prove in order to establish that his rights were violated is that when the defendant you are considering filed charges against Mr. Columna without probable cause, he did so with malice. A person acts with malice when he or she acts with an improper or wrongful motive or purpose.[4] This does not require plaintiff to prove that the officer was motivated by spite or hatred, nor that the officer was angry or vindictive toward the plaintiff.[5] An officer acts with malice in bringing charges against someone where the officer has done so for a purpose other than to bring the perpetrator to justice.

---

[4] FED. JURY PRAC. & INSTRUC., *supra* note 1, § 121:23.
[5] *Id.*

If you find that the defendant you are considering did not act with malice, your verdict on this claim must be for the defendant, even if you have found that the defendant did not have probable cause to believe Mr. Columna was guilty of criminal possession of a controlled substance. However, if you find that the defendant did act with malice, you will proceed to the final question for analysis.

### d. Deprivation of Liberty

Assuming you have found that the defendant you are considering lacked probable cause when he initiated a criminal case against Mr. Columna and that he acted with malice, the final question for you to decide is whether that conduct deprived Mr. Columna of a liberty interest protected by the Fourth Amendment to the United States Constitution.

A person obviously suffers a deprivation of liberty when he or she is incarcerated. But a person also suffers a deprivation of liberty when he or she is required to appear in court in connection with criminal charges. If you find that Mr. Columna has sustained deprivation of a liberty interest protected by the Fourth Amendment to the United States Constitution and you have previously concluded that the defendant you are considering initiated or continued a criminal case against Mr. Columna with malice and without probable cause, then Mr. Columna has satisfied the first element of his malicious prosecution claim—that he was deprived of his constitutional right not to be maliciously prosecuted— and you must move on to the second element.

### 2. Malicious Prosecution—Second Element—Proximate Cause of Injury

If you find that the defendant you are considering deprived Mr. Columna of his right not to be maliciously prosecuted, then the other element that Mr. Columna must prove is that the deprivation of that right was the proximate cause of an injury that he suffered. I have already instructed you about proximate cause in the context of Mr. Columna's false arrest claim, and those same instructions apply here.

I have now completed my instructions to you regarding the claim for malicious prosecution. I will now address Mr. Columna's third and final claim.

### D.     First Amendment Retaliation[6]

Mr. Columna third and final claim is that the reason Officer Gomez and Officer Romero falsely arrested and maliciously prosecuted him was in order to retaliate against Mr. Columna for engaging in activity that is protected by the First Amendment to the United States Constitution; specifically, in retaliation for Mr. Columna's previous lawsuits against the NYPD and CCRB complaints regarding police officers.  This is referred to as a "First Amendment retaliation" claim.

The First Amendment to the United States Constitution prohibits government officials from subjecting an individual to retaliatory actions for making complaints about police misconduct and for bringing lawsuits, regardless of whether those complaints are upheld or those lawsuits succeed.  Put differently, an individual has a First Amendment right to complain about police misconduct and bring lawsuits against the police without having to fear being retaliated against by the police.  If a police officer does retaliate against someone for complaining about misconduct or suing the police, that officer has deprived that person of a constitutional right.

In order to succeed on his First Amendment retaliation claim, Mr. Columna must show two things:

---

[6] Based on the instructions, with modifications, given by The Honorable Analisa Torres in *Ekukpe v. Santiago et al*., 16-cv-05412-AT-KNF (S.D.N.Y. June 18, 2018); *see also Moran v. MTA Metro North R.R. Co*., 2021 WL 1226771, at *7 (S.D.N.Y. March 31, 2021) (describing requirements for asserting First Amendment retaliation claim, denying defendant's motion for summary judgment on plaintiff's First Amendment retaliation claim).

First, that the defendant you are considering either falsely arrested or maliciously prosecuted Mr. Columna because of Mr. Columna's complaints and lawsuits against the NYPD; and

Second, that the defendant's actions caused Mr. Columna harm.

I will now explain these two elements to you in greater detail.

### 1. First Amendment Retaliation—First Element—Retaliatory Motivation

The first element Mr. Columna must prove in order to establish a First Amendment retaliation claim is that the defendant you are considering either falsely arrested or maliciously prosecuted Mr. Columna because of Mr. Columna's complaints and lawsuits against the NYPD.

