UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DARWIN COLUMNA,

                              Plaintiff,

              -against-

NYPD OFFICER GENNER GOMEZ, et al.,

                              Defendants.

19-cv-03801 (JLR)

**ORDER**

JENNIFER L. ROCHON, United States District Judge:

        After a jury trial, the jury returned a verdict in favor of Defendants NYPD Officers

Genner Gomez and Pedro Romero.  The Court Exhibits from trial are appended to this Order:

- Court Exhibit 1: Draft *voir dire* questionnaire

- Court Exhibit 2: Preliminary jury instructions

- Court Exhibit 3: Draft verdict sheet

- Court Exhibit 4:  Final *voir dire* questionnaire

- Court Exhibit 5: Draft jury charge

- Court Exhibit 6: Draft verdict sheet

- Court Exhibit 7: Final verdict sheet

- Court Exhibit 8: Final jury charge

- Court Exhibit 9: Jury verdict (with juror names redacted)

Dated: April 3, 2023
         New York, New York

                                        SO ORDERED.

                                        _____
                                        JENNIFER L. ROCHON
                                        United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| |
|---|
| DARWIN COLUMNA, |
| Plaintiff, |
| -against- |
| NYPD OFFICER GENNER GOMEZ and NYPD DETECTIVE PEDRO ROMERO, |
| Defendants. |

Case No. 19 cv 3801 (JLR)

JENNIFER L. ROCHON, United States District Judge:

## QUESTIONS FOR JURORS

**Please indicate if your answer to any of the following questions is "yes" by circling the number of that question. If your answer to a question is "no," you need not do anything. <u>Do not write your name or make any other marks on the questionnaire.</u> The only marks you should make are circles around the questions for which the answer is "yes." If, when asked about a "yes" answer, there is a particularly sensitive issue, please say so and we will speak at the bench.**

A. <u>General Questions</u>

1. This trial is expected to last approximately five days. Do you have any commitments that would interfere with your serving as a juror at a trial that is expected to end by about Friday?

2. Do you have any personal knowledge of the allegations in this case as I have described them?

3. Have you read or heard anything about this case through the media, the Internet, or any other source?

4. Do you have any ideas or prejudices that would make it difficult for you to follow my instructions as to the law?

5. Do you have any doubt that you will be able to apply the law as I explain it to you, even if you disagree with the law or believe that it should be different?

6. Do you have any religious or ethical beliefs that would prevent you from passing judgment on another person or finding them liable?

Court Exhibit 1

7.   If you are chosen as a juror, do you know of any reason why you could not be fair and impartial?

**B.   Knowledge of People or Places**

8.   The plaintiff in this case is Darwin Columna.  Do you know, or have you had any dealings, directly or indirectly, with Mr. Columna?

9.   The plaintiff will be represented at trial by attorney Michael Levy, Jon Muenz, Nicholas Maggipinto, Victor Flores, and Ana Blinder from Sidley Austin LLP.  Do you know any of these attorneys?  Have you, or has anyone close to you, ever had any dealings with these attorneys or the firm Sidley Austin LLP?

10.   The defendants in this case are NYPD Officer Genner Gomez and NYPD Officer Pedro Romero.  Do you know, or have you had any dealings, directly or indirectly, with either Officer Gomez or Officer Romero?  Has anyone close to you ever had any dealings with Officer Gomez or Officer Romero?

11.   The lawyer for Officer Gomez and Officer Romero is the Honorable Sylvia Hinds-Radix, who is the corporation counsel for the City of New York. She is in charge of that entire office and will not personally appear at this trial. The trial will be handled by Jeffrey Frank, who is trial counsel in the Office of the Corporation Counsel, which is also called the New York City Law Department, and by Amanda Marie Rolon from Scott & Scott Attorneys at Law LLP.  Do you know any of these attorneys?  Have you, or anyone close to you ever had any dealings with Ms. Hinds-Radix, Mr. Frank, Ms. Rolon, or the Office of the Corporation Counsel / New York City Law Department, or Scott & Scott Attorneys at Law LLP?

12.   Do you know me, Judge Rochon, or have you had any prior experience in a case that was before me?

13.   The following individuals and entities may be mentioned during the trial, or may be witnesses in this case:

a.   Arhenis Batista

b.   Francis Ramos

c.   Sergeant Josue Perez

d.   Officer Pedro Roche

e.   Kristian Lopez

f.   Milagros Rodriguez

g.   Vladimir Columna

     h.     Joshua Columna

     i.     Police Officer Michael McInnis

     j.     EMT Krystal Ning

     k.     NYPD, including the 33rd Precinct

     l.     NYPD Internal Affairs Bureau (IAB)

     m.     Arms Acres Recovery Program

     n.     Civilian Complaint Review Board

     o.     Columbia Presbyterian Hospital

Do you know any of these individuals or entities?  Have you, or has anyone close to you, had any dealings, directly or indirectly, with any of these individuals or entities?

14. Some of the events that you will hear about in this case took place in the vicinity of 172nd Street and Broadway in Washington Heights, which is in Upper Manhattan, and at the 33rd Precinct police stationhouse in Washington Heights.

     a.     Do you presently live (or lived in the last ten years) near that block in Washington Heights?

     b.     Are you particularly familiar with that block in Washington Heights; for example, do you have a friend or family member that lives or once lived on that block?

     c.     Have you had any prior dealings with the 33rd Precinct or any NYPD personnel from that precinct?

## C.  Personal Experiences and Opinions

**For the questions in this section, if your answer is yes, please also answer this follow-up question: Is there anything about that experience that would affect your ability to listen to the evidence in this case with an open mind and to follow my instructions on the law?  If the matter is sensitive, it can be discussed at the bench.**

15. Have you, or has anyone close to you, ever studied or practiced law, or worked in any capacity in the legal field or court system?

16. Have you, or has anyone close to you, ever worked for or applied to work for a police department or in law enforcement?

17. Have you, has or anyone close to you, had an interaction with a New York City police officer or employees of the police department?

18. Do you have any feelings or views about the new York City Police Department or law enforcement generally that would affect your ability to be a fair and impartial juror in this case?

19. Would you be unable or unwilling to follow my instruction that the testimony of a law enforcement officer is entitled to no more and no less weight than the testimony of another witness simply because the witness is a law enforcement officer?

20. Have you ever served as a member of a grand jury?

21. Have you ever served as a juror in any court?

22. Have you or any member of your family ever been employed by the city, state or federal government?

23. Have you, or anyone close to you, ever been a party to a lawsuit, either civil or criminal?

24. Will you be able to be fair and impartial in assessing the testimony of witnesses regardless of the witness's gender, race, national origin, mental or physical disabilities, or age?

25. Do you have negative feelings about people who file lawsuits?

**D. Difficulties in Understanding or Serving**

26. Do you have any problems with your hearing or vision that would prevent you from giving full attention to all of the evidence at this trial?

27. Are you taking any medication, or do you have any medical condition, that would prevent you from giving full attention to all of the evidence at this trial?

28. Do you have any difficulty in reading or understanding English?

29. Is there anything that I have not asked you about that would make you uncomfortable about sitting on this case, or that makes you feel like you cannot be a fair and impartial juror in this case?

Court Exhibit 1

<u>Questions for Individual Jurors</u>

1. Please state your name, your county of residence, your borough if you live in one, and your neighborhood.  Have you lived in this county for more than 5 years?

2. How old are you?

3. Do you rent or own your home?

4. How far did you go in school and what schools did you attend, beginning with high school? (If college, what was your field of study in college?)

5. Are you employed? If so, who is your employer and what are your general job duties? (If retired or unemployed, please identify your last employer and general job duties.)

6. How long have you been employed in your current position?  If fewer than five (5) years, where else did you work in the last five (5) years?

7. Who are the members of your household and for whom do they work?

8. If you have grown children, for whom do they work?  If any are college students, what is their field of study?

9. Do you belong to any social, union, professional, political, or religious organizations or clubs? If so, which ones?

10. Where do you typically get your news (for example, print, television, cable news, radio, websites, social media)? Which papers, shows or sites in particular?

Court Exhibit 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DARWIN COLUMNA,

Plaintiff,

-against-

NYPD OFFICER GENNER GOMEZ and
NYPD DETECTIVE PEDRO ROMERO,

Defendants.

Case No. 19 cv 3801 (JLR)

JENNIFER L. ROCHON, United States District Judge:

## PRELIMINARY JURY INSTRUCTIONS

1. **Role of Judge and Jury**

   **A.** Now that you have been sworn, let me give you some instructions about your duties as
   jurors.  In the American system of justice, the judge and the jury have separate roles.

   **i.** My job is to instruct you as to the law that will govern this case, and I will give
   you most of those instructions at the very end of the trial, although I will give
   you some, including these, before the end.  You <u>must</u> take your instructions from
   the Court — that is, from me —and you are bound by those instructions.  You
   may not substitute your own ideas of what the law is or what you think the law
   should be.

   **ii.** Your job as jurors will be to determine the facts based on the evidence that
   comes in during the course of the trial.  You are the only deciders of the fact
   issues, and your determination of the facts will control.

   **iii.** Please do not take anything that I say or do during the course of the trial as
   indicating that I have a view as to your factual determination.  Those decisions
   are for you.

    **iv.** At the conclusion of the case, your job will be to determine whether the plaintiff has proven his claims against each defendant according to my instructions on the law.

## 2. Order of Trial

**A.** Let me explain how the trial will proceed.

**B.** First, I will review some preliminary instructions on the legal claims in this case so that it is easier for you to put into context the evidence that will be presented.  I will also instruct you at the end of the case with these instructions and some additional ones, but it is sometimes helpful to be provided with some context before you start to hear the evidence.

**C.** The first/next step in the trial will be opening statements.  First, counsel for the plaintiff will make an opening statement, which is simply an outline to help you understand the evidence as it is presented.  Then counsel for the defendants will make an opening statement.  I instruct you, however, that opening statements are not evidence.

**D.** After opening statements, the plaintiff will present his evidence.  That evidence will consist of the testimony of witnesses as well as documents and exhibits.  The plaintiff's lawyers will examine the witnesses and then the defendants' lawyers may cross-examine them.  Because the plaintiff and defendants may call some of the same witnesses, I will allow longer examinations for both sides so that each witness is called only once.  That will be most efficient for the parties and for you.  Following the plaintiff's case, the defendants may present a case and may call additional witnesses.  The plaintiff's lawyers will have the opportunity to cross-examine any witnesses testifying for the defendants.

**E.** After the presentation of evidence is completed, counsel for the parties will deliver their closing arguments to summarize and interpret the evidence.  Just as the lawyers' opening statements are not evidence, their closing arguments are not evidence either.

**F.** Following closing arguments, I will instruct you on the law.  Then you will retire to deliberate on your verdict, which must be unanimous, and must be based on the evidence presented at trial.

**G.** It is important to remember that this is a civil case.  You may have heard of the "beyond a reasonable doubt" standard in criminal cases.  That requirement does <u>not</u> apply to a civil case and you should put it entirely out of your mind.  In civil cases, the burden is different and it is called proof by a "preponderance of the evidence."  To

establish facts by a preponderance of the evidence means to prove that the facts are more likely true than not true.  I will, however, instruct you fully on the burden of proof after all of the evidence has been received.

**3.    What Is and Isn't Evidence**

**A.** What, then, is evidence?  Evidence consists only of the testimony of witnesses, documents and other things admitted as evidence, or any stipulations agreed to by the attorneys.  Some of you probably have heard the terms "circumstantial evidence" and "direct evidence."  Do not be concerned with these terms.  You are to consider all the evidence given in this trial.

**B.** Certain things are not evidence and must not be considered by you.  The following are things that are not evidence:

**i.** <u>First</u>, statements and questions by any of the attorneys are not evidence.  Nor are statements I make or questions I ask of a witness, if any.  And, as I said a moment ago, opening and closing statements by the parties are not evidence.

**ii.** <u>Second</u>, objections to questions are not evidence.  Counsel for the parties are permitted to raise an objection when they believe that evidence being offered is improper under the rules of evidence.  You should not be influenced by the objections or by my rulings on them.  If an objection is sustained, ignore the question and any answer that may have been given.  If it is overruled, treat the answer like any other.  If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

**iii.** <u>Third</u>, testimony that I have excluded or told you to disregard is not evidence and must not be considered.

**iv.** <u>Fourth</u>, anything you may have seen or heard outside the courtroom is not evidence and must be disregarded.  You are to decide the case based solely on the evidence presented here in this courtroom.

**C.** You may or may not be shown by the attorneys charts or summaries in order to make the other evidence more meaningful and to aid you in considering the evidence.  They are called demonstratives.  They are no better than the testimony or the documents upon which they are based, and are not themselves independent evidence. Therefore, you are to give no greater consideration to these schedules or summaries than you would give to the evidence upon which they are based.

    **i.**  It is for you to decide whether the charts, schedules or summaries correctly present the information contained in the testimony and in the exhibits on which they were based. You are entitled to consider the charts, schedules and summaries if you find that they are of assistance to you in analyzing and understanding the evidence.

## 4.   **Evaluating the Evidence**

**A.**  In deciding the facts of the case, you will have to decide the credibility of the witnesses — that is, how truthful and believable they are.  There is no formula to evaluate evidence.

    **i.**  For now, suffice it to say that you bring with you into this courtroom all of the experience and background of your lives.  Do not leave your common sense outside the courtroom.  The same types of tests that you use in your everyday dealings are the tests that you should apply in deciding how much weight, if any, to give to the evidence in this case.

    **ii.**  You can apply the same tests here in this courtroom that you use in your everyday life when judging whether someone is telling you the truth:

        **a.**  Did they appear to be telling the truth?

        **b.**  Did they have a motive to tell you the truth or to lie?

        **c.**  Did they appear to have a good recollection of the events they're describing?

    **iii.**  Any test that you apply normally in making assessments of reliability and credibility, you can use here. Sometimes, of course, it's not what a witness says but how they say it that can be important to that determination.

**B.**  The law does not require you to accept all of the evidence admitted at trial.  In determining what evidence you accept, you must make your own evaluation of the testimony from each of the witnesses and the exhibits that are received in evidence.

**C.**  It is essential, however, that you keep an open mind until you have heard <u>all</u> of the evidence in the case.  A case can be presented only step by step, witness by witness.

**D.** Why?  As you know from experience, you can hear one person give his or her version of an event and think it sounds very impressive or even compelling, and yet, upon hearing another person's version of the same event — or even the same person cross-examined with respect to the event — things may seem very different.  In other words, there may be another side to any witness's story.

**E.** You should use your common sense and good judgment to evaluate each witness's testimony based on all of the circumstances.  Again, I cannot emphasize too strongly that you must keep an open mind until the entire trial is over.  You should not reach any conclusions until you have all the evidence before you.

**5.    Rules of Conduct**

**A.** Finally, let me instruct you about certain rules and principles governing your conduct as jurors in this case.

    **i.** <u>First</u>, you must not talk to each other about this case or about anyone who has anything to do with it until the end of the case when you go to the jury room to decide on your verdict.  And why do we have that rule? We have that rule because we know it's human nature, if you start discussing something, you start expressing a point of view, and then you start defending the point of view, and then you start agreeing or disagreeing with each other.  We don't want you to do that until all the evidence is before you.  During deliberations, that's the time to discuss the case.  As I have said, keep an open mind until you start your deliberations at the end of the case.

    **ii.** <u>Second</u>, do not communicate with anyone else about this case or with anyone who has anything to do with it until the trial has ended and you have been discharged as jurors.  Anyone else includes members of your family and your friends.  And no communicating about the case means no communicating on Facebook, Twitter, blogs, whatever.  You may tell your family and friends that you are a juror in a civil case, but please do not tell them anything else about it until you have been discharged by me.  Do not comment on social media about this case or the fact that you are a juror; do not update your status or any website to reflect that you are a juror.

    **iii.** <u>Third</u>, do not let anyone talk to you about the case or about anyone who has anything to do with it.  If any person should attempt to communicate with you about this case at any time throughout the trial, either in or out of the courthouse, you must immediately report that to my Deputy and to no one else.  When I say report that communication to no one else, I mean that you should not tell anyone, including your fellow jurors.

     **a.** To minimize the probability of any such improper communication, it is important that you go straight to the jury room when you come in in the morning and that you remain in the courtroom or the jury room for the duration of the trial day.  You should use the bathrooms in the jury room rather than the bathrooms on this or any other floor; and, as you were probably told already, you may not use the cafeteria.  Given that our morning and afternoon breaks will be short, it is best that you remain in the jury room if you can.

**iv.** <u>Fourth</u>, do not do any research or any investigation on your own about the case or about anyone who has anything to do with the case.  During the course of the trial, you will receive all the evidence you may properly consider to decide the case.  Because of this, unless and until you are excused as a juror, you should not attempt to gather any information on your own relating to the case.