In order to establish this element, you must first have already found that the defendant you are considering either falsely arrested Mr. Columna or maliciously prosecuted him, or both. If you have not concluded that the defendant you are considering did one of those things, then Mr. Columna cannot make out a First Amendment retaliation claim against that defendant and you should find for that defendant on the First Amendment retaliation claim. On the other hand, if you did conclude that the defendant you are considering either falsely arrested Mr. Columna or maliciously prosecuted him, or both, then you must decide whether Mr. Columna has shown that the defendant you are considering did so because of Mr. Columna's complaints and lawsuits against the NYPD. That means you must consider whether Mr. Columna's complaints and lawsuits against the NYPD were a substantial or motivating factor for the defendant's decision to arrest Mr. Columna or initiate a criminal case against him.

### 2. First Amendment Retaliation—Second Element—Causation

The second element Mr. Columna must prove to succeed on his First Amendment retaliation claim is causation, that is, that the actions that the defendant you are considering took

for the purpose of retaliating against the plaintiff was the proximate cause of an injury that the plaintiff suffered. I have already instructed you about proximate cause in the context of Mr. Columna's false arrest claim, and those same instructions apply here.

**ADDENDUM B—DEFENDANTS' SUBSTANTIVE INSTRUCTIONS ON LIABILITY**[1]

**Overview**

Plaintiff has brought a false arrest claim, a malicious prosecution claim, and a First Amendment retaliation claim under 42 U.S.C. § 1983, which is a federal civil rights law. I will discuss each claim in turn.

To recover on any or all of plaintiff's claims against the defendants, plaintiff must prove by a preponderance of the evidence:

First, that the alleged incident happened as plaintiff claims, and that such conduct deprived the plaintiff of a right protected by the Constitution of the United States and, second, that the conduct of the defendants was the proximate cause of the injuries and damages sustained by plaintiff.

I will now explain to you these two elements that plaintiff must prove by a preponderance of the evidence:

First, that the defendants committed the acts as alleged by the plaintiff;

Second, that those acts as alleged by plaintiff caused the plaintiff to suffer the loss of a federal right;

Third, that in performing the acts alleged, the defendant acted intentionally or recklessly.

I will now explain each of those elements to you.

**First Element: Personal Involvement**

You must first determine whether the defendants committed the acts as alleged by the plaintiff. The law imposes liability only upon a defendant who "subjects, or causes to be subjected" any person to the deprivation of a federal right. Thus, in order for the plaintiff to prevail on his claims, there must be some evidence of personal involvement by the defendants. Under the law, a defendant is considered to

---

[1] Defendants reserve the right to include additional substantive jury charges at the time of trial.

have been personally involved in a constitutional violation if the defendant in question directly participated in the alleged wrongful acts. Therefore, you must first make a determination of personal involvement by the defendants for the constitutional violations alleged by the plaintiff. If you find that a defendant was not personally involved in the deprivation of the plaintiff's constitutional rights, then you must find for the defendant on that alleged violation. If, however, you find that a defendant was personally involved in the deprivation of the plaintiff's constitutional rights, then you must go on to determine whether the plaintiff has proven the other elements of his claims regarding the deprivation of his constitutional rights against that defendant. Although there are two defendants in this case, each defendant is entitled to fair, separate, and individual consideration without regard to your decision as to the other defendant.

Second, if you determine that a defendant committed the acts as alleged by the plaintiff, you must determine whether those acts caused the plaintiff to suffer the loss of a federal right.

Third, the plaintiff must establish that the defendants acted intentionally or recklessly. An act is intentional if it is done voluntarily and deliberately, and not because of mistake, accident, negligence, or other innocent reason. An act is reckless if done in conscious disregard of its known probable consequences. In determining whether a defendant acted with the requisite state of mind, you should remember that, while witnesses may see and hear and so be able to give direct evidence of what a person does or fails to do, there is no way of looking into a person's mind. Therefore, you have to rely on your understanding of what was done, what the people involved said was in their minds, and your belief or disbelief with respect to those facts and statements.