     **a.** Do <u>not</u> engage in any outside reading on this case.

     **b.** Do <u>not</u> attempt to visit any places mentioned in the case.

     **c.** Do <u>not</u> use the Internet — Google, Facebook, Twitter, or any other social media site — to learn anything about the case or anyone involved in the case, including the lawyers, parties, witnesses, or me.

     **d.** Do <u>not</u> do research of any nature or talk to anyone about the facts of the case or anyone involved in it.

     **e.** The reason for these rules, as I am certain you understand, is that your decision in this case must be made solely on the evidence presented at trial, or lack of evidence.

**v.** I expect you to inform me immediately, through my Deputy, if you become aware of another juror's violation of these instructions.

**vi.** This is a public courtroom.  People can come and go.  It may be that you even know someone who enters this courtroom during this trial. If you do, that's fine. Just let my Deputy know so that I can give you a separate instruction.

## 6.  Notetaking

**A.**  Finally, each of you will be given a notebook and pen.  That is because I permit jurors to take notes.  But you do not have to take notes.  Notes are just an aid to your own recollection.  The court reporters in this case record everything that is said in the courtroom and any portion of the testimony can be read back to you during your deliberations.   If you do take notes, be aware that note-taking may distract you from something important that is happening on the witness stand.  Please take whatever approach with regard to notes that you think is best to ensure that you are paying attention to all of the evidence presented.  Also, if you do take notes, please begin writing on the second page of your legal pad, and please put your juror number on the first page of the pad (not the cover), so that we can be sure that only you will be making and reviewing the notes that are written in your pad.

**B.**  I want to emphasize that your notes are not to be shared with fellow jurors during deliberations, that the fact that a juror has taken notes will not entitle him or her to any greater voice in the deliberations, and that a transcript will be available to all jurors if there is any difficulty remembering the testimony.  If you do take notes, all notes must be left each day in the jury room.  My Deputy will make sure that they are secure.

## 7.  Final Instruction

**A.**  From this point until the time when you retire to deliberate, it is your duty not to discuss this case, and not to remain in the presence of other persons who may be discussing this case.  In that regard, please remember that the parties and counsel in this case have been instructed to have no contact with any of you.  So if you happen to see any of them outside this courtroom, and they do not acknowledge you, say hello, or make small talk, please do not take offense.  As I mentioned earlier, they are not being rude — they are simply following my instructions.

**DRAFT**                                                    **Court Exhibit 3**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DARWIN COLUMNA,

                                  Plaintiff,

              -against-                                    Case No. 19 cv 3801 (JLR)

NYPD OFFICER GENNER GOMEZ and
NYPD DETECTIVE PEDRO ROMERO,

                                  Defendants.


JENNIFER L. ROCHON, United States District Judge:


**<u>DRAFT VERDICT FORM</u>**

**DRAFT**                                                               **Court Exhibit 3**

## First Cause of Action: False Arrest

**Question 1**:
Has plaintiff established by a preponderance of the evidence that Mr. Columna was falsely arrested on April 16, 2016, by:

     (a) Police Officer Genner Gomez:     Yes _____     No _____

     (b) Police Officer Pedro Romero:     Yes _____     No _____

*If you answered Yes to either Question 1a or 1b, proceed to Question 2.*
*If you answered No to both Question 1a and 1b, proceed to Question 3.*

**Question 2:**
(a)    Has plaintiff proved, by a preponderance of the evidence, that he is entitled to compensatory damages for his false arrest claim?

     Yes _____     No _____

(b)    If you answered YES to Question 2a, please write the amount of compensatory damages on the line below that would fairly and adequately compensate Plaintiff for his injury proximately cause by his false arrest.

     $_____

(c)    If you did not award any compensatory damages to plaintiff on his false arrest claim, please enter a nominal damages award of $1.

     $_____

*(Please proceed to Question 3)*

**Second Cause of Action: Malicious Prosecution**

**Question 3**:
Has plaintiff established by a preponderance of the evidence that Mr. Columna was maliciously prosecuted by Police Officer Genner Gomez:

Yes _____          No _____

*If you answered Yes to Question 3, proceed to Question 4.*
*If you answered No Question 3, proceed to Question 5..*

**Question 4:**
(a)     Has plaintiff proved, by a preponderance of the evidence, that he is entitled to compensatory damages for his malicious prosecution claim?

          Yes _____          No_____

(b)      If you answered YES to Question 4a, what amount of money should Plaintiff be awarded in compensatory damages that would fairly and adequately compensate Plaintiff for his injury proximately caused by his malicious prosecution for injuries that he suffered over and above what you have already compensated him for by your award, if any, on the previously considered claim for false arrest?

          $_____

(c)     If you did not award any compensatory damages to plaintiff on his malicious prosecution claim, please enter a nominal damages award of $1.
          $_____

*(Please proceed to Question 5)*

2

**Third Cause of Action: First Amendment Retaliation**

**Question 5**:
Has plaintiff established by a preponderance of the evidence that Mr. Columna was arrested on April 16, 2016 in retaliation for his exercise of his First Amendment rights, by:

      (a) Police Officer Genner Gomez:     Yes _____        No _____

      (b) Police Officer Pedro Romero:     Yes _____        No _____

*If you answered Yes to either Question 5a or 5b, proceed to Question 6.*
*If you answered No to both Question 5a and 5b, your deliberations are finished and you should proceed to page 5 to sign the verdict sheet.*

**Question 6:**
(a)    Has plaintiff proved, by a preponderance of the evidence, that he is entitled to compensatory damages for his retaliation claim?

      Yes _____        No_____

(b)    If you answered YES to Question 6a, what amount of money should Plaintiff be awarded in compensatory damages that would fairly and adequately compensate Plaintiff for his injury proximately caused by his first amendment claim for retaliation for injuries that he suffered over and above what you have already compensated him for by your award, if any, on the previously considered claims for false arrest and malicious prosecution?

      $_____

(c)    If you did not award any compensatory damages to plaintiff on his false arrest claim, please enter a nominal damages award of $1.

      $_____

*(Please proceed to Question 7)*

3

**Punitive Damages**

**Question 7**:
(a)     Has plaintiff established by a preponderance of the evidence that he is entitled to punitive damages from the defendant as to whom you answered YES to either Questions 1, 3 or 5?

i.     Police Officer Genner Gomez:     Yes _____     No _____

ii.     Police Officer Pedro Romero:     Yes _____     No _____

(b)     If you answered YES, please write the amount of punitive damages, if any, you award as to each defendant:

i.     Police Officer Genner Gomez:     $_____

ii.     Police Officer Pedro Romero:     $_____

*(Please proceed to the last page, page 5)*

**You have completed all questions.  Please proceed to the signature line below.**

**SIGNATURE LINE**

Foreperson and other jurors, please sign and date the verdict sheet.  Then, without disclosing your verdict, advise the Marshal, that you have reached a verdict and are ready to return to the courtroom to announce your verdict.

_____          _____
Foreperson

_____          _____

_____          _____

_____          _____

Dated: _____

5

Court Exhibit 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DARWIN COLUMNA,

                                    Plaintiff,

            -against-                                    Case No. 19 cv 3801 (JLR)

NYPD OFFICER GENNER GOMEZ and
NYPD DETECTIVE PEDRO ROMERO,

                                    Defendants.

JENNIFER L. ROCHON, United States District Judge:

## QUESTIONS FOR JURORS

**Please indicate if your answer to any of the following questions is "yes" by circling the number of that question.  If your answer to a question is "no," you need not do anything. <u>Do not write your name or make any other marks on the questionnaire.</u>  The only marks you should make are circles around the questions for which the answer is "yes."  If, when asked about a "yes" answer, there is a particularly sensitive issue, please say so and we will speak at the bench.**

## A.  <u>General Questions</u>

1. This trial is expected to last approximately five days.  Do you have any commitments that would interfere with your serving as a juror at a trial that is expected to end by about Friday?

2. Do you have any personal knowledge of the allegations in this case as I have described them?

3. Have you read or heard anything about this case through the media, the Internet, or any other source?

4. Do you have any ideas or prejudices that would make it difficult for you to follow my instructions as to the law?

5. Do you have any doubt that you will be able to apply the law as I explain it to you, even if you disagree with the law or believe that it should be different?

6. Do you have any religious or ethical beliefs that would prevent you from passing judgment on another person or finding them liable?

7. If you are chosen as a juror, do you know of any reason why you could not be fair and impartial?

**B.  Knowledge of People or Places**

8. The plaintiff in this case is Darwin Columna.  Do you know, or have you had any dealings, directly or indirectly, with Mr. Columna?

9. The plaintiff will be represented at trial by attorney Michael Levy, Jon Muenz, Nicholas Maggipinto, Victor Flores, and Ana Blinder from Sidley Austin LLP.  Do you know any of these attorneys?  Have you, or has anyone close to you, ever had any dealings with these attorneys or the firm Sidley Austin LLP?

10. The defendants in this case are NYPD Officer Genner Gomez and NYPD Officer Pedro Romero.  Do you know, or have you had any dealings, directly or indirectly, with either Officer Gomez or Officer Romero?  Has anyone close to you ever had any dealings with Officer Gomez or Officer Romero?

11. The lawyer for Officer Gomez and Officer Romero is the Honorable Sylvia Hinds-Radix, who is the corporation counsel for the City of New York. She is in charge of that entire office and will not personally appear at this trial. The trial will be handled by Jeffrey Frank and John Schemitsch, who are trial counsel in the Office of the Corporation Counsel, which is also called the New York City Law Department.  Do you know any of these attorneys?  Have you, or anyone close to you ever had any dealings with Ms. Hinds-Radix, Mr. Frank, Mr. Schemitsch, or the Office of the Corporation Counsel / New York City Law Department?

12. Do you know me, Judge Rochon, or have you had any prior experience in a case that was before me?

13. The following individuals and entities may be mentioned during the trial, or may be witnesses in this case:

    a.  Arhenis Batista

    b.  Francis Ramos

    c.  Sergeant Josue Perez

    d.  Officer Pedro Roche

    e.  Kristian Lopez

    f.  Milagros Rodriguez

    g.  Vladimir Columna

    h.  Joshua Columna

    i.    Police Officer Michael McInnis

    j.    EMT Krystal Ning

    k.    NYPD, including the 33rd Precinct

    l.    NYPD Internal Affairs Bureau (IAB)

    m.    Arms Acres Recovery Program

    n.    Civilian Complaint Review Board

    o.    Columbia Presbyterian Hospital

Do you know any of these individuals or entities?  Have you, or has anyone close to you, had any dealings, directly or indirectly, with any of these individuals or entities?

14.    Some of the events that you will hear about in this case took place in the vicinity of 172nd Street and Broadway in Washington Heights, which is in Upper Manhattan, and at the 33rd Precinct police stationhouse in Washington Heights.

    a.    Do you presently live (or lived in the last ten years) near that block in Washington Heights?

    b.    Are you particularly familiar with that block in Washington Heights; for example, do you have a friend or family member that lives or once lived on that block?

    c.    Have you had any prior dealings with the 33rd Precinct or any NYPD personnel from that precinct?

## C.  Personal Experiences and Opinions

**For the questions in this section, if your answer is yes, please also answer this follow-up question: Is there anything about that experience that would affect your ability to listen to the evidence in this case with an open mind and to follow my instructions on the law?  If the matter is sensitive, it can be discussed at the bench.**

15.    Have you, or has anyone close to you, ever studied or practiced law, or worked in any capacity in the legal field or court system?

16.    Have you, or has anyone close to you, ever worked for or applied to work for a police department or in law enforcement?

17.    Have you, has or anyone close to you, had an interaction with a New York City police officer or employees of the police department?

18.    Have you ever been arrested?

19.   Do you have any feelings or views about the New York City Police Department or law enforcement generally that would affect your ability to be a fair and impartial juror in this case?

20.   Would you be unable or unwilling to follow my instruction that the testimony of a law enforcement officer is entitled to no more and no less weight than the testimony of another witness simply because the witness is a law enforcement officer?

21.   Have you ever served as a member of a grand jury?

22.   Have you ever served as a juror in any court?

23.   Have you or any member of your family ever been employed by the city, state or federal government?

24.   Have you, or anyone close to you, ever been a party to a lawsuit, either civil or criminal?

25.   Will you be able to be fair and impartial in assessing the testimony of witnesses regardless of the witness's gender, race, national origin, mental or physical disabilities, or age?

26.   Do you have negative feelings about people who file lawsuits?

**D. Difficulties in Understanding or Serving**

27.   Do you have any problems with your hearing or vision that would prevent you from giving full attention to all of the evidence at this trial?

28.   Are you taking any medication, or do you have any medical condition, that would prevent you from giving full attention to all of the evidence at this trial?

29.   Do you have any difficulty in reading or understanding English?

30.   Is there anything that I have not asked you about that would make you uncomfortable about sitting on this case, or that makes you feel like you cannot be a fair and impartial juror in this case?

<u>Questions for Individual Jurors</u>

1.  Please state your name, your county of residence, your borough if you live in one, and your neighborhood.  Have you lived in this county for more than 5 years?

2.  How old are you?

3.  Do you rent or own your home?

4.  How far did you go in school and what schools did you attend, beginning with high school? (If college, what was your field of study in college?)

5.  Are you employed? If so, who is your employer and what are your general job duties? (If retired or unemployed, please identify your last employer and general job duties.)

6.  How long have you been employed in your current position?  If fewer than five (5) years, where else did you work in the last five (5) years?

7.  Who are the members of your household and for whom do they work?

8.  If you have grown children, for whom do they work?  If any are college students, what is their field of study?

9.  Do you belong to any social, union, professional, political, or religious organizations or clubs? If so, which ones?

10. Where do you typically get your news (for example, print, television, cable news, radio, websites, social media)? Which papers, shows, or sites in particular?

**Court Exhibit 5**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DARWIN COLUMNA,

                              Plaintiff,

              -against-                                    Case No. 19-cv-3801 (JLR)

NYPD OFFICER GENNER GOMEZ and
NYPD DETECTIVE PEDRO ROMERO,

                              Defendants.


JENNIFER L. ROCHON, United States District Judge:


## JURY INSTRUCTIONS

# TABLE OF CONTENTS

I.  GENERAL INSTRUCTIONS ............................................................................. 1

    A.  Introductory Remarks ...................................................................... 1

    B.  Role of the Court .............................................................................. 1

    C.  Role of the Jury ................................................................................ 2

    D.  Role of Counsel ................................................................................ 2

    E.  Sympathy or Bias ............................................................................ 3

    F.  Burden of Proof ............................................................................... 4

    G.  What Is and Is Not Evidence ........................................................... 5

    H.  Direct and Circumstantial Evidence ............................................... 6

    I.  Witness Credibility .......................................................................... 7

    J.  Prior Inconsistent Statement ........................................................... 9

    K.  Multiple Defendants ...................................................................... 10

    L.  Use of Deposition Testimony ........................................................ 10

II.  SUBSTANTIVE INSTRUCTIONS ............................................................... 10

    A.  Section 1983 .................................................................................. 11

        1.  First Element – Action under Color of State Law ..................... 12

        2.  Second Element – Deprivation of a Federal Right ..................... 12

        3.  Third Element – Proximate Cause ............................................. 22

        4.  Summary of Section 1983 Claim ............................................... 23

III.  DAMAGES .................................................................................................. 24

    A.  Purpose of Damages ...................................................................... 24

    B.  Compensatory Damages ................................................................ 25

    C.  Multiple Claims – Avoidance of Double Recovery ....................... 27

    D.  Nominal Damages .......................................................................... 27

    E.  Punitive Damages .......................................................................... 28

IV.  DELIBERATIONS OF THE JURY ............................................................... 29

    A.  Selection and Duties of Foreperson ............................................... 29

    B.  Right to See Exhibits and Hear Testimony; Communication with the Court ....... 29

    C.  Notes ............................................................................................. 30

    D.  Duty to Deliberate; Unanimous Verdict ........................................ 30

    E.  Verdict Form ................................................................................. 31

    F.  Return of Verdict ........................................................................... 32

V.  CONCLUSION .............................................................................................. 32

# I.    GENERAL INSTRUCTIONS

## A.    Introductory Remarks

Members of the jury, I will now instruct you as to the law that governs this case.  You have been handed a copy of the instructions I will read.  You should feel free to read along or to just listen to me.  You will be able to take your copy of these instructions into the jury room.

Listening to these instructions may not be easy because they are long and extensive.  It is important, however, that you listen carefully and concentrate.  I ask you for patient cooperation and attention.  You'll notice that I'm reading these instructions from a prepared text.  It would be more lively, no doubt, if I just improvised.  But it's important that I not do that.  The law is made up of words, and those words are very carefully chosen.  So, when I tell you the law, it's critical that I use exactly the right words.  Therefore, I may not be able to engage in as much eye contact as I would otherwise like.  But I know you will pay close attention.

You have now heard all of the evidence in the case as well as the final arguments of the parties.  You have paid careful attention to the evidence, and I am confident that you will act together with fairness and impartiality to reach a just verdict in the case.