### **Second Element: Proximate Cause**

The second element which the plaintiff must prove by a preponderance of the credible evidence is that the defendants' acts were a proximate cause of the injuries sustained by the plaintiff. Proximate cause

means that there must be a sufficient causal connection between a defendant's acts or omissions and an injury or damage sustained by the plaintiff.

A proximate cause need not always be the only cause either in time or space. There may be more than one proximate cause of an injury or damage. Many factors or the conduct of two or more people may operate at the same time, either independently or together to cause an injury.

Put another way, a defendant is not liable if the plaintiff's injuries were caused by conduct independent of the defendant's acts or omissions or if such conduct produced a result that was not reasonably foreseeable to the defendant.

### False Arrest

Every person is entitled to be free from an unlawful or false arrest. It is uncontested that plaintiff was arrested and detained.

There are several elements of a false arrest claim, only two of which are in dispute here. Those are:

(1) Whether the defendant intentionally or recklessly deprived the plaintiff of a right to be free from a false arrest—that is, whether defendant lacked probable cause and intentionally or recklessly arrested plaintiff--and

(2) Whether defendant's acts were the proximate cause of injuries sustained by plaintiff.

The primary question here is whether defendant can establish by a preponderance of the evidence that he had probable cause to arrest plaintiff, and if any emotional or other injuries were proximately related to that arrest.

### Probable Cause

The defendants had the right to arrest plaintiff if they had probable cause to believe that

plaintiff was committing, or had committed, or was attempting to commit a crime.[2],[3] The burden is on the defendants to prove by a preponderance of the evidence that they had probable cause to arrest plaintiff.[4] The existence of probable cause is a justification to arrest and a complete defense to an action for false arrest.[5]

Probable cause to arrest existed if the defendant officer had:

(1) knowledge or reasonably trustworthy information of facts and circumstances that

(2) were sufficient to warrant a person of reasonable caution in the belief that plaintiff had committed, was committing, or was about to commit a crime.[6]

An arrest made with probable cause is lawful even if the plaintiff actually did not commit the crime.[7] The arrestee's actual guilt or innocence is irrelevant to the determination of probable cause.[8] Probable cause requires only the probability of criminal activity; it does not require certainty. Nor does it not require an actual showing of criminal activity. Moreover, it is not necessary to show that there was probable cause for each possible crime that an arrestee committed or was committing or was attempting to commit. The officer need only have probable cause to believe that the arrestee was committing or had committed or was attempting to commit a crime. So long as there is probable cause for some crime, even for a crime that the arrestee was not charged with, it is irrelevant if the crime the officer had in mind was the crime for which there was probable cause. An arrest made with probable cause is lawful even though it may

---

[2] The elements of false arrest are as follows: 1) the defendant intended to confine plaintiff; 2) the plaintiff was conscious of the confinement; 3) the plaintiff did not consent to the confinement; 4) the confinement was not otherwise privileged. See Singer v. Fulton County Sherriff; See Broughton v. State, 37 N.Y.2d 451, 456 (1975). Here, the only element at issue is whether plaintiff's confinement was privileged.

[3] Manigault v. Brown, 11 Civ. 4307 (Kaplan, J.) (S.D.N.Y. July 2012).

[4] Id.

[5] Maron v. County of Albany, 166 Fed. Appx. 540 (2d. Cir. 2006).

[6] Manigault.

[7] Id.

[8] Annunziata v. City of New York, 06 Civ. 7637 (SAS) (S.D.N.Y. Sept. 2008); Tsesarskaya v. City of New York, 11 Civ. 4897 (AJP) (S.D.N.Y. June 2012).

end up that the plaintiff may not in fact have committed any of the crimes for which he was arrested. The law also provides that the police officer's subjective reason—that is, his state of mind— for making the arrest is irrelevant if probable cause otherwise exists. If the defendant had probable cause to believe that plaintiff committed even a very minor criminal offense in their presence, plaintiff's arrest and confinement was privileged.[9]

Whether probable cause exists depends on whether the actions of the defendant were those of a reasonably prudent officer under similar circumstances. An officer bases a determination of probable cause based on the totality of circumstances at the time of the events as viewed by a reasonable and prudent police officer in light of his training and experience. Put another way, probable cause exists when an officer has knowledge of facts and circumstances that collectively are of such weight and persuasiveness as to convince an officer of ordinary intelligence, judgment, and experience that it is reasonably likely that the person arrested committed a crime.