There are three parts to these instructions.  First, I'm going to give you some general instructions about your role, and about how you are to decide the facts of the case.  Most of these instructions would apply to just about any trial.  Second, I'll give you some specific instructions about the legal rules applicable to this particular case.  Third, I'll give you some final instructions about procedures and deliberations.

## B.    Role of the Court

My duty at this point is to instruct you as to the law.  It is your duty to accept these instructions as to the law and to apply them to the facts as you determine them.  With respect to

1

legal matters, you must take the law as I give it to you.  If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow. You must not substitute your own notions or opinions of what the law is or what you think it ought to be.  You are to consider these instructions together as a whole; in other words, you are not to isolate or give undue weight to any particular instruction.

C.     **Role of the Jury**

As members of the jury, you are the sole and exclusive judges of the facts.  You evaluate the evidence.  You determine the credibility of the witnesses.  You resolve such conflicts as there may be in the testimony.  You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

Do not conclude from any of my rulings on objections or anything else I have done during this trial that I have any view as to the credibility of the witnesses or how you should decide the case.  Any opinion I might have regarding the facts is of absolutely no consequence.

It is your sworn duty, and you have taken the oath as jurors, to determine the facts and to render judgment impartially and fairly, solely on the evidence in this case and the applicable law.

D.     **Role of Counsel**

It is the duty of the attorneys to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible.  It is my job to rule on those objections.  Therefore, why an objection was made or why I ruled on it the way I did is not your concern.  You should draw no inference from the fact that an attorney objects to any evidence. Nor should you draw any inference from the fact that I might have sustained or overruled an objection.  If I sustained the objection, you may not consider the testimony or exhibit at issue; if I

2

overruled the objection, you may consider the testimony or exhibit just as you would any other evidence in the case.

The personalities and the conduct of counsel in the courtroom are not in any way at issue. If you formed opinions or had reactions of any kind to the lawyers here, favorable or unfavorable, whether you approved or disapproved of their behavior as advocates, those opinions or reactions should not enter into your deliberations.

During the course of the trial, I may have had to correct the presentation of an attorney, for example, to ask them to rephrase a question. You should draw no inference against the attorney or the client. It is the duty of the attorneys to advocate on behalf of their clients.

From time to time, the lawyers and I had conferences out of your hearing. These conferences involved procedural and other legal matters, and should not enter into your deliberations at all.

### E.      Sympathy or Bias

You must evaluate the evidence calmly and objectively, without prejudice or sympathy. You must be completely fair and impartial. Your verdict must be based solely on the evidence presented at this trial, or the lack of evidence.

You may not consider, in deciding the facts of the case, any personal feelings you may have about the race, religion, national origin, gender, age, sexual orientation, disability, or physical appearance of any party or witness. It is equally improper for you to allow any personal feeling that you might have about the nature of the claims or defenses to influence you in any way. The parties in this case are entitled to a trial free from prejudice and bias. Our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

The case should be decided by you as an action between parties of equal standing in the community, of equal worth, and holding the same or similar stations in life.  All parties are entitled to the same fair trial by you.  They stand equal before the law, and are to be dealt with as equals in this Court.

F.    **Burden of Proof**

At various times in these instructions I will use the term "burden of proof" in order to inform you which party has the burden of proof on a particular claim or a particular issue.  As this is a civil case, parties have the burden of proving their claims by a preponderance of the evidence.

The party who has the burden of proof on a particular issue has the burden of establishing their position on that issue by a preponderance of the evidence.  If you conclude that the party who has the burden of proof on an issue has failed to establish their position by a preponderance of the evidence, you must decide against that party on that issue.

What does a "preponderance of the evidence" mean?   To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true.  A preponderance of the evidence means the greater weight of the evidence.  It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents.  In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties – that it is equally probable that one side is right as it is that the other side is right – then you must decide that issue against the party having this burden of proof.  That is because the party bearing this burden must prove more than simple equality of evidence – the party must prove the element

4

at issue by a preponderance of the evidence.  On the other hand, the party with this burden of proof need prove no more than a preponderance.  So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof – that what the party claims is more likely true than not true – then that element will have been proved by a preponderance of the evidence.

One final note on the burden of proof: some of you may have heard of "proof beyond a reasonable doubt."  As I told you at the beginning of the trial, "beyond a reasonable doubt" is the standard of proof in a criminal trial.  It does not apply to a civil case such as this and you should put it out of your mind.

### G.    What Is and Is Not Evidence

In determining the facts, you must rely upon your own recollection of the evidence.  The evidence in this case is the sworn testimony of the witnesses and the exhibits received in evidence.

The only exhibits that are evidence in this case are those that were received in evidence. Exhibits marked for identification but not admitted are not evidence, nor are materials that were used only to refresh a witness' recollection. Some exhibits have redactions on them, or places where the text has been blocked out.  You should not concern yourself with what was redacted, nor why anything was redacted from a document.

As I told you at the start of this case, statements and arguments by the lawyers are not evidence, because the lawyers are not witnesses.  What they have said to you in their opening statements and in their summations is intended to help you understand the evidence to reach your verdict.  If your recollection of the facts differs from the lawyers' statements, however, it is your recollection that controls.

For the same reasons, you are not to consider a lawyer's questions, restatement of exhibits, or summarizing of a witness' testimony as evidence. It is the witnesses' answers to those questions or the exhibits themselves that are evidence. Similarly, any statements that I may have made do not constitute evidence. It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

Finally, this means, of course, that anything you may have heard or read outside of this courtroom – on the internet, in the news media, or anywhere else – may play no role in your deliberations. Your decision in this case must be made solely on the evidence presented at trial.

## H.    Direct and Circumstantial Evidence

Generally, there are two types of evidence that you may consider in reaching your verdict. One type of evidence is direct evidence. Direct evidence is testimony by a witness about something he or she knows by virtue of his or her own senses – something the witness has seen, felt, touched, or heard. For example, if a witness testified that when he or she left the house this morning, it was raining, that would be direct evidence about the weather. Direct evidence may also be in the form of an exhibit.

Circumstantial evidence is evidence from which you may infer the existence of certain facts. For example, assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside. As you were sitting here, someone walked in with an umbrella, that was dripping wet. Then a few minutes later another person entered with a wet raincoat. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So, you have no direct evidence of that fact. But on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence.  You infer on the basis of reason, experience, and common sense from one established fact the existence or non-existence of some other fact.  As you can see, the matter of drawing inferences from facts in evidence is not a matter of guesswork or speculation.   An inference is a logical, factual conclusion which you might reasonably draw from other facts that have been proven.  Many material facts – such as what a person was thinking or intending – are not easily proven by direct evidence.  Proof of such matters may be established by circumstantial evidence.

Circumstantial evidence is as valuable as direct evidence.  The law makes no distinction between direct and circumstantial evidence.

There are times when different inferences may be drawn from the evidence.  The plaintiff asks you to draw one set of inferences.  The defendants ask you to draw another.  It is for you, and for you alone, to decide what inferences you will draw.

Let me state a final point:  when you are determining issues of fact, you are weighing the evidence.  You determine whether evidence should be given no weight, some weight, or a lot of weight.  The weighing of evidence should be based on your judgment of all relevant facts and circumstances.

## I.    Witness Credibility

Now for the important subject of evaluating testimony.  How do you evaluate the credibility or believability of the witnesses?  The answer is that you use your plain common sense.  Common sense is your greatest asset as a juror.  You should ask yourselves: Did the witness impress you as honest, open, and candid?  Or did the witness appear evasive or as though the witness was trying to hide something?  How responsive was the witness to the questions asked on direct examination and on cross-examination?

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life.  You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case.  You should consider the opportunity the witness had to see, hear, and know the things about which he testified.  You should consider the accuracy of his memory, his candor or lack of candor, his intelligence, the reasonableness and probability of his testimony, its consistency or lack of consistency, and its corroboration or lack of corroboration, with other credible testimony.

If you find that a witness is intentionally telling a falsehood, that is always a matter of importance that you should weigh carefully.  If you find that any witness has lied under oath at this trial, you should view the testimony of such a witness cautiously and weigh it with great care.  It is, however, for you to decide how much of the witness's testimony, if any, you wish to believe.  Few people recall every detail of every event precisely the same way.  A witness may be inaccurate, contradictory, or even untruthful in some respects and yet entirely believable and truthful in other respects.  It is for you to determine whether such inconsistencies are significant or inconsequential, and whether to accept or reject all or some of the testimony of any witness.

Similarly, in deciding whether to believe a witness, you should specifically note any evidence of hostility or affection that the witness may have towards one of the parties.  It is your duty to consider whether the witness has permitted any such bias or interest to color his testimony.

You have heard the testimony of law enforcement officers.  The fact that a party or witness may be or has been employed as a law enforcement officer does not mean that his or her testimony is deserving of any more or less consideration or greater or lesser weight than that of any other witness.

You have also heard the testimony of one or more witnesses who were arrested.  The fact that a party or witness has been arrested does not mean that his testimony is deserving of more or less consideration or greater or lesser weight than that of any other party or witness.

It is your decision after reviewing all of the evidence whether to accept or reject all or parts of the testimony of these witnesses as you would any other witness.

What you must try to do in deciding credibility is to size a witness up in light of his demeanor, the explanations given and all of the other evidence in the case.  Always remember that you should use your common sense, your good judgment, and your own life experience.

When you are considering the evidence presented to you, you are permitted to draw, from the facts that you find to be proven, such reasonable inference as would be justified in light of your experience and common sense.  Please bear in mind, however, as I stated previously, that an inference is not to be drawn by guesswork or speculation.

**J.      Prior Inconsistent Statement**

You have heard evidence that certain witnesses may have made statements on earlier occasions which counsel argue are inconsistent with their trial testimony.  Evidence of a prior inconsistent statement is not to be considered by you as affirmative evidence in determining liability.  Evidence of any such prior inconsistent statement was placed before you for the limited purpose of helping you decide whether to believe the trial testimony of the witness who may have contradicted himself or herself.  If you find that a witness made an earlier statement that conflicts with that witness' trial testimony, you may consider that fact in deciding how much of the trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an

important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency; and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so, how much, if any, weight should be given to the inconsistent statement in determining whether to believe all or part of the witness' testimony.

### K.      Multiple Defendants

In considering whether any party has carried his burden of proof, remember that there are two defendants in this case.  You should consider each of plaintiff's claims separately against each defendant, and your finding for or against one defendant on a claim does not dictate the finding you should make for or against the other defendant on that claim.

### L.      Use of Deposition Testimony

Some of the testimony before you is in the form of depositions which have been received in evidence.  A deposition is simply a procedure where the attorneys for one side may question a witness or an adversary party under oath before a court stenographer prior to trial.  This is part of the pretrial discovery, and each side is entitled to take depositions.  You may consider the testimony of a witness given at a deposition according to the same standards you would use to evaluate the testimony of a witness given at this trial.

## II.      SUBSTANTIVE INSTRUCTIONS

I will turn now to my instructions on the substantive law to be applied to this case.

The Plaintiff in this case—the party who brought the case—is Mr. Darwin Columna.  The defendants are Genner Gomez and Pedro Romero, who were New York City police officers at the time of the events at issue.  Each of the defendants has subsequently achieved the rank of detective,

but to avoid confusion I will refer to them as Officer Gomez and Officer Romero, since it is their conduct as police officers that is the subject of Mr. Columna's claims.

Mr. Columna has asserted three different causes of action or "claims" against each of the two defendants.  You should consider plaintiff's claims against each of the defendants separately.  Each defendant is entitled to a fair consideration of the evidence relating to that defendant, and is not to be prejudiced by any finding you make for or against any other defendant.

I will now discuss each of the claims in this case and the elements of each of these claims.

## A.    Section 1983

Plaintiff asserts claims under a federal civil rights law, 42 U.S.C. § 1983, or "Section 1983" for short.  Section 1983 provides a remedy for individuals who have been deprived of their federal constitutional rights under color of state law.  Section 1983 states, in relevant part that:

> Every person who, under color of [state law], subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the [United States] Constitution and [federal] laws, shall be liable to the party injured [for damages].

Section 1983 creates a form of liability in favor of people who have been deprived of rights secured to them by the United States Constitution.  Section 1983 itself does not establish or create any federally protected right.  Rather, it is the statute that allows people to enforce rights guaranteed to them by the United States Constitution, including their rights under the Fourth Amendment to the United States Constitution, to be free from unlawful arrest or malicious prosecution.  Plaintiff alleges that the defendants deprived Plaintiff of his constitutional right to be free from false arrest, from being maliciously prosecuted, and to be free from retaliation based on his First Amendment rights.   Defendants deny Plaintiff's claims.

To establish claims under Section 1983, Plaintiff must demonstrate, by a preponderance of the evidence, the following three elements:

11

First, that the acts complained of were committed by the defendant acting under color of state law;

Second, that this conduct deprived the plaintiff of rights protected by the United States Constitution or laws of the United States; and

 Third, that the defendant's conduct was a proximate cause of the injuries and damages sustained by the plaintiff.

I will now explain each of these elements in greater detail.

### 1.      First Element – Action under Color of State Law

As to the first element — whether the defendants were acting under color of state law — I instruct you that there is no dispute in this case that the defendants were acting as on-duty members of the New York City Police Department, and that they were therefore acting under color of state law.  Plaintiff has therefore established this element, and you do not have to consider it.

### 2.      Second Element – Deprivation of a Federal Right

The second element that plaintiff must prove by a preponderance of the evidence is that the defendant you are considering deprived the plaintiff of a right protected by the United States Constitution.  Here the plaintiff alleges that the defendants deprived him of three federal rights – the right to be free from false arrest under the Fourth Amendment, the right to be free from malicious prosecution under the Fourth Amendment, and the right to be free of retaliation for exercising his First Amendment freedom of speech.

I will detail the elements of each of these alleged Constitutional violations in a few moments, but first generally speaking in order for plaintiff to establish this element of his Section 1983 claims, he must prove two things by a preponderance of the evidence with respect to each defendant:

First, the plaintiff must prove that the defendant acted in the way that Plaintiff alleges.  In other words, Plaintiff must prove by a preponderance of the evidence that the defendant took the actions that the plaintiff claims violated his Constitutional rights.

The law imposes liability only upon a defendant who "subjects, or causes to be subjected" any person to the deprivation of a federal right.  Thus, in order for the plaintiff to prevail on his claims, there must be some evidence of personal involvement by the defendant.  Personal involvement may be established by a showing of direct participation, namely personal participation by one who has knowledge of the facts that rendered the conduct illegal, or indirect participation such as ordering or helping others to do the unlawful acts.  Therefore, you must first make a determination of personal involvement by the defendant you are considering in the constitutional violations alleged by the plaintiff.  If you find that a defendant was not personally involved in the deprivation of the plaintiff's constitutional rights, then you must find for the defendant on that alleged violation.  If, however, you find that a defendant was personally involved in the deprivation of the plaintiff's constitutional rights, then you must go on to determine whether the plaintiff has proven the other elements of his claims regarding the deprivation of his constitutional rights against that defendant.  Although there are two defendants in this case, each defendant is entitled to fair, separate, and individual consideration without regard to your decision as to the other defendant.

The plaintiff must also establish that the defendants acted intentionally or recklessly, rather than accidentally or mistakenly.  An act is intentional if it is done voluntarily and deliberately and not because of mistake, accident, negligence, or another innocent reason.  An act is reckless if done in conscious disregard of its known probable consequences.  To be clear, Section 1983 does not

require the plaintiff to demonstrate that the defendant you are considering acted with the specific intention of violating Mr. Columna's federally protected rights.

In determining if the defendant you are considering acted intentionally or recklessly, you should remember that there is no way of looking into a person's mind. Therefore, you have to depend on what was done and what the people involved said was in their minds, and your belief or disbelief with respect to those facts.

Second, the plaintiff must prove that the defendant's conduct caused the plaintiff to suffer the loss of a Constitutional right. I will now discuss in more detail the federal rights that plaintiff alleges he was deprived of by each defendant. You have heard plaintiff's and each defendant's versions of what happened in this case, and it is up to you to first decide what actually occurred based on the evidence. With that determination in mind, you should then consider, under the law as I am about to instruct you, whether the plaintiff has established that the defendants violated his Constitutional rights.

### i.   <u>**Deprivation of a Federal Right: False Arrest**</u>

Plaintiff first claims that his rights were violated because he was falsely arrested by the defendants. Defendants contend that they acted lawfully under the circumstances.

The primary contested issue with respect to the false arrest claim is whether Mr. Columna's arrest was justified by probable cause. Because probable cause is an affirmative defense, the defendants bear the burden of proving by a preponderance of the evidence that the arrest was justified by probable cause. If you find that the defendants lacked probable cause to arrest Mr. Columna, you must find that they deprived Mr. Columna of a federal Constitutional right to be free of false arrest under the Fourth Amendment.