The existence of probable cause is measured at the moment of arrest, not based on later developments.[10] You are not to view the question of probable cause from a position of calm, reflective hindsight, but from the position of how the circumstances appeared to the officers at the time.[11],[12] Thus, the ultimate disposition of the criminal charge against plaintiff, whatever it may have been, is irrelevant

---

[9] Atwater v. City of Lago Vista, 532 U.S. 318, 354 (2001).
[10] Manigault; Tsesarskaya.
[11] See Maryland v. Pringle, 540 U.S. 366, 371 (2003).
[12] The test of probable cause is objective. An officer's subjective state of mind (except for the facts that he knows) is irrelevant to the existence of probable cause. Devenpeck v. Alford, 543 U.S. 146, 153 (2004). The subjective reason for making the arrest need not be the criminal offense as to which the known facts provide probable cause. The Supreme Court has stated "the fact that the officer does not have the state of mind which is hypothecated by the reasons which provide the legal justification for the officer's action does not invalidate the action taken as long as the circumstances, viewed objectively, justify that action." Devenpeck, 543 U.S. at 153. See also Rutigliano v. City of New York, 326 Fed. Appx. 5 (2d. Cir. 2009) (holding that plaintiff's false arrest claim must be dismissed where defendant erroneously subjectively arrested plaintiff for unlawful possession of a controlled substance, but objectively had probable cause to arrest plaintiff for reckless endangerment in the second degree because they had knowledge that plaintiff was in a physical altercation with a woman on the street).

to this question.[13]  So long as there is probable cause, a police officer is not required to explore every theoretical claim of innocence before making an arrest[14] or conduct a more probing investigation, for example, by accepting explanations or defenses from the plaintiff.  In fact, an officer has no duty to investigate any claims of innocence by an arrestee.[15]  Moreover, probable cause is not defeated simply because a police officer ignored any statements of innocence by an arrestee or his witnesses.[16]  Probable cause may also exist where the officer has relied on mistaken information, so long as it was reasonable for him to rely on it.

Once officers possess facts sufficient to establish probable cause, they are neither required, nor allowed, to sit as prosecutor, judge or jury.[17]  Their function is to apprehend those suspected of wrongdoing, and not to finally determine guilt through the weighing of the evidence.[18]  Probable cause can exist even where it is based on mistaken information, so long as the arresting officer acted reasonable and in good faith in relying on that information.[19]

The existence of probable cause is not measured by the strict standards required for criminal conviction.[20] An officer need not have been convinced beyond a reasonable doubt at the time of an arrest that a criminal offense was being or had been committed or was attempted.[21]  Probable cause requires only a fair probability that an offense has been or is being committed or was attempted.[22] There need not have been evidence proving each of the elements of the offense at the time the officer made the

---

[13] Manigualt; See also Benushi v. PO Palmer, 08-CV-2937, (KAM) (E.D.N.Y. Jan. 2011).
[14] Annunziata.
[15] Id.; Tsesarskaya.
[16] Annunziata.
[17] Tsesarskaya.  See also, Cerrone v. Brown, 246 F.3d. 194, (2d Cir. 2001).
[18] Tsesarskaya.
[19] Tsesarskaya.  See also Dawson v. Snow, 356 Fed. Appx. 526 (2d. Cir. 2009).
[20] Manigualt.
[21] Id
[22] Id

arrest. [23],[24]

Moreover, it is not necessary to show that there was probable cause for each possible offense that an arrestee committed or was committing.[25] The officer need only have probable cause to believe that the arrestee was committing or had committed a single crime or was about to commit a crime.[26],[27] An arrest made with probable cause is lawful even though the plaintiff may not have committed any of the offenses for which he was arrested.[28],[29]

In addition, if an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may arrest the offender.[30] This means that if there was probable cause at the time of the arrest to believe that plaintiff had committed any crime, then the arrest was lawful. Furthermore, if there is probable cause to arrest someone, the officer may do so, even if he has the option of issuing a summons instead.