<u>What is probable cause?</u>

Probable cause exists where, at the time of the arrest, the totality of the facts and the circumstances known to the police officer are sufficient to warrant an officer of reasonable prudence to believe that a crime has been or is being committed by the person arrested.

Under the United States Constitution, no person may be arrested or detained without probable cause.  This means that an officer who makes an arrest must have information at the time of the arrest that would lead a reasonable person with the same official expertise as the officer to conclude that the person being arrested had committed or was in the process of committing a crime.  You must keep in mind, however, that you are being asked only to decide whether the defendant you are considering, at the time he participated in arrest of Mr. Columna, had probable cause to believe that Mr. Columna had committed or was in the process of committing a crime, but you are not being asked whether Mr. Columna was in fact guilty of a crime.  An arrest made with probable cause is lawful even if the plaintiff did not actually commit the crime.

The existence of probable cause is measured at the time of the arrest, not based on later developments.  You are not to view the question of probable cause from a position of calm, reflective hindsight, but from the position of how the circumstances appeared to the officers at the time.  Probable cause can exist even where it is based on mistaken information, so long as the arresting officer acted reasonably in relying on that information.

There is no dispute in this case that Mr. Columna was arrested.  The questions for you, therefore, are whether (i) the defendant you are considering participated, either directly or indirectly, in arresting Mr. Columna, and (ii) if so whether the arrest was justified, meaning the defendant you are considering had probable cause to make the arrest.

Up until this point, I have instructed you that Mr. Columna bears the burden to prove the basis for his claims by a preponderance of the evidence.  That remains true when you are deciding whether the defendant you are considering participated in arresting Mr. Columna; that is something Mr. Columna must prove by a preponderance of the evidence.  However, if you decide that Mr. Columna has proven that the defendant you are considering participated in arresting him, then the burden shifts to that defendant to prove by a preponderance of the evidence that there was probable cause to arrest Mr. Columna.  That is because the existence of probable cause is an affirmative defense to a false arrest and is something the defendant has the burden of proving.

I instruct you further that the law recognizes what is called the fellow officer rule.  Under the law, when a group of officers are working together, an individual officer does not need to have knowledge of all of the facts and circumstances that establish the probable cause to arrest, as long as at least one officer has knowledge of all of the facts and circumstances that establish probable cause to arrest.  If the collective knowledge of the officers on the scene is of such weight and persuasiveness as to convince an officer of ordinary intelligence, judgment, and experience that there is probable cause, then the officer who relies on that information has probable cause to arrest.  This rule exists because, in light of the complexity of modern police work, the arresting officer cannot always be aware of every aspect of an investigation.  Sometimes his authority to arrest a suspect is based on facts known only to his fellow officers.  In essence, where law enforcement authorities are cooperating in an investigation, the knowledge of one is presumed by all.

You cannot take into account any perceptions you have regarding the defendant's underlying intent or motivation in evaluating probable cause.  Even if an officer acts with evil intentions, that officer will not have violated an individual's Fourth Amendment rights if there existed probable cause under the circumstances.  On the other hand, even if an officer acts with

good intentions, that officer will have violated plaintiff's Fourth Amendment right if, based on the circumstances, a reasonable police officer would not have thought that the plaintiff had committed or was about to commit a crime.

Officer Gomez and Officer Romero each assert that affirmative defense here.  Specifically, they assert that they had probable cause to arrest Mr. Columna on suspicion of three different crimes under New York law.

First, defendants contend that there was probable cause to arrest plaintiff for criminal possession of a controlled substance in the seventh degree in violation of N.Y. Penal Law § 220.03, which is a statute that makes it a crime to "knowingly and unlawfully possess a controlled substance."

Second, defendants contend that there was probable cause to arrest plaintiff for obstruction of governmental administration in the second degree in violation of N.Y. Penal Law § 195.05.  A person is guilty of obstruction of governmental administration when he intentionally obstructs, impairs, or perverts the administration of law or other governmental function or attempts to prevent a public servant from performing an official function, by means of intimidation, physical force or interference, or by means of any independently unlawful act.

Third, defendants contend that there was probable cause to arrest plaintiff for unlawful possession of marijuana in violation of N.Y. Penal Law § 221.05, which was repealed several years after this incident in 2021.  A person was guilty of unlawful possession of marijuana when he knowingly and unlawfully possessed marijuana.

Therefore, if, at the time the defendant arrested the plaintiff, there was probable cause to believe that he had committed any of these criminal acts then you must find for the defendant.  If the defendant lacked probable cause for the arrest, and all the other elements I've described are

17

satisfied, then the defendant violated plaintiff's constitutional rights, and you must find for the plaintiff.  Please note that you do not have to be unanimous as to which offense or offenses for which you find there was probable cause.  You only need to be unanimous in finding that probable cause existed for the arrest.

### ii.      Deprivation of a Federal Right:  Malicious Prosecution

For his second claim, Mr. Columna alleges that defendants had no basis to cause criminal charges to be filed against him.  This is referred to as a "malicious prosecution" claim.  To establish a claim for malicious prosecution, a plaintiff must prove the following elements by a preponderance of the evidence: (1) that defendants initiated the criminal proceeding against plaintiff, (2) that the criminal proceeding was terminated in plaintiff's favor, (3) that there was no probable cause for the commencement of the criminal proceeding, (4) that defendants acted with actual malice in commencing the criminal proceedings against the plaintiff, and (5) that the plaintiff suffered a post-arraignment deprivation of liberty.  There is no dispute that a criminal proceeding was commenced against Plaintiff for criminal possession of a controlled substance in the seventh degree.  There is also no dispute that the criminal proceeding was terminated in plaintiff's favor.  The burden of proof is on the plaintiff to prove by a preponderance of the evidence the four remaining elements.

### a.      Initiation of the Prosecution

The first element is whether defendants commenced the criminal prosecution against Mr. Columna.  To establish this element, Mr. Columna must prove by a preponderance of the evidence that the defendant you are considering played an active role in the prosecution of Mr. Columna. An officer is considered to have played an active role in a prosecution where he directed or required a prosecutor to prosecute.  An officer is also considered to have played an active role in a

18

prosecution if he brought formal charges and had the person arraigned, filled out complaining or corroborating affidavits, or swore to a signed complaint.

On the other hand, an officer cannot be said to have commenced a criminal proceeding if he does no more than fairly and truthfully disclose to the prosecutor all material information within his knowledge that a reasonable person would believe would be important to the question of plaintiff's guilt or innocence. If, however, you find that the defendant you are considering provided information that he knew to be false, or withheld information that a reasonable person would realize might affect the prosecutor's decision whether to prosecute, that defendant is then responsible for initiating the prosecution.

### b.     Probable Cause

The next element that the plaintiff must prove by a preponderance of the evidence is that there was no probable cause for Defendants to believe that the plaintiff was guilty of criminal possession of a controlled substance in the seventh degree, the crime for which he was ultimately charged.

Let me pause a moment. We are now discussing probable cause to initiate and continue a criminal prosecution. I have previously discussed the issue of probable cause with regard to plaintiff's false arrest claim. With respect to that claim, I instructed you as to whether the defendants had probable cause to initially arrest the plaintiff. Defendants had the burden to prove probable cause to defeat a false arrest claim. Now we are talking about probable cause at a different period of time, and a different phase of the criminal proceeding. We are now past the arrest stage and into the actual initiation of the prosecution.

For this element of a malicious prosecution claim, Mr. Columna bears the burden of proof and must prove that the defendants acted without probable cause in commencing the criminal proceeding against him. Whether probable cause existed depends upon whether a reasonably

19

prudent person, at the time the prosecution was initiated, would have believed the plaintiff to be guilty of the crime with which he was charged in the criminal complaint – criminal possession of a controlled substance in the seventh degree – on the basis of the facts that defendants knew when they initiated the prosecution, or that they reasonably believed to be true.  The fact that the criminal charge was ultimately dismissed against the plaintiff is not evidence that defendants lacked probable cause at the time the prosecution was initiated.

To determine whether a defendant had probable cause to initiate the criminal proceeding against the plaintiff, you must consider the elements of the crime with which he was charged, which I will now repeat: A person is guilty of criminal possession of a controlled substance in the 7th degree when "he or she knowingly and unlawfully possesses a controlled substance[.]"

### c.      Malice

The third element that plaintiff must prove by a preponderance of the evidence is that the defendant you are considering acted with malice in commencing the criminal charges against the plaintiff.  A person acts with malice when he acts with an improper or wrongful motive or purpose.  This does not require the plaintiff to prove that the officer was angry or vindictive or bore any actual hostility or ill will toward the plaintiff.  Rather, a prosecution is initiated maliciously if it is initiated for a purpose other than bringing the offender to justice, for some ulterior purpose other than to secure punishment for a crime, or in reckless disregard of the rights of the person accused.  Malice may be inferred from a lack of probable cause, but only where probable cause was so totally lacking that no reasonable officer could have thought it existed.

### d.      Deprivation of Liberty

The fourth and final element that plaintiff must prove by a preponderance of the evidence is that he suffered a deprivation of liberty after his arraignment.  Plaintiff can satisfy this element

by showing that he was required to appear in court in connection with a criminal proceeding initiated by the defendants.

### iii.   Deprivation of a Federal Right: First Amendment Retaliation

Plaintiff's third and final Section 1983 claim is that defendants retaliated against him for exercising his right to free speech under the First Amendment to the United States Constitution by falsely arresting him and maliciously prosecuting him in retaliation for filing prior lawsuits against the NYPD and obtaining settlements of those lawsuits.

You have heard evidence that plaintiff filed prior lawsuits against other police officers, and that those lawsuits were resolved. The existence of those lawsuits was admitted solely for the fact that they were filed. You have heard no evidence regarding, and therefore may not consider, the merits of plaintiff's prior lawsuits for any purpose. Furthermore, those lawsuits were settled without any admissions of liability or wrongdoing, and you may not consider the fact that they were settled as any indication of their merits. Indeed, lawsuits are settled for any number of reasons unrelated to their merits.

To prevail on a First Amendment retaliation claim under Section 1983 plaintiff must show that: (1) Mr. Columna had a right protected by the First Amendment; and (2) the false arrest or malicious prosecution by the defendant you are considering was motivated or substantially caused by Mr. Columna's exercise of that right.

With respect to the first element, as a matter of law, the First Amendment protects the right to complain about police misconduct and to bring a lawsuit against the police, without being retaliated against by the police. Police officers may not subject an individual to retaliatory actions for bringing lawsuits against them, regardless of whether those lawsuits are meritorious or not.

In order to succeed on his First Amendment retaliation claim, Mr. Columna must prove that the defendant you are considering either falsely arrested Mr. Columna or maliciously prosecuted him, or both.  If you have not concluded that the defendant you are considering did one of those things, then Mr. Columna cannot make out a First Amendment retaliation claim against that defendant and you should find for that defendant on the First Amendment retaliation claim.

On the other hand, if you did conclude that the defendant you are considering either falsely arrested Mr. Columna or maliciously prosecuted him, or both, then you must decide whether Mr. Columna has shown that the defendant you are considering did so because of Mr. Columna's lawsuits against the NYPD or the settlements of those lawsuits.  That means you must consider whether Mr. Columna's lawsuits against the NYPD and the settlements of them were a substantial or motivating factor for the decision of the defendant you are considering to arrest Mr. Columna or initiate a criminal case against him.  However, if the defendant you are considering shows that he would have taken the same action absent the lawsuits or settlements, you must find that Plaintiff has not established a retaliation claim.

### 3.        Third Element – Proximate Cause

The third element for all of the claims – false arrest, malicious prosecution, and retaliation – is that plaintiff must prove that the acts of the defendant you are considering were a proximate cause of the injuries that the plaintiff sustained.  For an injury sustained by the plaintiff to be proximately caused by a defendant means that there must be a sufficient causal connection between the acts or omissions of the defendant you are considering and the plaintiff's injury.  An act or omission is a proximate cause if it was a substantial factor in bringing about or causing injury, that is, if the injury or damage was a reasonably foreseeable consequence of that defendant's act or omission.  In other words, if a defendant's act or omission had such an effect in producing the

injury that reasonable persons would regard it as being a cause of the injury, then the act or omission is a proximate cause.

A proximate cause need not always be the nearest cause either in time or in space. In addition, there may be more than one proximate cause of an injury or damage. Many factors or the conduct of two or more people may operate at the same time, either independently or together, to cause an injury.

On the other hand, a defendant's act is not a proximate cause if the plaintiff's injury was caused by a new or independent source, which intervened between the act of the defendant and the plaintiff's injury and produced a result that was not reasonably foreseeable by the defendant.

In terms of the false arrest claim, you have heard testimony about events that the plaintiff alleges took place in the 33rd Precinct after the plaintiff was arrested, including the alleged use of force by NYPD officers. That testimony was not offered to prove any constitutional violation, including the false arrest claim, but only to prove injuries that plaintiff claims were proximately caused by the false arrest. Therefore, if you find that the plaintiff has not proven his false arrest claim, or if you find that the events that took place at the 33rd Precinct were not a reasonably foreseeable consequence of plaintiff's false arrest, you may not consider these alleged events at the 33rd Precinct for any purpose.

### 4.    Summary of Section 1983 Claim

To summarize for you very briefly, I have described the three elements that plaintiff must prove by a preponderance of the evidence against each of the individual defendants. First, that the defendant acted under color of state law, which is not disputed in this case. Second, that the defendant's conduct deprived plaintiff of a federal right – in this case the right to be free from false arrest, the right to be free from malicious prosecution, and the right to be free from retaliation

based on his First Amendment rights.  And, third, that the defendant's acts proximately caused the plaintiff's injuries.

### III.   DAMAGES

If the plaintiff has proven by a preponderance of the evidence that the defendant you are considering is liable on one or more of plaintiff's claims, then you must determine the damages to which plaintiff is entitled.

There are three types of damages you may consider: compensatory damages, nominal damages, and punitive damages.  I will discuss each in turn.

The fact that I am instructing you as to the proper measure of damages does not indicate any view of mine as to which party is entitled to your verdict in this case.  Instructions as to the measure of damages are given for your guidance only in the event that you should find that plaintiff has proven his claims in accordance with my other instructions.  Your decision on whether to award damages and the amount must be unanimous.

The verdict form I will give you will assist you in recording the determinations, if any, that you make as to damages.

#### A.   Purpose of Damages

The purpose of the law of damages is to award just and fair compensation for the loss, if any, which resulted from a violation of one's legal rights.  If you find the defendant liable, then you must award the plaintiff sufficient damages to compensate him for any injury caused by the conduct of the defendant.

The damages that you award must be fair and reasonable, that is, they should be neither inadequate nor excessive.  You must be guided by dispassionate common sense.  Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary

guesswork.  On the other hand, the law does not require a party to prove the amount of its losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.  Although you should make every effort to calculate damages with reasonable certainty, absolute certainty as to amount is not required.  In all instances, you are to use sound discretion in fixing an award of damages, drawing reasonable inferences where you deem appropriate from the facts and circumstances in evidence.  In calculating damages, do not add any amount for interest.  The Court will do that automatically.

### B.      Compensatory Damages

If you find that one or both defendants are liable for any of plaintiff's claims, then you must award plaintiff sufficient damages to compensate him for any injury proximately caused by that defendant's conduct.  These are known as compensatory damages.  The damages that you award must be fair compensation for the loss, if any, which resulted from the particular defendant's wrongful conduct —no more and no less.  The purpose of these damages is to make the plaintiff whole—to put him in the same position that he would have been in had there been no violation of his rights.  The purpose is not to punish the defendants.

Compensatory damages may include not only out-of-pocket loss and other monetary harms, but also compensation for physical injury, pain and suffering, emotional distress, fear, personal humiliation, an unjust loss of liberty, and indignation that the plaintiff has suffered if it is because of the particular defendant's conduct.  I will discuss how you should consider some of these items.

If you find for Mr. Columna on any of his claims, he is entitled to be compensated for his pain and suffering.  In order to recover damages for pain and suffering, the plaintiff must present credible evidence with respect to his pain and suffering and that a defendant's impermissible

conduct caused this suffering.  To satisfy the requirement, the plaintiff does not need to prove or provide evidence from a medical expert.  There is no exact standard for determining the precise amount of damages for pain and suffering.  An award you make must be fair and reasonable in light of all the evidence at trial.

If you find for Mr. Columna on any of his claims, he is also entitled to be compensated for his emotional and mental distress.  You should award him a sum which will compensate him reasonably for any emotional pain, fear, humiliation, and mental anguish suffered and which the wrongful conduct of the particular defendant was a substantial factor in bringing about.  Mr. Columna's subjective testimony alone is not sufficient to sustain an award of emotional distress damages.  It must be substantiated by other evidence that an emotional injury occurred such as testimony of a witness to plaintiff's distress, or the objective circumstances of the violation itself, or evidence that plaintiff sought medical treatment for the emotional injury.