Finally, you cannot take into account any perceptions you may have regarding the defendant's underlying intent or motivation.[31] Even if an officer acts with evil intentions, that officer will

---

[23] <u>Manigault</u>. <u>See</u> <u>Devenpeck v. Alford</u>, 543 U.S. 146, 152-53 (2004); <u>Michigan v. DeFilippo</u>, 443 U.S. 31, 36 (1979).

[24] <u>See</u> <u>McGuire v. City of New York</u>, 142 Fed. Appx. 1, 3 (2d Cir. N.Y. 2005) ("This court has recognized that, when an officer has evidence that a defendant has engaged in conduct proscribed by law - whether transporting a quantity of drugs, possessing a stolen item, or driving with a suspended license - he has probable cause to arrest the person even without specific evidence on the elements of knowledge and intent that will have to be proved to secure a conviction at trial. The conclusion derives from the practical realization that an officer frequently has 'no reason to know at the time' he observes a person engaged in proscribed conduct what is in the person's mind. It is further supported by the law's general recognition that 'the fact that an innocent explanation may be consistent with the facts as alleged … does not negate probable cause'") (internal quotations and citations omitted).

[25] <u>See</u> <u>Spero v. Tudor</u>, 11-CV-4850 (BMC) (E.D.N.Y. Oct. 2012)

[26] <u>Spero</u>.

[27] In <u>Spero</u>, Judge Cogan charged "Please also note, you do not have to be unanimous on which offenses you find probable cause, whether charged or not, only that you are unanimous that probable cause existed for an offense."

[28] <u>Spero</u>; <u>Annunziata</u>.

[29] This charge stems from the opinion in <u>Devenpeck</u>. <u>See</u> <u>also</u> <u>Jaegly v. Couch</u>, 439 F.3d. 149 (2d. Cir. 2006)("The focus is on the validity of the arrest, and not the validity of each charge.").

[30] <u>Florence v. Bd. of Chosen Freeholders</u>, 56 U.S. 318, 338 (2012).

[31] <u>Spero</u>.

not have violated an individual's Fourth Amendment rights if he had probable cause under the circumstances.[32]  Conversely, even if an officer acts with good intentions, that officer will have violated plaintiff's Fourth Amendment right if, based on the circumstances, a reasonable police officer would not have thought that the plaintiff had committed or was about to commit a crime.[33]

The question for you to answer is whether the defendants have proved, by a preponderance of the evidence, that they had probable cause to believe that plaintiff was committing, or had committed, or was attempting to commit any of the crimes of criminal possession of a controlled substance in the 7th degree, obstruction of governmental administration in the second degree, or unlawful possession of marijuana. Bear in mind, however, that the issue for you is only whether defendant had probable cause for the arrest, not whether plaintiff was in fact guilty of any crime.[34]

I therefore will instruct you on the definitions of three different crimes under New York law which you should consider in determining whether the defendant had probable cause to arrest plaintiff.  Bear in mind, however, that you are being asked only to decide whether the defendant had probable cause, not whether plaintiff in fact was guilty of any of these crimes.

First, defendant contends that there was probable cause to arrest plaintiff for criminal possession of a controlled substance in the 7th degree.  A person is guilty of criminal possession of a controlled substance in the 7th degree when he or she knowingly and unlawfully possesses a controlled substance…."[35]

Second, defendant contends that there was probable cause to arrest plaintiff for obstruction of governmental administration in the second degree. A person is guilty of obstruction of governmental

---

[32] Id.
[33] Id.
[34] Annunziata.
[35] NYPL § 220.03.

administration when he intentionally obstructs, impairs, or perverts the administration of law or other governmental function or prevents or attempts to prevent a public servant from performing an official function, by means of intimidation, physical force or interference, or by means of any independently unlawful act.[36]

Third, defendant contends that there was probable cause to arrest plaintiff for unlawful possession of marijuana. A person is guilty of unlawful possession of marijuana when he knowingly and unlawfully possesses marijuana.[37]

Finally, the criminal law also penalizes attempts to commit a crime:

A person is guilty of an attempt to commit a crime when, with intent to commit a crime, he engages in conduct which tends to effect the commission of such crime.