If you find for Mr. Columna on any of his claims, he is also entitled to be compensated for his loss of liberty during the time he spent wrongfully detained and the defending against the wrongful criminal prosecution.  The damages that Mr. Columna is entitled to for loss of liberty are in addition to damages he is entitled to for any pain, fear, humiliation or other emotional suffering you may find that he suffered.  Damages for false arrest are to compensate for injuries from the beginning of custody to arraignment, and damages for malicious prosecution are to compensate for injuries after arraignment.

Ultimately, you should award an amount of compensatory damages sufficient to compensate plaintiff for each injury you find he sustained.

### C.    Multiple Claims – Avoidance of Double Recovery

It is important to note that if you find defendant police officers violated more than one of plaintiff's rights, plaintiff is entitled to be compensated only for the injuries plaintiff actually suffered.  Thus, if the defendant violated more than one of plaintiff's rights, but the resulting injury was no greater than it would have been had the defendants violated one of those rights, you should award an amount of compensatory damages no greater than you would award if defendants had violated only one of the plaintiff's rights.

However, if defendants violated more than one of plaintiff's rights and you can identify separate injuries resulting from the separate violations, you should award an amount of compensatory damages equal to the total of the damages you believe will fairly and just compensate plaintiff for the separate injuries plaintiff has suffered.

In other words, any damage award for a second claim must be limited to the component of injury you find substantiated for this claim, if any, over and above whatever you have already compensated by your awards for other claims.

If you decide that two or more of the defendants are liable for violating plaintiff's rights, then you must simply determine the overall amount of damages that will fairly and justly compensate plaintiff's injury, without breaking that figure down into individual percentages for which each defendant is liable.

### D.    Nominal Damages

If you return a verdict for the plaintiff, but find that plaintiff has failed to prove by a preponderance of the credible evidence that he is entitled to any actual compensatory damages, then you must return an award of damages in the sum of one dollar.  This is to show that liability

has been proved, but that plaintiff has not proven that he is entitled to compensatory damages. This type of damages is called "nominal damages."

### E.    Punitive Damages

Finally, if you award Mr. Columna damages in any amount, you may also, in your discretion, make an award of punitive damages.  Punitive damages are awarded, in the discretion of the jury, to punish a defendant for extreme or outrageous conduct, and to deter or prevent a defendant and others like him from committing such conduct in the future.

You may award the plaintiff punitive damages if you find that the acts or omissions of the defendant were done maliciously or wantonly.  An act or failure to act is maliciously done if it is prompted by ill will or spite towards the injured person.  An act or failure to act is wanton if done with a reckless or callous disregard for the rights of the injured person.  The plaintiff has the burden of proving, by a preponderance of the evidence, that the defendant you are considering acted maliciously or wantonly with regard to the plaintiff's rights.

If you find by a preponderance of the evidence that the defendant acted with malicious intent to violate the plaintiff's federal rights or unlawfully injure him, or if you find that defendant acted with a callous or reckless disregard of the plaintiff's rights, then you may award punitive damages.  An award of punitive damages, however, is discretionary; that is, if you find that the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them.

In making this decision, you should consider the underlying purpose of punitive damages. Punitive damages are awarded in the jury's discretion to punish a defendant for outrageous conduct or to deter him and others like him from performing similar conduct in the future.  Thus, in deciding whether to award punitive damages, you should consider whether defendant may be adequately

punished by an award of actual damages only, or whether the conduct is so extreme and outrageous that actual damages are inadequate to punish the wrongful conduct. You should also consider whether actual damages, standing alone, are likely to deter or prevent this defendant from similar wrongful conduct in the future, or whether punitive damages are necessary to provide deterrence. Finally, you should consider whether punitive damages are likely to deter or prevent other persons from performing wrongful acts similar to those that the defendant may have committed.

## IV.    DELIBERATIONS OF THE JURY

Ladies and gentlemen of the jury, that concludes the substantive portion of my instructions to you. You are about to go into the jury room and begin your deliberations. I will now give you a few final instructions on those deliberations.

### A.    Selection and Duties of Foreperson

It is customary for Juror Number 1 to serve as the foreperson, and that is what we will do here. The foreperson doesn't have any more power or authority than any other juror, and his or her vote or opinion doesn't count for any more than any other juror's vote or opinion. The foreperson is merely your spokesperson to the court. The foreperson will send out any notes, and when the jury has reached a verdict, the foreperson will notify the marshal that the jury has reached a verdict, and you will come into open court to present the verdict.

### B.    Right to See Exhibits and Hear Testimony; Communication with the Court

All of the exhibits admitted into evidence will be sent to the jury room with you. If you want any of the testimony read, you may request that. Please remember that it is not always easy to locate what you might want, so be as specific as you possibly can be in requesting portions of the testimony.

29

Your requests for testimony – in fact <u>any</u> communications with the Court – should be made to me in writing, signed, dated, and timed by your foreperson, and given to one of the marshals. Please make any notes as clear and precise as possible.  Do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached and announced in open court.

### C.    Notes

Some of you have taken notes periodically throughout this trial.  I want to emphasize to you, as you are about to begin your deliberations, that notes are solely to assist you as an aid to your memory.  Do not share your notes with other jurors during deliberations.  Notes that any of you may have made may not be given any greater weight or influence than the recollections or impressions of other jurors, whether from notes or memory, with respect to the evidence presented or what conclusions, if any, should be drawn from such evidence.  All jurors' recollections are equal.  If you can't agree on what you remember the testimony was, you can ask to have the transcript read back.

### D.    Duty to Deliberate; Unanimous Verdict

Shortly, you will retire to decide the case.  You are not to discuss the case unless and until all jurors are present.  A majority of jurors together are only a gathering of individuals.  Only when all jurors are present do you constitute the jury, and only then may you deliberate.

You must base your verdict solely on the evidence and these instructions as to the law, and you are obligated on your oath as jurors to follow the law as I instruct you, whether you agree or disagree with the particular law in question.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement.  Each of you must decide the case for himself or herself, but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an

opinion when convinced that it is erroneous.  Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor for either party, and adopt that conclusion which in your good conscience appears to be in accordance with the truth.

Again, your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors.  Each of you must make your own decision about the proper outcome of this case based on your consideration of the evidence and your discussions with your fellow jurors.  No juror should surrender his or her conscientious beliefs solely for the purpose of returning a unanimous verdict.

Remember at all times, you are not partisans.  You are judges—judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.  Nothing said in these instructions and nothing in any verdict form prepared for your convenience is meant to suggest or convey in any way any suggestion or hint as to what verdict I think you should find.  What the verdict shall be is your sole and exclusive duty and responsibility.

If you are divided, do *not* report how the vote stands and if you have reached a verdict do not report what it is until it is presented in open court.

### E.    Verdict Form

In a few moments, I will give you the verdict form with the questions for you to answer and you will retire to deliberate on your decision.  The questions are not to be taken as any indication that I have any opinion as to how they should be answered.  I have no such opinion, and even if I did, it would not be binding on you.

You should answer every question except where the verdict form indicates otherwise. You should also proceed through the questions in the order in which they are listed. Remember, all answers must be unanimous.

**F.      Return of Verdict**

After you have reached a verdict, your foreperson will fill in the verdict form that has been given to you, you will all sign and date it, and your foreperson will advise the marshal outside your door that you are ready to return to the courtroom.

I stress again that each of you must be in agreement with the verdict which is announced in court. Once your verdict is announced and officially recorded, it cannot ordinarily be revoked.

## V.      CONCLUSION

In conclusion, ladies and gentlemen, I am sure that if you listen to the views of your fellow jurors, consider all of the evidence, apply your own common sense, and follow my instructions on the law, you will reach a fair verdict here. Thank you for your time and attentiveness.

**Court Exhibit 6**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DARWIN COLUMNA,

Plaintiff,

-against-

NYPD OFFICER GENNER GOMEZ and
NYPD DETECTIVE PEDRO ROMERO,

Defendants.

Case No. 19 cv 3801 (JLR)

JENNIFER L. ROCHON, United States District Judge:

**<u>VERDICT FORM</u>**

**Court Exhibit 6**

**First Cause of Action: False Arrest**

**Question 1**:
Has plaintiff established by a preponderance of the evidence that Mr. Columna was falsely arrested on April 26, 2016, by:

    (a)  Police Officer Genner Gomez:      Yes _____      No _____

    (b)  Police Officer Pedro Romero:      Yes _____      No _____

*If you answered Yes to either Question 1a or 1b, proceed to Question 2.*
*If you answered No to both Questions 1a and 1b, your deliberations are finished*
*and you should proceed to page 5 to sign the verdict sheet.*

**Question 2:**
(a)     Has plaintiff proved, by a preponderance of the evidence, that he is entitled to compensatory damages for his false arrest claim?

     Yes _____      No _____

(b)     If you answered YES to Question 2a, please write the amount of compensatory damages on the line below that would fairly and adequately compensate Plaintiff for any injuries proximately cause by his false arrest.

     $_____

(c)     If you did not award any compensatory damages to plaintiff on his false arrest claim, please enter a nominal damages award of $1.

     $_____

*(Please proceed to Question 3)*

**Second Cause of Action: Malicious Prosecution**

**Question 3**:
Has plaintiff established by a preponderance of the evidence that Mr. Columna was maliciously prosecuted by:

    (a) Police Officer Genner Gomez:     Yes _____       No _____

    (b) Police Officer Pedro Romero:     Yes _____       No _____

*If you answered Yes to either Question 3a or 3b, proceed to Question 4.*
*If you answered No to both Questions 3a and 3b, proceed to Question 5.*

**Question 4:**
(a)    Has plaintiff proved, by a preponderance of the evidence, that he is entitled to compensatory damages for his malicious prosecution claim?

       Yes _____     No_____

(b)    If you answered YES to Question 4a, what amount of money should Plaintiff be awarded in compensatory damages that would fairly and adequately compensate Plaintiff for any injuries proximately caused by his malicious prosecution for injuries that he suffered over and above what you have already compensated him for by your award, if any, on the previously considered claim for false arrest?

       $_____

(c)    If you did not award any compensatory damages to plaintiff on his malicious prosecution claim, please enter a nominal damages award of $1.

       $_____

*(Please proceed to Question 5)*

**Third Cause of Action: First Amendment Retaliation**

**Question 5**:
Has plaintiff established by a preponderance of the evidence that Mr. Columna was arrested on April 26, 2016 in retaliation for his exercise of his First Amendment rights, by:

      (a) Police Officer Genner Gomez:      Yes _____      No _____

      (b) Police Officer Pedro Romero:      Yes _____      No _____

*If you answered Yes to either Question 5a or 5b, proceed to Question 6.*
*If you answered No to both Question 5a and 5b, proceed to Question 7.*

**Question 6:**
(a)    Has plaintiff proved, by a preponderance of the evidence, that he is entitled to compensatory damages for his retaliation claim?

      Yes _____      No_____

(b)    If you answered YES to Question 6a, what amount of money should Plaintiff be awarded in compensatory damages that would fairly and adequately compensate Plaintiff for his injury proximately caused by his first amendment claim for retaliation for injuries that he suffered over and above what you have already compensated him for by your award, if any, on the previously considered claims for false arrest and malicious prosecution?

      $_____

(c)    If you did not award any compensatory damages to plaintiff on his false arrest claim, please enter a nominal damages award of $1.

      $_____

*(Please proceed to Question 7)*

**Punitive Damages**

*If you answered YES to <u>either</u> Questions 1, 3, or 5, please proceed to Question 7.*
*If you did <u>not</u> answer YES to <u>any</u> of Questions 1, 3, or 5, you should not answer Question 7, your deliberations are finished, and you should proceed to page 5 to sign the verdict sheet.*

**Question 7**:

(a)      Has plaintiff established by a preponderance of the evidence that he is entitled to punitive damages from the defendant as to whom you answered YES to any of Questions 1, 3 or 5?

     i.      Police Officer Genner Gomez:      Yes _____          No _____

     ii.      Police Officer Pedro Romero:      Yes _____          No _____

(b)      If you answered YES, please write the amount of punitive damages, if any, you award as to each defendant:

     i.      Police Officer Genner Gomez:      $_____

     ii.      Police Officer Pedro Romero:      $_____

*(Please proceed to the last page, page 5)*

4

**You have completed all questions.  Please proceed to the signature line below.**

**SIGNATURE LINE**

Foreperson and other jurors, please sign and date the verdict sheet.  Then, without disclosing your verdict, advise the Marshal, that you have reached a verdict and are ready to return to the courtroom to announce your verdict.

_____        _____
Foreperson

_____        _____


_____        _____


_____        _____


Dated:      _____

**Court Exhibit 7**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DARWIN COLUMNA,

                              Plaintiff,

            -against-                              Case No. 19 cv 3801 (JLR)

NYPD OFFICER GENNER GOMEZ and
NYPD DETECTIVE PEDRO ROMERO,

                              Defendants.

JENNIFER L. ROCHON, United States District Judge:

**<u>VERDICT FORM</u>**

**Court Exhibit 7**

**<u>First Cause of Action: False Arrest</u>**

**Question 1**:
Has plaintiff proved by a preponderance of the evidence that Mr. Columna was falsely arrested on April 26, 2016, by:

    (a)  Police Officer Genner Gomez:      Yes _____      No _____

    (b)  Police Officer Pedro Romero:      Yes _____      No _____

*If you answered Yes to either Question 1a or 1b, proceed to Question 2.*
*If you answered No to both Questions 1a and 1b, your deliberations are finished*
*and you should proceed to page 5 to sign the verdict sheet.*

**Question 2:**
(a)     Has plaintiff proved, by a preponderance of the evidence, that he is entitled to compensatory damages for his false arrest claim?

    Yes _____      No _____

(b)     If you answered YES to Question 2a, please write the amount of compensatory damages on the line below that Plaintiff has proven that would fairly and adequately compensate Plaintiff for any injuries proximately caused by his false arrest.

    $_____

(c)     If you did not award any compensatory damages to plaintiff on his false arrest claim, please enter a nominal damages award of $1.

    $_____

*(Please proceed to Question 3)*

**Second Cause of Action: Malicious Prosecution**

**Question 3**:
Has plaintiff proved by a preponderance of the evidence that Mr. Columna was maliciously prosecuted by:

      (a) Police Officer Genner Gomez:      Yes _____      No _____

      (b) Police Officer Pedro Romero:      Yes _____      No _____

*If you answered Yes to either Question 3a or 3b, proceed to Question 4.*
*If you answered No to both Questions 3a and 3b, proceed to Question 5.*

**Question 4:**
(a)    Has plaintiff proved, by a preponderance of the evidence, that he is entitled to compensatory damages for his malicious prosecution claim?

      Yes _____      No_____

(b)    If you answered YES to Question 4a, what amount of money should Plaintiff be awarded in compensatory damages that would fairly and adequately compensate Plaintiff for any injuries proximately caused by his malicious prosecution that he suffered over and above what you have already compensated him for by your award, if any, on the previously considered claim for false arrest?

      $_____

(c)    If you did not award any compensatory damages to plaintiff on his malicious prosecution claim, please enter a nominal damages award of $1.

      $_____

*(Please proceed to Question 5)*

**Third Cause of Action: First Amendment Retaliation**

**Question 5**:
Has plaintiff proved by a preponderance of the evidence that Mr. Columna was arrested on April 26, 2016 in retaliation for his exercise of his First Amendment rights, by:

(a) Police Officer Genner Gomez:    Yes _____    No _____

(b) Police Officer Pedro Romero:    Yes _____    No _____

*If you answered Yes to either Question 5a or 5b, proceed to Question 6.*
*If you answered No to both Question 5a and 5b, proceed to Question 7.*

**Question 6:**
(a)    Has plaintiff proved, by a preponderance of the evidence, that he is entitled to compensatory damages for his retaliation claim?

        Yes _____        No_____

(b)    If you answered YES to Question 6a, what amount of money should Plaintiff be awarded in compensatory damages that would fairly and adequately compensate Plaintiff for any injuries proximately caused by his first amendment claim for retaliation that he suffered over and above what you have already compensated him for by your award, if any, on the previously considered claims for false arrest and malicious prosecution?

        $_____

(c)    If you did not award any compensatory damages to plaintiff on his false arrest claim, please enter a nominal damages award of $1.