Thus if, at the time the defendant arrested the plaintiff, there was probable cause to believe that he had committed any of these criminal acts, or <u>attempted</u> to commit any of them, then you must find for defendant. If defendant lacked probable cause for the arrest, and all the other elements I've described are satisfied, then he did violate his constitutional rights, and you must find for plaintiff. Please also note: you do not have to be unanimous as to which offense or offenses for which you find there was probable cause. You only need to be unanimous in finding that probable cause existed for the arrest.

*Intent*

To prove a claim for false arrest, plaintiff bears the burden of showing that the defendant acted intentionally or recklessly in committing the acts that plaintiff alleges violated her federal rights.

An act is intentional if it is done voluntarily and deliberately and not because of mistake, accident, negligence, or another innocent reason. An act is reckless if done in conscious disregard of its known probable consequences.

---

[36] NYPL § 195.05.
[37] NYPL § 221.05 (repealed March 31, 2021).

## <u>Malicious Prosecution</u>

Plaintiff has also brought a claim for malicious prosecution against the defendants. To establish a claim for malicious prosecution, a plaintiff must prove the following elements by a preponderance of the evidence: (1) that the defendant you are considering initiated the criminal proceeding against plaintiff, (2) that the criminal proceeding was terminated in plaintiff's favor, (3) that there was no probable cause for the commencement of the criminal proceeding, (4) that the defendant you are considering acted with actual malice in commencing the criminal proceedings against the plaintiff, and (5) that the plaintiff suffered a post-arraignment deprivation of liberty.[38] The burden of proof is on the plaintiff to prove by a preponderance of evidence each of these elements.

### (1) <u>Initiation of the Prosecution</u>

A defendant may be said to have initiated a criminal prosecution if the defendant (1) directed or required a prosecutor to prosecute, (2) gave the prosecutor, directly or indirectly, such as through the filing of a criminal complaint, information which the defendant knew to be false, or (3) withheld information that a reasonable person would realize might affect the prosecutor's determination whether to prosecute. A defendant cannot be said to have commenced a criminal proceeding simply because he fairly and truthfully disclosed to the prosecutor all matters within his knowledge that a reasonable person would believe would be important to the question of plaintiff's guilt or innocence. If, however, you find that the defendants gave the prosecutor information that the defendant knew to be false, the defendant is responsible for initiating the prosecution.

To summarize, in order to prevail on his malicious prosecution claims, the plaintiff must prove by a preponderance of the evidence that the defendant you are considering commenced or initiated

---

[38] This instruction has been taken from the Jury Instructions given by the Hon. Paul G. Gardephe in <u>Manuel Fana v. City of New York, et al.</u>, 15 CV 8114 (PGG) (S.D.N.Y. – delivered on June 8, 2018).

criminal proceedings against him. [39]

## (2) **Termination in Favor of the Accused**

The second element that plaintiff must prove by a preponderance of the evidence is that the underlying criminal proceeding was terminated in favor of the plaintiff. A plaintiff can satisfy this element by showing that his criminal case ended without a conviction.[40]

## (3) **Probable Cause**[41]

The third element that the plaintiff must prove by a preponderance of the evidence is that there was no probable cause to believe that the plaintiff was guilty of criminal possession of a controlled substance in the seventh degree.

We are now discussing probable cause to initiate and continue a criminal prosecution. I have previously discussed the issue of probable cause with regard to plaintiff's false arrest claim. With respect to that claim, I instructed you as to whether the defendants had probable cause to initially arrest the plaintiff. Now we are talking about probable cause at a different period of time, and a different phase of the criminal proceeding. We are now past the arrest stage and into the actual initiation of the prosecution.

The plaintiff must prove that a defendant acted without probable cause in commencing the criminal proceeding against him. Whether probable cause existed depends upon whether a reasonably prudent person would have believed the plaintiff to be guilty of the crime with which he was charged in the criminal complaint –criminal possession of a controlled substance in the seventh degree– on the basis of the facts the defendant officers knew when they initiated the prosecution, or that they reasonably

---

[39] Taken from the Jury Instructions in <u>Fana</u> 15 CV 8114 (PGG).
[40] <u>Thompson v. Clark</u>, 142 S. Ct. 1332, 1335 (2022).
[41] This instruction has been taken from the Jury Instructions given by the Hon. Allyne R. Ross in <u>Reginald Johnson v. Robert Mayer, et al.</u>, 13 CV 7173 (ARR) (E.D.N.Y. – delivered on June 22, 2016).

believed to be true.  The fact that the criminal charge was ultimately dismissed is not evidence that the officers lacked probable cause at the time the prosecution was initiated.