        $_____

*(Please proceed to Question 7)*

3

**<u>Punitive Damages</u>**

*If you answered YES to <u>any</u> of Questions 1, 3, or 5, please proceed to Question 7.*
*If you did <u>not</u> answer YES to <u>any</u> of Questions 1, 3, or 5, you should not answer Question 7, your deliberations are finished, and you should proceed to page 5 to sign the verdict sheet.*

**Question 7**:

(a)     Has plaintiff proved by a preponderance of the evidence that he is entitled to punitive damages from the defendant as to whom you answered YES to any of Questions 1, 3, or 5?

     i.        Police Officer Genner Gomez:     Yes _____        No _____

     ii.       Police Officer Pedro Romero:      Yes _____        No _____

(b)     If you answered YES, please write the amount of punitive damages, if any, you award as to each defendant to be paid to the Plaintiff:

     i.        Police Officer Genner Gomez:     $_____

     ii.       Police Officer Pedro Romero:      $_____

*(Please proceed to the last page, page 5)*

**You have completed all questions.  Please proceed to the signature line below.**

**SIGNATURE LINE**

Foreperson and other jurors, please sign and date the verdict sheet.  Then, without disclosing your verdict, advise the Marshal, that you have reached a verdict and are ready to return to the courtroom to announce your verdict.

_____        _____
Foreperson

_____        _____

_____        _____

_____        _____

Dated:        _____

**Court Exhibit 8**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DARWIN COLUMNA,

                              Plaintiff,

              -against-                                    Case No. 19-cv-3801 (JLR)

NYPD OFFICER GENNER GOMEZ and
NYPD DETECTIVE PEDRO ROMERO,

                              Defendants.

JENNIFER L. ROCHON, United States District Judge:

## JURY INSTRUCTIONS

## TABLE OF CONTENTS

I.    GENERAL INSTRUCTIONS ............................................................................. 1

    A.    Introductory Remarks ....................................................................... 1

    B.    Role of the Court ............................................................................... 1

    C.    Role of the Jury ................................................................................. 2

    D.    Role of Counsel .................................................................................. 2

    E.    Sympathy or Bias .............................................................................. 3

    F.    Burden of Proof .................................................................................. 4

    G.    What Is and Is Not Evidence ............................................................ 5

    H.    Direct and Circumstantial Evidence ................................................ 6

    I.    Witness Credibility ........................................................................... 7

    J.    Prior Inconsistent Statement ............................................................ 9

    K.    Multiple Defendants ........................................................................ 10

    L.    Use of Deposition Testimony .......................................................... 10

    M.    Stipulations ...................................................................................... 10

    N.    Presence of the Parties .................................................................... 10

II.   SUBSTANTIVE INSTRUCTIONS ............................................................... 10

    A.    Section 1983 ..................................................................................... 11

        1.    First Element – Action under Color of State Law ...................... 12

        2.    Second Element – Deprivation of a Federal Right ..................... 12

        3.    Third Element – Proximate Cause .............................................. 22

        4.    Summary of Section 1983 Claim ................................................ 24

III.  DAMAGES ..................................................................................................... 24

    A.    Purpose of Damages ........................................................................ 25

    B.    Multiple Claims – Avoidance of Double Recovery .......................... 27

    C.    Nominal Damages ............................................................................ 28

    D.    Punitive Damages ............................................................................ 28

IV.   DELIBERATIONS OF THE JURY .............................................................. 29

    A.    Selection and Duties of Foreperson ............................................... 29

    B.    Right to See Exhibits and Hear Testimony; Communication with the Court ....... 30

    C.    Notes ................................................................................................. 30

    D.    Duty to Deliberate; Unanimous Verdict ......................................... 30

    E.    Verdict Form .................................................................................... 32

    F.    Return of Verdict ............................................................................. 32

V.     CONCLUSION.............................................................................................................. 32

# I.  GENERAL INSTRUCTIONS

## A.  Introductory Remarks

Members of the jury, I will now instruct you as to the law that governs this case.  You have been handed a copy of the instructions I will read.  You should feel free to read along or to just listen to me.  You will be able to take your copy of these instructions into the jury room.

Listening to these instructions may not be easy because they are long and extensive.  It is important, however, that you listen carefully and concentrate.  I ask you for patient cooperation and attention.  You'll notice that I'm reading these instructions from a prepared text.  It would be more lively, no doubt, if I just improvised.  But it's important that I not do that.  The law is made up of words, and those words are very carefully chosen.  So, when I tell you the law, it's critical that I use exactly the right words.  Therefore, I may not be able to engage in as much eye contact as I would otherwise like.  But I know you will pay close attention.

You have now heard all of the evidence in the case as well as the final arguments of the parties.  You have paid careful attention to the evidence, and I am confident that you will act together with fairness and impartiality to reach a just verdict in the case.

There are three parts to these instructions.  First, I'm going to give you some general instructions about your role, and about how you are to decide the facts of the case.  Most of these instructions would apply to just about any trial.  Second, I'll give you some specific instructions about the legal rules applicable to this particular case.  Third, I'll give you some final instructions about procedures and deliberations.

## B.  Role of the Court

My duty at this point is to instruct you as to the law.  It is your duty to accept these instructions as to the law and to apply them to the facts as you determine them.  With respect to

legal matters, you must take the law as I give it to you.  If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow. You must not substitute your own notions or opinions of what the law is or what you think it ought to be.  You are to consider these instructions together as a whole; in other words, you are not to isolate or give undue weight to any particular instruction.

C.      **Role of the Jury**

As members of the jury, you are the sole and exclusive judges of the facts.  You evaluate the evidence.  You determine the credibility of the witnesses.  You resolve such conflicts as there may be in the testimony.  You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

Do not conclude from any of my rulings on objections or anything else I have done during this trial that I have any view as to the credibility of the witnesses or how you should decide the case.  Any opinion I might have regarding the facts is of absolutely no consequence.

It is your sworn duty, and you have taken the oath as jurors, to determine the facts and to render judgment impartially and fairly, solely on the evidence in this case and the applicable law.

D.      **Role of Counsel**

It is the duty of the attorneys to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible.  It is my job to rule on those objections.  Therefore, why an objection was made or why I ruled on it the way I did is not your concern.  You should draw no inference from the fact that an attorney objects to any evidence. Nor should you draw any inference from the fact that I might have sustained or overruled an objection.  If I sustained the objection, you may not consider the testimony or exhibit at issue; if I overruled the objection, you may consider the testimony or exhibit just as you would any other evidence in the case.

The personalities and the conduct of counsel in the courtroom are not in any way at issue. If you formed opinions or had reactions of any kind to the lawyers here, favorable or unfavorable, whether you approved or disapproved of their behavior as advocates, those opinions or reactions should not enter into your deliberations.

During the course of the trial, I may have had to correct the presentation of an attorney, for example, to ask them to rephrase a question. You should draw no inference against the attorney or the client. It is the duty of the attorneys to advocate on behalf of their clients.

From time to time, the lawyers and I had conferences out of your hearing. These conferences involved procedural and other legal matters, and should not enter into your deliberations at all.

### E.        Sympathy or Bias

You must evaluate the evidence calmly and objectively, without prejudice or sympathy. You must be completely fair and impartial. Your verdict must be based solely on the evidence presented at this trial, or the lack of evidence.

You may not consider, in deciding the facts of the case, any personal feelings you may have about the race, religion, national origin, gender, age, sexual orientation, disability, or physical appearance of any party or witness. It is equally improper for you to allow any personal feeling that you might have about the nature of the claims or defenses to influence you in any way. The parties in this case are entitled to a trial free from prejudice and bias. Our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

The case should be decided by you as an action between parties of equal standing in the community, of equal worth, and holding the same or similar stations in life. All parties are entitled to the same fair trial by you. They stand equal before the law, and are to be dealt with as equals in this Court.

### F.      Burden of Proof

At various times in these instructions I will use the term "burden of proof" in order to inform you which party has the burden of proof on a particular claim or a particular issue.  As this is a civil case, parties have the burden of proving their claims by a preponderance of the evidence.

The party who has the burden of proof on a particular issue has the burden of establishing their position on that issue by a preponderance of the evidence.  If you conclude that the party who has the burden of proof on an issue has failed to establish their position by a preponderance of the evidence, you must decide against that party on that issue.

What does a "preponderance of the evidence" mean?  To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true.  A preponderance of the evidence means the greater weight of the evidence.  It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents.  In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties – that it is equally probable that one side is right as it is that the other side is right – then you must decide that issue against the party having this burden of proof.  That is because the party bearing this burden must prove more than simple equality of evidence – the party must prove the element at issue by a preponderance of the evidence.  On the other hand, the party with this burden of proof need prove no more than a preponderance.  So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof – that what the party claims is more likely true than not true – then that element will have been proved by a preponderance of the evidence.

One final note on the burden of proof: some of you may have heard of "proof beyond a reasonable doubt."  As I told you at the beginning of the trial, "beyond a reasonable doubt" is the standard of proof in a criminal trial.  It does not apply to a civil case such as this and you should put it out of your mind.

### G.    What Is and Is Not Evidence

In determining the facts, you must rely upon your own recollection of the evidence.  The evidence in this case is the sworn testimony of the witnesses and the exhibits received in evidence.

The only exhibits that are evidence in this case are those that were received in evidence. Exhibits marked for identification but not admitted are not evidence, nor are materials that were used only to refresh a witness' recollection. Some exhibits have redactions on them, or places where the text has been blocked out.  You should not concern yourself with what was redacted, nor why anything was redacted from a document.

As I told you at the start of this case, statements and arguments by the lawyers are not evidence, because the lawyers are not witnesses.  What they have said to you in their opening statements and in their summations is intended to help you understand the evidence to reach your verdict.  If your recollection of the facts differs from the lawyers' statements, however, it is your recollection that controls.

For the same reasons, you are not to consider a lawyer's questions, restatement of exhibits, or summarizing of a witness' testimony as evidence.  It is the witnesses' answers to those questions or the exhibits themselves that are evidence.  Similarly, any statements that I may have made do not constitute evidence.  It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

Finally, this means, of course, that anything you may have heard or read outside of this courtroom – on the internet, in the news media, or anywhere else – may play no role in your deliberations. Your decision in this case must be made solely on the evidence presented at trial.

**H.      Direct and Circumstantial Evidence**

Generally, there are two types of evidence that you may consider in reaching your verdict. One type of evidence is direct evidence. Direct evidence is testimony by a witness about something he or she knows by virtue of his or her own senses – something the witness has seen, felt, touched, or heard. For example, if a witness testified that when he or she left the house this morning, it was raining, that would be direct evidence about the weather. Direct evidence may also be in the form of an exhibit.

Circumstantial evidence is evidence from which you may infer the existence of certain facts. For example, assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside. As you were sitting here, someone walked in with an umbrella, that was dripping wet. Then a few minutes later another person entered with a wet raincoat. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So, you have no direct evidence of that fact. But on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason, experience, and common sense from one established fact the existence or non-existence of some other fact. As you can see, the matter of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a logical, factual conclusion which you might reasonably draw from other facts that have been proven. Many material facts – such as what a

person was thinking or intending – are not easily proven by direct evidence.  Proof of such matters may be established by circumstantial evidence.

Circumstantial evidence is as valuable as direct evidence.  The law makes no distinction between direct and circumstantial evidence.

There are times when different inferences may be drawn from the evidence.  The plaintiff asks you to draw one set of inferences.  The defendants ask you to draw another.  It is for you, and for you alone, to decide what inferences you will draw.

Let me state a final point:  when you are determining issues of fact, you are weighing the evidence.  You determine whether evidence should be given no weight, some weight, or a lot of weight.  The weighing of evidence should be based on your judgment of all relevant facts and circumstances.

## I.     Witness Credibility

Now for the important subject of evaluating testimony.  How do you evaluate the credibility or believability of the witnesses?  The answer is that you use your plain common sense.  Common sense is your greatest asset as a juror.  You should ask yourselves: Did the witness impress you as honest, open, and candid?  Or did the witness appear evasive or as though the witness was trying to hide something?  How responsive was the witness to the questions asked on direct examination and on cross-examination?

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life.  You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case.  You should consider the opportunity the witness had to see, hear, and know the things about which he testified.  You should consider the accuracy of his memory, his candor or lack of

candor, his intelligence, the reasonableness and probability of his testimony, its consistency or lack of consistency, and its corroboration or lack of corroboration, with other credible testimony.

If you find that a witness is intentionally telling a falsehood, that is always a matter of importance that you should weigh carefully.  If you find that any witness has lied under oath at this trial, you should view the testimony of such a witness cautiously and weigh it with great care. It is, however, for you to decide how much of the witness's testimony, if any, you wish to believe. Few people recall every detail of every event precisely the same way.  A witness may be inaccurate, contradictory, or even untruthful in some respects and yet entirely believable and truthful in other respects.  It is for you to determine whether such inconsistencies are significant or inconsequential, and whether to accept or reject all or some of the testimony of any witness.

Similarly, in deciding whether to believe a witness, you should specifically note any evidence of hostility or affection that the witness may have towards one of the parties.  It is your duty to consider whether the witness has permitted any such bias or interest to color his testimony.

You have heard the testimony of law enforcement officers.  The fact that a party or witness may be or has been employed as a law enforcement officer does not mean that his or her testimony is deserving of any more or less consideration or greater or lesser weight than that of any other witness.

You have also heard the testimony of one or more witnesses who were arrested.  The fact that a party or witness has been arrested does not mean that his testimony is deserving of more or less consideration or greater or lesser weight than that of any other party or witness.

It is your decision after reviewing all of the evidence whether to accept or reject all or parts of the testimony of these witnesses as you would any other witness.

What you must try to do in deciding credibility is to size a witness up in light of his demeanor, the explanations given and all of the other evidence in the case.  Always remember that you should use your common sense, your good judgment, and your own life experience.

When you are considering the evidence presented to you, you are permitted to draw, from the facts that you find to be proven, such reasonable inference as would be justified in light of your experience and common sense.  Please bear in mind, however, as I stated previously, that an inference is not to be drawn by guesswork or speculation.

**J.**      **Prior Inconsistent Statement**

You have heard evidence that certain witnesses may have made statements on earlier occasions which counsel argue are inconsistent with their trial testimony.  Evidence of a prior inconsistent statement is not to be considered by you as affirmative evidence in determining liability.  Evidence of any such prior inconsistent statement was placed before you for the limited purpose of helping you decide whether to believe the trial testimony of the witness who may have contradicted himself or herself.  If you find that a witness made an earlier statement that conflicts with that witness' trial testimony, you may consider that fact in deciding how much of the trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency; and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so, how much, if any, weight should be given to the inconsistent statement in determining whether to believe all or part of the witness' testimony.

### K.      Multiple Defendants

In considering whether any party has carried his burden of proof, remember that there are two defendants in this case.  You should consider each of plaintiff's claims separately against each defendant, and your finding for or against one defendant on a claim does not dictate the finding you should make for or against the other defendant on that claim.

### L.      Use of Deposition Testimony

Some of the testimony before you is in the form of depositions which have been received in evidence.  A deposition is simply a procedure where the attorneys for one side may question a witness or an adversary party under oath before a court stenographer prior to trial.  This is part of the pretrial discovery, and each side is entitled to take depositions.  You may consider the testimony of a witness given at a deposition according to the same standards you would use to evaluate the testimony of a witness given at this trial.

### M.      Stipulations

A stipulation of facts is an agreement among the parties that a certain fact is true.  You must regard such agreed facts as true.  Here the parties have stipulated to the following:  Plaintiff's Exhibit 10 is an NYPD report pertaining to a taser assigned to the 33rd Precinct.

### N.      Presence of the Parties

The parties to a litigation, both plaintiff and the defendants, are entitled to be present in the courtroom during the entire trial.

## II.      SUBSTANTIVE INSTRUCTIONS

I will turn now to my instructions on the substantive law to be applied to this case.

The Plaintiff in this case—the party who brought the case—is Mr. Darwin Columna.  The defendants are Genner Gomez and Pedro Romero, who were New York City police officers at the

10

time of the events at issue.  Each of the defendants has subsequently achieved the rank of detective, but to avoid confusion I will refer to them as Officer Gomez and Officer Romero, since it is their conduct as police officers that is the subject of Mr. Columna's claims.

Plaintiff has asserted three different causes of action or "claims" against each of the two defendants.  You should consider plaintiff's claims against each of the defendants separately.  Each defendant is entitled to a fair consideration of the evidence relating to that defendant, and is not to be prejudiced by any finding you make for or against any other defendant.

I will now discuss each of the claims in this case and the elements of each of these claims.

**A.**      **Section 1983**

Plaintiff asserts claims under a federal civil rights law, 42 U.S.C. § 1983, or "Section 1983" for short.  Section 1983 provides a remedy for individuals who have been deprived of their federal constitutional rights under color of state law.  Section 1983 states, in relevant part that:

> Every person who, under color of [state law], subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the [United States] Constitution and [federal] laws, shall be liable to the party injured [for damages].

Section 1983 creates a form of liability in favor of people who have been deprived of rights secured to them by the United States Constitution.  Section 1983 itself does not establish or create any federally protected right.  Rather, it is the statute that allows people to enforce rights guaranteed to them by the United States Constitution, including their rights under the Fourth Amendment to the United States Constitution, to be free from unlawful arrest or malicious prosecution.  Plaintiff alleges that the defendants deprived Plaintiff of his constitutional right to be free from false arrest, from being maliciously prosecuted, and to be free from retaliation based on his First Amendment rights.   Defendants deny Plaintiff's claims.