To determine whether a defendant had probable cause to initiate the criminal proceeding against plaintiff, you must consider the elements of the crime with which he was charged, which I will now repeat: A person is guilty of criminal possession of a controlled substance in the 7th degree when he or she knowingly and unlawfully possesses a controlled substance...."[42]

### **Malice**[43]

The fourth element plaintiff must prove by a preponderance of the evidence is that the defendant you are considering acted with actual malice in commencing the criminal proceedings against him.  A prosecution is initiated maliciously if it is initiated for a purpose other than bringing an offender to justice, for some ulterior purposes other than to secure punishment for a crime, or in reckless disregard of the rights of the person accused.  Malice may be inferred from a lack of probable cause, but only where probable cause was so totally lacking that no reasonable officer could have thought it existed.

### (4) **Deprivation of Liberty**[44]

The final element plaintiff must prove by a preponderance of the evidence is that he suffered a deprivation of liberty after his arraignment.  A plaintiff can satisfy this element by showing that he was required to appear in court in connection with criminal proceedings initiated by the defendant you are considering.

### **First Amendment Retaliation**

---

[42] NYPL § 220.03.
[43] Taken from the Jury Instructions in <u>Fana</u> 15 CV 8114 (PGG).
[44] Taken from the Jury Instructions in <u>Fana</u> 15 CV 8114 (PGG).

Plaintiff alleges that the defendants retaliated against him for exercising his right to free speech under the First Amendment to the United States Constitution by arresting him in retaliation for filing prior complaints and lawsuits against officers at their precinct.

First, if you already found that plaintiff failed to prove that he was falsely arrested, you must find for defendants on the First Amendment retaliation claim.[45]

To prevail on his First Amendment Retaliation claim, plaintiff must show:

First, that his speech or conduct was protected by the First Amendment.

Second, that the defendants took an adverse action against him.

Third, that there was a causal connection between this adverse action and the protected speech.[46]

On the first requirement, I instruct you as a matter of law that the First Amendment also protects the right to complain to public officials and to seek redress from a public official's actions from a court or public agency.

On the second requirement, you must ask whether defendants Gomez or Romero took actions that were adverse to plaintiff's exercise of his First Amendment rights. In other words, you must determine whether defendants Gomez or Romero arrested plaintiff to retaliate against him specifically because he made complaints and filed lawsuits against other members of the NYPD in the past. If defendants Gomez or Romero took the actions they did for other reasons that were not motivated or substantially caused by plaintiff's exercise of a First Amendment right, then they did not have a retaliatory motive. A retaliatory motive may be proven with direct or circumstantial evidence. I described direct and circumstantial evidence to you earlier.

---

[45] Singer v. Fulton Cty Sheriff, 63 F.3d 110, 120 (2d Cir. 1995).
[46] Matthews v. City of N.Y., 779 F.3d 167, 172 (2d Cir. 2015).

The third requirement for plaintiff's First Amendment retaliation claim will be met if plaintiff can prove that his speech has been effectively chilled by the retaliation or that he has suffered some other type of concrete harm as a result of the retaliatory conduct. To show that his First Amendment speech was effectively chilled, plaintiff must prove that he sustained an actual adverse impact or restriction on his ability to engage in First Amendment speech that is not merely speculative. To show that he has suffered some other type of concrete harm, plaintiff must prove an actual injury, such as a financial or economic loss. See Dorsett v. County of Nassau, 732 F.3d 157, 160 (2d Cir. 2013); Zherka v. Amicone, 634 F.3d 642, 646 (2d Cir. 2011); Tabbaa v. Chertoff, 509 F.3d 89, 102 (2d Cir. 2007); Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 90 (2d Cir. 2002); Gagliardi v. Vill. of Pawling, 18 F.3d 188, 195 (2d Cir. 1994).