11

To establish claims under Section 1983, Plaintiff must demonstrate, by a preponderance of the evidence, the following three elements:

First, that the acts complained of were committed by the defendant acting under color of state law;

Second, that this conduct deprived the plaintiff of rights protected by the United States Constitution or laws of the United States; and

 Third, that the defendant's conduct was a proximate cause of the injuries and damages sustained by the plaintiff.

I will now explain each of these elements in greater detail.

### 1.    First Element – Action under Color of State Law

As to the first element — whether the defendants were acting under color of state law — I instruct you that there is no dispute in this case that the defendants were acting under color of state law and therefore you do not have to consider this element.

### 2.    Second Element – Deprivation of a Federal Right

The second element that plaintiff must prove by a preponderance of the evidence is that the defendant you are considering deprived the plaintiff of a right protected by the United States Constitution.  Here the plaintiff alleges that the defendants deprived him of three federal rights – the right to be free from false arrest under the Fourth Amendment, the right to be free from malicious prosecution under the Fourth Amendment, and the right to be free of retaliation for exercising his First Amendment freedom of speech.

I will detail the elements of each of these alleged Constitutional violations in a few moments, but first generally speaking in order for plaintiff to establish this element of his Section

1983 claims, he must prove two things by a preponderance of the evidence with respect to the defendant you are considering:

First, the plaintiff must prove that the defendant acted in the way that Plaintiff alleges.  In other words, Plaintiff must prove by a preponderance of the evidence that the defendant took the actions that the plaintiff claims violated his Constitutional rights.

The law imposes liability only upon a defendant who "subjects, or causes to be subjected" any person to the deprivation of a federal right.  Thus, in order for the plaintiff to prevail on his claims, there must be some evidence of personal involvement by the defendant.  Personal involvement may be established by a showing of direct participation, namely personal participation by one who has knowledge of the facts that rendered the conduct illegal, or indirect participation such as ordering or helping others to do the unlawful acts.  Therefore, you must first make a determination of personal involvement by the defendant you are considering in the constitutional violations alleged by the plaintiff.  If you find that a defendant was not personally involved in the deprivation of the plaintiff's constitutional rights, then you must find for the defendant on that alleged violation.  If, however, you find that a defendant was personally involved in the deprivation of the plaintiff's constitutional rights, then you must go on to determine whether the plaintiff has proven the other elements of his claims regarding the deprivation of his constitutional rights against that defendant.  Although there are two defendants in this case, each defendant is entitled to fair, separate, and individual consideration without regard to your decision as to the other defendant.

The plaintiff must also establish that the defendant you are considering acted intentionally or recklessly, rather than accidentally or mistakenly.  An act is intentional if it is done voluntarily and deliberately and not because of mistake, accident, negligence, or another innocent reason.  An

act is reckless if done in conscious disregard of its known probable consequences.  To be clear, Section 1983 does not require the plaintiff to demonstrate that the defendant you are considering acted with the specific intention of violating plaintiff's federally protected rights.

In determining if the defendant you are considering acted intentionally or recklessly, you should remember that there is no way of looking into a person's mind.  Therefore, you have to depend on what was done and what the people involved said was in their minds, and your belief or disbelief with respect to those facts.

Second, the plaintiff must prove that the defendant's conduct caused the plaintiff to suffer the loss of a Constitutional right.  I will now discuss in more detail the federal rights that plaintiff alleges he was deprived of by each defendant.  You have heard plaintiff's and each defendant's versions of what happened in this case, and it is up to you to first decide what actually occurred based on the evidence.  With that determination in mind, you should then consider, under the law as I am about to instruct you, whether the plaintiff has established that the defendants violated his Constitutional rights.

### i.   Deprivation of a Federal Right: False Arrest

Plaintiff first alleges that his rights were violated because he was falsely arrested by the defendants.  Defendants contend that they acted lawfully under the circumstances.

The primary contested issue with respect to the false arrest claim is whether Mr. Columna's arrest was justified by probable cause.  Because probable cause is an affirmative defense, the defendants bear the burden of proving by a preponderance of the evidence that the arrest was justified by probable cause.  If you find that the defendants lacked probable cause to arrest plaintiff, you must find that they deprived plaintiff of a federal Constitutional right to be free from false arrest under the Fourth Amendment.

What is probable cause?

Probable cause exists where, at the time of the arrest, the totality of the facts and the circumstances known to the police officer are sufficient to warrant an officer of reasonable prudence to believe that a crime has been or is being committed by the person arrested.

Under the United States Constitution, no person may be arrested or detained without probable cause. This means that an officer who makes an arrest must have information at the time of the arrest that would lead a reasonable person with the same official expertise as the officer to conclude that the person being arrested had committed or was in the process of committing a crime. You must keep in mind, however, that you are being asked only to decide whether the defendant you are considering, at the time he participated in the arrest of plaintiff, had probable cause to believe that plaintiff had committed or was in the process of committing a crime, but you are not being asked whether plaintiff was in fact guilty of a crime. An arrest made with probable cause is lawful even if the plaintiff did not actually commit the crime.

The existence of probable cause is measured at the time of the arrest, not based on later developments. You are not to view the question of probable cause from a position of calm, reflective hindsight, but from the position of how the circumstances appeared to the officers at the time. Probable cause can exist even where it is based on mistaken information, so long as the arresting officer acted reasonably in relying on that information.

There is no dispute in this case that Mr. Columna was arrested. The questions for you, therefore, are whether (i) the defendant you are considering participated, either directly or indirectly, in arresting plaintiff, and (ii) if so whether the arrest was justified, meaning the defendant you are considering had probable cause to make the arrest.

Up until this point, I have instructed you that Mr. Columna bears the burden to prove the basis for his claims by a preponderance of the evidence.  That remains true when you are deciding whether the defendant you are considering participated in arresting plaintiff; that is something plaintiff must prove by a preponderance of the evidence.  However, if you decide that plaintiff has proven that the defendant you are considering participated in arresting him, then the burden shifts to that defendant to prove by a preponderance of the evidence that there was probable cause to arrest plaintiff.  That is because the existence of probable cause is an affirmative defense to a false arrest and is something the defendant has the burden of proving.

I instruct you further that the law recognizes what is called the fellow officer rule.  Under the law, when a group of officers are working together, an individual officer does not need to have knowledge of all of the facts and circumstances that establish probable cause, as long as at least one officer has knowledge of all of the facts and circumstances that establish probable cause.  If the collective knowledge of the officers on the scene is of such weight and persuasiveness as to convince an officer of ordinary intelligence, judgment, and experience that there is probable cause, then the officer who relies on that information has probable cause to arrest.  This rule exists because, in light of the complexity of modern police work, the arresting officer cannot always be aware of every aspect of an investigation.  Sometimes his authority to arrest a suspect is based on facts known only to his fellow officers.  In essence, where law enforcement authorities are cooperating in an investigation, the knowledge of one is presumed by all.  Thus if you find that Officer Gomez had probable cause to arrest Mr. Columna, then Mr. Romero would as well.

Some of the testimony you have heard today was about the intent or motive of the various parties. You may consider evidence about intent or motive to help you evaluate the facts and witness credibility. Once you have decided the facts, you consider whether these facts and

circumstances gave the officers probable cause. When deciding whether an officer had probable cause, you should put aside any perceptions you have regarding the defendant's underlying intent or motivation. What I mean is that even if an officer acts with evil intentions, that officer will not have violated an individual's Fourth Amendment rights if there existed probable cause under the circumstances. On the other hand, even if an officer acts with good intentions, that officer will have violated plaintiff's Fourth Amendment right if, based on the circumstances, a reasonable police officer would not have thought that the plaintiff had committed or was about to commit a crime.

Officer Gomez and Officer Romero each assert the affirmative defense of probable cause here. Specifically, they assert that they had probable cause to arrest Mr. Columna on suspicion of three different crimes under New York law.

First, defendants contend that there was probable cause to arrest plaintiff for criminal possession of a controlled substance in the seventh degree in violation of N.Y. Penal Law § 220.03, which is a statute that makes it a crime to "knowingly and unlawfully possess a controlled substance."

Second, defendants contend that there was probable cause to arrest plaintiff for obstruction of governmental administration in the second degree in violation of N.Y. Penal Law § 195.05. A person is guilty of obstruction of governmental administration when he intentionally obstructs, impairs, or perverts the administration of law or other governmental function or prevents or attempts to prevent a public servant from performing an official function, by means of intimidation, physical force or interference, or by means of any independently unlawful act. I am instructing you that if Plaintiff discarded a bag of illegal drugs as the officers were approaching that would be obstruction of governmental administration in the second degree.

17

Third, defendants contend that there was probable cause to arrest plaintiff for unlawful possession of marijuana in violation of N.Y. Penal Law § 221.05, which was repealed several years after this incident. A person was guilty of unlawful possession of marijuana when he knowingly and unlawfully possessed marijuana.

Therefore, if, at the time the defendant arrested the plaintiff, there was probable cause to believe that he had committed any of these criminal acts then you must find for the defendant. If the defendant lacked probable cause for the arrest, and all the other elements I've described are satisfied, then the defendant violated plaintiff's constitutional rights, and you must find for the plaintiff. Please note that you do not have to be unanimous as to the offense or offenses for which you find there was probable cause. You only need to be unanimous in finding that probable cause existed for the arrest. If you find that there was probable cause to arrest the Plaintiff, you need not consider the remaining two claims.

### ii.        Deprivation of a Federal Right:  Malicious Prosecution

For his second claim, plaintiff alleges that defendants had no basis to cause criminal charges to be filed against him. This is referred to as a "malicious prosecution" claim. To establish a claim for malicious prosecution, a plaintiff must prove the following elements by a preponderance of the evidence: (1) that defendants initiated the criminal proceeding against plaintiff, (2) that the criminal proceeding was terminated in plaintiff's favor, (3) that there was no probable cause for the commencement of the criminal proceeding, (4) that defendants acted with actual malice in commencing the criminal proceedings against the plaintiff, and (5) that the plaintiff suffered a post-arraignment deprivation of liberty. There is no dispute that the criminal proceeding was terminated in plaintiff's favor. The burden of proof is on the plaintiff to prove by a preponderance of the evidence the four remaining elements.

### a.    Initiation of the Prosecution

The first element is whether defendants commenced the criminal prosecution against plaintiff.  There is no dispute that Plaintiff was prosecuted for criminal possession of a controlled substance in the seventh degree.  However, to establish this element, plaintiff must prove by a preponderance of the evidence that the defendant you are considering played an active role in the prosecution of plaintiff. An officer is considered to have played an active role in a prosecution where he directed or required a prosecutor to prosecute.  An officer is also considered to have played an active role in a prosecution if he brought formal charges and had the person arraigned, filled out complaining or corroborating affidavits, or swore to a signed complaint.

On the other hand, an officer cannot be said to have commenced a criminal proceeding if he does no more than fairly and truthfully disclose to the prosecutor all material information within his knowledge that a reasonable person would believe would be important to the question of plaintiff's guilt or innocence.  If, however, you find that the defendant you are considering provided information that he knew to be false, or withheld information that a reasonable person would realize might affect the prosecutor's decision whether to prosecute, that defendant is then responsible for initiating the prosecution.

### b.    Probable Cause

The next element that the plaintiff must prove by a preponderance of the evidence is that there was no probable cause for Defendants to believe that the plaintiff was guilty of criminal possession of a controlled substance in the seventh degree, the crime for which he was ultimately charged.

Let me pause a moment.  We are now discussing probable cause to initiate and continue a criminal prosecution.  I have previously discussed the issue of probable cause with regard to plaintiff's false arrest claim.  With respect to that claim, I instructed you as to whether the

defendants had probable cause to initially arrest the plaintiff.  Defendants had the burden to prove probable cause to defeat a false arrest claim.  Now we are talking about probable cause at a different period of time, and a different phase of the criminal proceeding.  We are now past the arrest stage and into the actual initiation of the prosecution.

For this element of a malicious prosecution claim, plaintiff bears the burden of proof and must prove that the defendants acted without probable cause in commencing the criminal proceeding against him.  Whether probable cause existed depends upon whether a reasonably prudent person, at the time the prosecution was initiated, would have believed the plaintiff to be guilty of the crime with which he was charged in the criminal complaint – criminal possession of a controlled substance in the seventh degree – on the basis of the facts that defendants knew when they initiated the prosecution, or that they reasonably believed to be true.  The fact that the criminal charge was ultimately dismissed against the plaintiff is not evidence that defendants lacked probable cause at the time the prosecution was initiated.

To determine whether a defendant had probable cause to initiate the criminal proceeding against the plaintiff, you must consider the elements of the crime with which he was charged, which I will now repeat: A person is guilty of criminal possession of a controlled substance in the 7th degree when "he or she knowingly and unlawfully possesses a controlled substance[.]"

### c.     Malice

The third element that plaintiff must prove by a preponderance of the evidence is that the defendant you are considering acted with malice in commencing the criminal charges against the plaintiff.  A person acts with malice when he acts with an improper or wrongful motive or purpose. This does not require the plaintiff to prove that the officer was angry or vindictive or bore any actual hostility or ill will toward the plaintiff.  Rather, a prosecution is initiated maliciously if it is initiated for a purpose other than bringing the offender to justice, for some ulterior purpose other

than to secure punishment for a crime, or in reckless disregard of the rights of the person accused. Malice may be inferred from a lack of probable cause, but only where probable cause was so totally lacking that no reasonable officer could have thought it existed.

### d.    Deprivation of Liberty

The fourth and final element that plaintiff must prove by a preponderance of the evidence is that he suffered a deprivation of liberty after his arraignment.  Plaintiff can satisfy this element by showing that he was required to appear in court in connection with a criminal proceeding initiated by the defendants.

### iii.    <u>Deprivation of a Federal Right: First Amendment Retaliation</u>

Plaintiff's third and final Section 1983 claim is that defendants retaliated against him for exercising his right to free speech under the First Amendment to the United States Constitution by falsely arresting him and maliciously prosecuting him in retaliation for filing prior lawsuits against members of the NYPD and obtaining settlements of those lawsuits.

You have heard evidence that plaintiff filed prior lawsuits against other police officers, and that those lawsuits were resolved.  The existence of those lawsuits was admitted solely for the fact that they were filed.  You have heard no evidence regarding, and therefore may not consider, the merits of plaintiff's prior lawsuits for any purpose.  Furthermore, those lawsuits were settled without any admissions of liability or wrongdoing, and you may not consider the fact that they were settled as any indication of their merits.  Indeed, lawsuits are settled for any number of reasons unrelated to their merits.

To prevail on a First Amendment retaliation claim under Section 1983 plaintiff must show that: (1) plaintiff had a right protected by the First Amendment; and (2) the false arrest or malicious

prosecution by the defendant you are considering was motivated or substantially caused by plaintiff's exercise of that right.

With respect to the first element, as a matter of law, the First Amendment protects the right to complain about police misconduct and to bring a lawsuit against the police, without being retaliated against by the police. Police officers may not subject an individual to retaliatory actions for bringing lawsuits against them, regardless of whether those lawsuits are meritorious or not.

In order to succeed on his First Amendment retaliation claim, plaintiff must prove that the defendant you are considering either falsely arrested plaintiff or maliciously prosecuted him, or both. If you have not concluded that the defendant you are considering did one of those things, then plaintiff cannot make out a First Amendment retaliation claim against that defendant and you should find for that defendant on the First Amendment retaliation claim.

On the other hand, if you did conclude that the defendant you are considering either falsely arrested plaintiff or maliciously prosecuted him, or both, then you must decide whether plaintiff has shown that the defendant you are considering did so because of plaintiff's lawsuits against members of the NYPD or the settlements of those lawsuits. That means you must consider whether plaintiff's lawsuits against members of the NYPD or the settlements of them were a substantial or motivating factor for the decision of the defendant you are considering to arrest plaintiff or initiate a criminal case against him. However, if the defendant you are considering shows that he would have taken the same action absent the lawsuits or settlements, you must find that Plaintiff has not established a retaliation claim.

### 3.    Third Element – Proximate Cause

The third element for all of the claims – false arrest, malicious prosecution, and retaliation – is that plaintiff must prove that the acts of the defendant you are considering were a proximate

cause of the injuries that the plaintiff sustained. For an injury sustained by the plaintiff to be proximately caused by a defendant means that there must be a sufficient causal connection between the acts or omissions of the defendant you are considering and the plaintiff's injury. An act or omission is a proximate cause if it was a substantial factor in bringing about or causing injury, that is, if the injury or damage was a reasonably foreseeable consequence of that defendant's act or omission. In other words, if a defendant's act or omission had such an effect in producing the injury that reasonable persons would regard it as being a cause of the injury, then the act or omission is a proximate cause.

A proximate cause need not always be the nearest cause either in time or in space. In addition, there may be more than one proximate cause of an injury or damage. Many factors or the conduct of two or more people may operate at the same time, either independently or together, to cause an injury.

On the other hand, a defendant's act is not a proximate cause if the plaintiff's injury was caused by a new or independent source, which intervened between the act of the defendant and the plaintiff's injury and produced a result that was not reasonably foreseeable by the defendant.

In terms of the false arrest claim, you have heard testimony about events that the plaintiff alleges took place in the 33rd Precinct after the plaintiff was arrested, including the alleged use of force by NYPD officers. That testimony was not offered to prove any constitutional violation, including the false arrest claim, but only to prove injuries that plaintiff claims were proximately caused by the false arrest. Therefore, if you find that the plaintiff has not proven his false arrest claim, or if you find that the events that took place at the 33rd Precinct were not a reasonably foreseeable consequence of plaintiff's false arrest, you may not consider these alleged events at the 33rd Precinct for any purpose.

### 4.    Summary of Section 1983 Claim

To summarize for you very briefly, I have described the three elements that plaintiff must prove by a preponderance of the evidence against each of the individual defendants. First, that the defendant acted under color of state law, which is not disputed in this case. Second, that the defendant's conduct deprived plaintiff of a federal right – in this case the right to be free from false arrest, the right to be free from malicious prosecution, and the right to be free from retaliation based on his First Amendment rights. And, third, that the defendant's acts proximately caused the plaintiff's injuries.

## III.    DAMAGES

If the plaintiff has proven by a preponderance of the evidence that the defendant you are considering is liable on one or more of plaintiff's claims, then you must determine the damages to which plaintiff is entitled.

There are three types of damages you may consider: compensatory damages, nominal damages, and punitive damages. I will discuss each in turn.

The fact that I am instructing you as to the proper measure of damages does not indicate any view of mine as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given for your guidance only in the event that you should find that plaintiff has proven his claims in accordance with my other instructions. Your decision on whether to award damages and the amount must be unanimous.

The verdict form I will give you will assist you in recording the determinations, if any, that you make as to damages.

24

### A.    Purpose of Damages

The purpose of the law of damages is to award just and fair compensation for the loss, if any, which resulted from a violation of one's legal rights.  If you find the defendant liable, then you must award the plaintiff sufficient damages to compensate him for any injury caused by the conduct of the defendant.

The damages that you award must be fair and reasonable, that is, they should be neither inadequate nor excessive.  You must be guided by dispassionate common sense.  Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork.  On the other hand, the law does not require a party to prove the amount of its losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.  Although you should make every effort to calculate damages with reasonable certainty, absolute certainty as to amount is not required.  In all instances, you are to use sound discretion in fixing an award of damages, drawing reasonable inferences where you deem appropriate from the facts and circumstances in evidence.

### B.    Compensatory Damages

If you find that one or both defendants are liable for any of plaintiff's claims, then you must award plaintiff sufficient damages to compensate him for any injury proximately caused by the defendant's conduct.  These are known as compensatory damages.  The damages that you award must be fair compensation for the loss, if any, which resulted from the particular defendant's wrongful conduct—no more and no less.  The purpose of these damages is to make the plaintiff whole—to put him in the same position that he would have been in had there been no violation of his rights.  The purpose is not to punish the defendants.

Compensatory damages may include compensation for physical injury, pain and suffering, emotional distress, fear, personal humiliation, an unjust loss of liberty, and indignation that the plaintiff has suffered if it is because of the particular defendant's conduct.  I will discuss how you should consider some of these items.

If you find for plaintiff on any of his claims, he is entitled to be compensated for any physical pain and suffering that he has proven. In order to recover damages for such pain and suffering, the plaintiff must present credible evidence with respect to his pain and suffering and that a defendant's impermissible conduct caused this pain and suffering. To satisfy the requirement, the plaintiff does not need to prove or provide evidence from a medical expert. There is no exact standard for determining the precise amount of damages for physical pain and suffering. An award you make must be fair and reasonable in light of all the evidence at trial.

If you find for plaintiff on any of his claims, he is also entitled to be compensated for any emotional and mental distress that he has proven he suffered. You should award him a sum which will compensate him reasonably for any emotional pain, fear, humiliation, and mental anguish that he has proven that he suffered and which the wrongful conduct of the particular defendant was a substantial factor in bringing about. Plaintiff's testimony about his emotional pain, fear, humiliation, and mental anguish is only sufficient to support a damages award for emotional and mental distress if you find that the circumstances of the violation reasonably could have caused such emotional pain, fear, humiliation, and mental anguish.

If you find for plaintiff on any of his claims, he is also entitled to be compensated for his loss of liberty during the time he spent wrongfully detained and defending against the wrongful criminal prosecution.  The damages that plaintiff is entitled to for loss of liberty are in addition to damages he is entitled to for any pain, fear, humiliation or other emotional suffering you may

find that he suffered.  Damages for false arrest are to compensate for injuries from the beginning for custody to arraignment, and damages for malicious prosecution are to compensate for injuries after arraignment.

Ultimately, you should award an amount of compensatory damages sufficient to compensate plaintiff for each injury he proved he sustained.

### B.      Multiple Claims – Avoidance of Double Recovery

It is important to note that if you find defendant police officers violated more than one of plaintiff's rights, plaintiff is entitled to be compensated only for the injuries plaintiff actually suffered.  Thus, if the defendant violated more than one of plaintiff's rights, but the resulting injury was no greater than it would have been had the defendants violated one of those rights, you should award an amount of compensatory damages no greater than you would award if defendants had violated only one of the plaintiff's rights.

However, if defendants violated more than one of plaintiff's rights and you can identify separate injuries resulting from the separate violations, you should award an amount of compensatory damages equal to the total of the damages you believe will fairly and just compensate plaintiff for the separate injuries plaintiff has suffered.

In other words, any damage award for a second claim must be limited to the component of injury you find substantiated for this claim, if any, over and above whatever you have already compensated by your awards for other claims.

If you decide that two or more of the defendants are liable for violating plaintiff's rights, then you must simply determine the overall amount of damages that will fairly and justly compensate plaintiff's injury, without breaking that figure down into individual percentages for which each defendant is liable.

C.      **Nominal Damages**

If you return a verdict for the plaintiff, but find that plaintiff has failed to prove by a preponderance of the credible evidence that he is entitled to any actual compensatory damages, then you must return an award of damages in the sum of one dollar.  This is to show that liability has been proved, but that plaintiff has not proven that he is entitled to compensatory damages. This type of damages is called "nominal damages."

D.      **Punitive Damages**

Finally, if you award Mr. Columna damages in any amount, you may also, in your discretion, make an award of punitive damages.  Punitive damages are awarded, in the discretion of the jury, to punish a defendant for extreme or outrageous conduct, and to deter or prevent a defendant and others like him from committing such conduct in the future.

You may award the plaintiff punitive damages if you find that the acts or omissions of the defendant were done maliciously or wantonly.  An act or failure to act is maliciously done if it is prompted by ill will or spite towards the injured person.  An act or failure to act is wanton if done with a reckless or callous disregard for the rights of the injured person.  The plaintiff has the burden of proving, by a preponderance of the evidence, that the defendant you are considering acted maliciously or wantonly with regard to the plaintiff's rights.

If you find by a preponderance of the evidence that the defendant acted with malicious intent to violate the plaintiff's federal rights or unlawfully injure him, or if you find that defendant acted with a callous or reckless disregard of the plaintiff's rights, then you may award punitive damages.  An award of punitive damages, however, is discretionary; that is, if you find that the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them.

In making this decision, you should consider the underlying purpose of punitive damages. Punitive damages are awarded in the jury's discretion to punish a defendant for outrageous conduct or to deter him and others like him from performing similar conduct in the future.  Thus, in deciding whether to award punitive damages, you should consider whether defendant may be adequately punished by an award of actual damages only, or whether the conduct is so extreme and outrageous that actual damages are inadequate to punish the wrongful conduct.  You should also consider whether actual damages, standing alone, are likely to deter or prevent this defendant from similar wrongful conduct in the future, or whether punitive damages are necessary to provide deterrence. Finally, you should consider whether punitive damages are likely to deter or prevent other persons from performing wrongful acts similar to those that the defendant may have committed.

## IV.    DELIBERATIONS OF THE JURY

Ladies and gentlemen of the jury, that concludes the substantive portion of my instructions to you.  You are about to go into the jury room and begin your deliberations.  I will now give you a few final instructions on those deliberations.

### A.    Selection and Duties of Foreperson

It is customary for Juror Number 1 to serve as the foreperson, and that is what we will do here.  The foreperson doesn't have any more power or authority than any other juror, and his or her vote or opinion doesn't count for any more than any other juror's vote or opinion.  The foreperson is merely your spokesperson to the court.  The foreperson will send out any notes, and when the jury has reached a verdict, the foreperson will notify the marshal that the jury has reached a verdict, and you will come into open court to present the verdict.

**B.      Right to See Exhibits and Hear Testimony; Communication with the Court**

All of the exhibits admitted into evidence will be sent to the jury room with you.  If you want any of the testimony read, you may request that.  Please remember that it is not always easy to locate what you might want, so be as specific as you possibly can be in requesting portions of the testimony.

Your requests for testimony – in fact <u>any</u> communications with the Court – should be made to me in writing, signed, dated, and timed by your foreperson, and given to one of the marshals.  Please make any notes as clear and precise as possible.  Do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached and announced in open court.

**C.      Notes**

Some of you have taken notes periodically throughout this trial.  I want to emphasize to you, as you are about to begin your deliberations, that notes are solely to assist you as an aid to your memory.  Do not share your notes with other jurors during deliberations.  Notes that any of you may have made may not be given any greater weight or influence than the recollections or impressions of other jurors, whether from notes or memory, with respect to the evidence presented or what conclusions, if any, should be drawn from such evidence.  All jurors' recollections are equal.  If you can't agree on what you remember the testimony was, you can ask to have the transcript read back.

**D.      Duty to Deliberate; Unanimous Verdict**

Shortly, you will retire to decide the case.  You are not to discuss the case unless and until all jurors are present.  A majority of jurors together are only a gathering of individuals.  Only when all jurors are present do you constitute the jury, and only then may you deliberate.

You must base your verdict solely on the evidence and these instructions as to the law, and you are obligated on your oath as jurors to follow the law as I instruct you, whether you agree or disagree with the particular law in question.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement.  Each of you must decide the case for himself or herself, but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous.  Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor for either party, and adopt that conclusion which in your good conscience appears to be in accordance with the truth.

Again, your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors.  Each of you must make your own decision about the proper outcome of this case based on your consideration of the evidence and your discussions with your fellow jurors.  No juror should surrender his or her conscientious beliefs solely for the purpose of returning a unanimous verdict.

Remember at all times, you are not partisans.  You are judges—judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.  Nothing said in these instructions and nothing in any verdict form prepared for your convenience is meant to suggest or convey in any way any suggestion or hint as to what verdict I think you should find.  What the verdict shall be is your sole and exclusive duty and responsibility.

If you are divided, do *not* report how the vote stands and if you have reached a verdict do not report what it is until it is presented in open court.

31

### E.      Verdict Form

In a few moments, I will give you the verdict form with the questions for you to answer and you will retire to deliberate on your decision.  The questions are not to be taken as any indication that I have any opinion as to how they should be answered.  I have no such opinion, and even if I did, it would not be binding on you.

You should answer every question except where the verdict form indicates otherwise.  You should also proceed through the questions in the order in which they are listed.  Remember, all answers must be unanimous.

### F.      Return of Verdict

After you have reached a verdict, your foreperson will fill in the verdict form that has been given to you, you will all sign and date it, and your foreperson will advise the marshal outside your door that you are ready to return to the courtroom.

I stress again that each of you must be in agreement with the verdict which is announced in court.  Once your verdict is announced and officially recorded, it cannot ordinarily be revoked.

## V.      CONCLUSION

In conclusion, ladies and gentlemen, I am sure that if you listen to the views of your fellow jurors, consider all of the evidence, apply your own common sense, and follow my instructions on the law, you will reach a fair verdict here.  Thank you for your time and attentiveness.



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DARWIN COLUMNA,

                    Plaintiff,

        -against-

NYPD OFFICER GENNER GOMEZ and
NYPD DETECTIVE PEDRO ROMERO,

                  Defendants.

Case No. 19 cv 3801 (JLR)

JENNIFER L. ROCHON, United States District Judge:

## VERDICT FORM

**First Cause of Action: False Arrest**

**Question 1**:

Has plaintiff proved by a preponderance of the evidence that Mr. Columna was falsely arrested on April 26, 2016, by:

    (a) Police Officer Genner Gomez:    Yes _____     No ____✓_____

    (b) Police Officer Pedro Romero:    Yes _____     No ___✓_____

*If you answered Yes to either Question 1a or 1b, proceed to Question 2.*
*If you answered No to both Questions 1a and 1b, your deliberations are finished*
*and you should proceed to page 5 to sign the verdict sheet.*

**Question 2:**

(a)    Has plaintiff proved, by a preponderance of the evidence, that he is entitled to compensatory damages for his false arrest claim?

    Yes _____     No _____

(b)    If you answered YES to Question 2a, please write the amount of compensatory damages on the line below that Plaintiff has proven that would fairly and adequately compensate Plaintiff for any injuries proximately caused by his false arrest.

    $_____

(c)    If you did not award any compensatory damages to plaintiff on his false arrest claim, please enter a nominal damages award of $1.

    $_____

*(Please proceed to Question 3)*

**Second Cause of Action: Malicious Prosecution**

**Question 3**:
Has plaintiff proved by a preponderance of the evidence that Mr. Columna was maliciously prosecuted by:

    (a) Police Officer Genner Gomez:    Yes _____        No _____

    (b) Police Officer Pedro Romero:    Yes _____        No _____

*If you answered Yes to either Question 3a or 3b, proceed to Question 4.*
*If you answered No to both Questions 3a and 3b, proceed to Question 5.*

**Question 4:**
(a)    Has plaintiff proved, by a preponderance of the evidence, that he is entitled to compensatory damages for his malicious prosecution claim?

    Yes _____        No_____

(b)    If you answered YES to Question 4a, what amount of money should Plaintiff be awarded in compensatory damages that would fairly and adequately compensate Plaintiff for any injuries proximately caused by his malicious prosecution that he suffered over and above what you have already compensated him for by your award, if any, on the previously considered claim for false arrest?

    $_____

(c)    If you did not award any compensatory damages to plaintiff on his malicious prosecution claim, please enter a nominal damages award of $1.

    $_____

*(Please proceed to Question 5)*

2

**Third Cause of Action: First Amendment Retaliation**

**Question 5**:
Has plaintiff proved by a preponderance of the evidence that Mr. Columna was arrested on April 26, 2016 in retaliation for his exercise of his First Amendment rights, by:

(a) Police Officer Genner Gomez:        Yes _____        No _____

(b) Police Officer Pedro Romero:        Yes _____        No _____

*If you answered Yes to either Question 5a or 5b, proceed to Question 6.*
*If you answered No to both Question 5a and 5b, proceed to Question 7.*

**Question 6:**
(a)    Has plaintiff proved, by a preponderance of the evidence, that he is entitled to compensatory damages for his retaliation claim?

Yes _____          No _____

(b)    If you answered YES to Question 6a, what amount of money should Plaintiff be awarded in compensatory damages that would fairly and adequately compensate Plaintiff for any injuries proximately caused by his first amendment claim for retaliation that he suffered over and above what you have already compensated him for by your award, if any, on the previously considered claims for false arrest and malicious prosecution?

$_____

(c)    If you did not award any compensatory damages to plaintiff on his false arrest claim, please enter a nominal damages award of $1.

$_____

*(Please proceed to Question 7)*

3

**Punitive Damages**

*If you answered YES to <u>any</u> of Questions 1, 3, or 5, please proceed to Question 7.*
*If you did <u>not</u> answer YES to <u>any</u> of Questions 1, 3, or 5, you should not answer Question 7, your deliberations are finished, and you should proceed to page 5 to sign the verdict sheet.*

**Question 7**:

(a)    Has plaintiff proved by a preponderance of the evidence that he is entitled to punitive damages from the defendant as to whom you answered YES to any of Questions 1, 3, or 5?

i.    Police Officer Genner Gomez:    Yes _____        No _____

ii.    Police Officer Pedro Romero:    Yes _____        No _____

(b)    If you answered YES, please write the amount of punitive damages, if any, you award as to each defendant to be paid to the Plaintiff:

i.    Police Officer Genner Gomez:    $_____

ii.    Police Officer Pedro Romero:    $_____

*(Please proceed to the last page, page 5)*

4

**You have completed all questions.  Please proceed to the signature line below.**

**SIGNATURE LINE**

Foreperson and other jurors, please sign and date the verdict sheet.  Then, without disclosing your verdict, advise the Marshal, that you have reached a verdict and are ready to return to the courtroom to announce your verdict.



Dated:     3/30/23

5